NAME

PRISON NUMBER

CURRENT ADDRESS OR PLACE OF CONFINEMENT

CITY, STATE, ZIP CODE



**FILED**

MAY 2 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

TED DARNELL DANIELS
(FULL NAME OF PETITIONER)

PETITIONER

v.

V. Almager, Warden
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])
&
James Tilon, Director,   RESPONDENT
and

Jerry Brown , Attorney General

The Attorney General of the State of
California, Additional Respondent.

Civil No _____

'08 CV 0961 IEG NLS

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
   San Diego Superior Court

2. Date of judgment of conviction:   7/27/01

3. Trial court case number of the judgment of conviction being challenged: SDC-149951

4. Length of sentence:   55, to life a Three Strike Sentence

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date:  3/22/00  to 2053

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
   second degree P.C.459, and three count of asault the weapon being
   a vehicle P.C.245,(a)(1), and Evading an Officer,V.C.2800.2, they
   further found one possible <u>Strike Felonies</u> which is the subject of
   this Petition.

7. What was your plea? (CHECK ONE)     (see Exhibit "A", P.29)

   (a) Not guilty      [X]

   (b) Guilty          [ ]

   (c) Nolo contendere [ ]

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

   (a) Jury            [X]

   (b) Judge only      [ ]

9. Did you testify at the trial?

   [X] Yes  [ ] No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?

    [X] Yes  [ ] No

11. If you appealed in the **California Court of Appeal**, answer the following:

    (a) Result:  Affirmed

    (b) Date of result (if known):  2/26/03

    (c) Case number and citation (if known): D038444

    (d) Names of Judges participating in case (if known): Justice Kremer and Associate
        Justices Huffman and McIntyre.

    (e) Grounds raised on direct appeal:
        Insufficient evidence to support assault w/deadly

12. If you sought further direct review of the decision on appeal by the **California Supreme
    Court** (e.g., a Petition for Review), please answer the following:

    (a) Result:  on Direct Affirmed /
                 Petition for Review,

    (b) Date of result (if known):  5/14/03

    (c) Case number and citation (if known): S114808

    (d) Grounds raised: (1) Insufficient evidence to support assault w/deadly

CIV 68 (Rev. Jan. 2006)

cv

13. If you filed a petition for certiorari in the __United States Supreme Court__, please answer the following with respect to that petition:

   (a) Result:

   (b) Date of result (if known):

   (c) Case number and citation (if known):

   (d) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the __California Superior Court__?
   [X] Yes [ ] No

15. If your answer to #14 was "Yes," give the following information:

   (a) __California Superior Court__ Case Number (if known):  SDC 149951

   (b) Nature of proceeding:  Motion For Modification of Setence and Petition of Habeas Corpus,

   (c) Grounds raised: (1) Ineffective Assistance of Trial and Appellate Counsel. (2) The issue as this petition, The Sentencing Statue Does Not Permit The Sentence Give By Trial Judge, (3) and was Denied process, because Trial Court Did Rely on Inaccrate And unreliable Information In Sentencing.

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
      [ ] Yes  XX No

   (e) Result: considered by Presiding Judge A.T. Harutunian III, and denied.

   (f) Date of result (if known):  ground (1) IAC, is the Petition, in 12/7/04, and ground (2) and (3) was the Modification Motion in 4/10/08, was denied, because the Court no longer as Jusdiction to consider Motion.

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the __California Court of Appeal__?
   [X] Yes [ ] No

9/13/07 number D051173, considered by Justices          , That the Petition is procedurally barred because it is untimely and petitioner has not established an exception to the procedural bar.(In re Clark (1993) 5 Cal. 4th 750, and To the extent petitioner relies on Cunningham v.California (2007) 127 S.Ct.856, the petition is denied because Cunningham does not apply retroactively to cases such as petitioner that were final when Cunningham was decided. (see Exhibit "A", P.41)

cv

17. If your answer to #16 was "Yes," give the following information:

   (a) **California Court of Appeal** Case Number (if known): D051173,

   (b) Nature of proceeding:  Petition for Writ of Habeas Corpus

   (c) Names of Judges participating in case (if known)  Huffman,Haller and O'Rourke.

   (d) Grounds raised: The Trial Court Violated The prohibition Against Ex-Post Facto Laws as Applied To Appellant's Appellant's Prior offens In 1983, They were Not Serious Felonies Unless Appellant Personall Used A Weapon or Inflicted Great Bodily Injury.

   (e) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes ☒ No

   (f) Result:  Justices denied.

   (g) Date of result (if known):  9/13/07


18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

   (a) **California Supreme Court** Case Number (if known):  S130029 / S157533

   (b) Nature of proceeding:  Petition for Writ of Habeas Corpus

                  (3/2/05)
   (c) Grounds raised: Ineffective Assistance of Trial and Appellate Counsel.
(4/23/08) The Sentencing Statue Does Not Permit The Sentence Give By Trial Judge, And That Sentencing Statue Permitting The Sentence By The State Is Unconstitutional Invalid. and (2) and was Denied process, because Trial Court Did Rely on Inaccrate And Unreliable Information In Sentencing


   (d) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes ☒ No

   (e) Result:  Denied,(3/23/05) and (4/23/08, denied with a one liner.)

   (f) Date of result (if known):  3/23/05 and 4/23/08,

                  (see Exhibit "A", P. 43,44,)


CIV 68 (Rev. Jan. 2006)

cv

**20.** If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☐ Yes ☒ No        (IF "YES" SKIP TO #22)

    (a) If no, in what federal court was the prior action filed?  That Court Southen District
      (i) What was the prior case number?  04-CV-1637-DMS-(WMC)
      (ii) Was the prior action (CHECK ONE):        (see Exhibit "A", 27 to 38)
            Denied on the merits?  ☒
            Dismissed for procedural reasons?  ☐
      (iii) Date of decision:  1/9/07
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
    ☐ Yes ☒ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
    ☐ Yes ☒ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

### GROUNDS FOR RELIEF

22. **State** *concisely* **every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize** *briefly* **the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

  (a) **GROUND ONE**:   The Sentencing Statue Does Not Permit The
Sentence Give By Trial Judge, And That Sentencing
Statue Permitting The Sentence By The State
Is Unconstitutional Invalid.

**Supporting FACTS**:

Because Petitioner's Current Offense was committed before the effective date of **Proposition 21**, became effective as of March 8, 2000, at 12:01, a.m., making Petitioner's one and only secon-degree Purse snatching robberies ripe for the "Three Strikes Law", as amended as such that "**any and all robberies – including unarmed second-degree and "Estes type robbey" can now be alleged as** Strikes in a Prosecutions for offenses committed on or after March 8, of 2000, .

Therefore, The Trial Court applied the change in the Law **retroactively** making the **punishment for unarmed robberies** more **onerous**, by substantially lengthening Petitioner's Prison term from the maximin exposure of 17, years to 55, years to Life, that disadvantaged Petitioner and violated the prohibition against **ex-post-facto** punishment". A invalid sentence obtained in violation of procedural **guaranties protected** against State invasion through the **Fourteenth Amendment**, was rendered in violation of due process. (see attached, POINTS AND AUTHORITIES IN SUPPORT OF PETITION

The Fourteenth Amendment Due Process clause has been interpreted by the United States Supreme Court as making most of the first ten amendments' protections apply to state govenment actions.

**Did you raise GROUND ONE in the California Supreme Court?**

  ☒ Yes ☐ No.

    If yes, answer the following:

    (1)  Nature of proceeding (i.e., petition for review, habeas petition):

    (2)  Case number or citation:   S157533 / Petition

    (3)  Result (attach a copy of the court's opinion or order if available): (see attach "A", P. 43,

**(b) GROUND TWO:**

Petitioner's was Denied Due Process,
Because Trial Court Did Rely on Inaccrate And
Unreliable Information In Sentencing

**Supporting FACTS:**

The Trial Court's sentence was based on untrue and unreliable information information admitted during the sentencing phase in violation of his due process rights. **Here**, where in this case, Judge at sentencing of July 27,2001, **expressed** her belief of Petitioner's **"guilt"**, based on her reading of **Inaccurate** and -- **unreliable** information the uncertified copies of People Exhibit number (4),

That was received by Court July 20, 2001, (see Exhibit "A " PT 4".)

That Petitioner's  had onec live and Peroled in the City of San Diego in (1992), that is what the Department of Corrections Documents indicate.

(Declare)    5-25-08

I Petitioner Ted D.Daniels, declare under the Laws and penalty of perjury of the United State of American, that the foregoing is **"NOT TRUE"**, I Petitioner have never lived or Paroled" in the City of San Diego, *Ted D. Daniels*

Here, in it self from the People other Exhibit number 33, from 84,pages of the Clerk Transcript the record of Department of Corrections, Chronological History that serve as a close and persistent tracking of Parole, here on page- -218, That fact that I Petitioner's in 1992, Paroled to the City Long Beach "Region two. (see attached Exhibit "E" page 218,) (915 F.2d,1396.9th.Cir.)

**Did you raise GROUND TWO in the California Supreme Court?**

[X] Yes [ ] No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition):

(2)    Case number or citation:  S157533 / same Petition

(3)    Result (attach a copy of the court's opinion or order if available):

**(c) GROUND THREE:**              The Three Strikes Law
                           Is Unconstitutional Applied
                              To Petitioner's Case.


**Supporting FACTS:** Petitioner's purse snatching **strong-unarmed robbery** "Do not have" the "extra" element to prove the missing **assaultive** element of Robbery which make a prior a **Strike,** . The Trial Judge relies entirely upon the Preliminary hearing and a piece of a certain old Court record with a minor amignity in the charging documents, **but** excluded the transcript of the **ensuing** trial (**see Exhibit "A",**), even though the trial had resulted in Petitioner's being found guilty of second degree robbery, the victims did not claim physical injury at the **ensuing** Trial, merely, that the purse handle snapped off.

Did not pass the **"reliable reflection"** the test of <u>Reed? 13 Cal.4th 217,</u> to prove the missing assaultive element of Robbery which make a prior a Strike,

Such as <u>Assault</u> and <u>Burglary</u> these Penal Code convictions include differeet degree including both Strike offense, and not strike offense, even if the Prior convictions has the same name, like <u>Assault</u> or <u>Burglary</u> therefore, the State much prove that the prior is the Strike type, instead of the non-strike type dispite of the Prior having the same name or being called prior conviction.

Assault § 245 (a)(1), In People v.Rodrequez (1998) 17 Cal.4th 253 at 261, the Court held: one may violate § P.C. 245 (a)(1), Assault in two ways that would not <u>qualifiy</u> as a serious felony: **under** § P.C. 1192.7,(c).

Such as and <u>Burglary</u> the <u>Residential</u> nature of a Burglary, or whether an <u>Assault</u> invalved personal Weapon use. However, Assault by means of force likely to produce <u>GBI,</u> also included in Penal Code § 245 (a)(1), **is not a felony Strike.**

<u>Robbery is a Reference to a Statute, not a description of conduct,</u> is not a enough to show that Petitioner's violated the Statute in a way which **defind** a Strike, Because Assault is an included element of Robbery, 50 Cal.App.4th 759, The Court held robbery is both assaultive and larcenous: 35 Cal.App. 264. The

**Did you raise GROUND THREE in the California Supreme Court?**

[X] Yes [ ] No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition):  Habeas Petition

(2)  Case number or citation:  S157533

(3)  Result (attach a copy of the court's opinion or order if available):

**Supporting FACTS**: ––– Court held: Robbery is a compound felony which includes all elements of both <u>theft</u> and <u>assault.</u>

By making all Robbery serious or violent they also violated the Federal Constitution as deter determined by the U.S. Supreme Court, Because it relieve the <u>Prosecution</u> of it burden of proving **beyond a resonable doudt that the force or fear element "Match" the definition of serious or violent** assault of 245 (a) (1), with every Robbery that is found to be a Strike.

So to make all Robbery a Strikes **Is Unconstitutional**, Because can be committed in more than one way, just as Burglary and Assault can. <u>Barnyard and Ramirez 365 F.3d 735 768 (9th. Cir. 2004). (see Exhibit "C",)</u>

## Underlying Facts And Charges

At the time of Judgment, an error of facts existed, the fact does not appear in the record and does not involve the **merits** already tried or **admitted** by the Petitioner. The facts relied on are dehors the record, and their effect on the **sentence** was not open to **considertion** and **review** on appeal.

Because often the only dispute regarding a prior is whether it **Qualifies** as a **Strike** felony, and because that **decision** was made by the **Trial Judge, and not Jury,** Therefore, the issue of whether the prior qualified was **held** in conjunction at the sentencing hearing. And those hearing transcript will be incorporated as facts as they relate to the issues presented for review, with references to the record and transcript or part of **Appellate Court Records From** (People v.Daniels D038444) And (People v.Daniels B006312)

## FACTS

On, 12/28/1999, Petitioner was arraign and **Posted Bail.** On March 12,2000, the Preliminary Hearing was held, petitioner was informed at that time of a **17,** years **maximin exposure.** On March 22,2000, at the next staus conference, The Prosecutor motion the Court for a **Bail—increase,** because of a change in **circumstances,** that now it is a **Strike** case. (see Exhibit"B").

On June 7,2001, following a Criminal Trial in the San Diego Superior Court a Jury found Petitioner guilty of second degree Commerial burglary P.C.459, and three count of asault with a deadly weapon the weapon being a vehicle P.C.245, (a)(1). and Evading an Officer,V.C. 2800.2,they further found that Petitioner had been convicted of one possible **Strike felonies** which is the subject of this present Petition, P.C. 667 (b)-(i), Three Strikes Priors P.C. 211 x 2 as Alleg-

That Petitioner was convicted of two counts from the 1983, inciden same occasions, count one and two. A Purse snatching strong-unarmed robbey's took place in a restaurant parking lot,there was three (3) defendants and two (2) victims in a parking lot, one (1) defendant snatching a purse from one (1) victim an ran and one (1) other defendant snatch the other victim purse and ran. the third defendant was setting in the car. **Here** , the Trial Court erred when it just relied entirely upon the prior preliminary hearing transcript.

Instead, the Prosecution seeking an did benefil from certant old Court record and from a minor amignity in the prior crimes charging documents, from the earlier conviction, but excluded the Transcript of the ensuing Trial.

The Trial Judge relies on statements made out of Court, that the Court had receive into evidence on the day of sentencing, that Petitioner has no opportunity to meet.    (see Exhibit "D", for Sentencing transcript)

(attach,"1")

## PROOF THAT PRIOR CONSTITUTES STRIKE FELONY
### FOR THE THREE STRIKE LAW

In determining whether a prior conviction qualifies as a prior serious felony conviction, the trier of fact may look to the entire record of the conviction but no further, People v.Woodell (1998) 17 C4th 448, (Guerrero,44 C 3d at 355, This means the Prosecution may not relitigate the Circumstances of the prior evidence is limited to the record of the prior. The record of the conviction has been **defined. About** the only part of a probation report that is admissible to prove the conduct involved in the underlying offense is the defendant's own statement, People v.Reed (1996) 13 C4th 217, **Not** even all transeript of testimony from the record of the prior are admissibe. **Reed's** approcal of the Preliminary Examintion, Transcipt is **distinguishable** because in **Reed** the Preliminary Hearing was followed by a quilty **Plea.** People v.Houck (1998) 66 C4th 350,

The Preliminary Examintion is **not** a document of conviction where a defendant was convicted in a **Jury Trial,** Because it is not reliable as to what evidence was presented to, or relied on by the Jury in reaching its verdict".

Although the Supreme Court in **Maleng 490 US 488,(1989)** expressly reserved the issue of whether a prisoner can attack his current sentence by challenging the Constitutionality of an earlier fully satisfied conviction if the earlier conviction was used to enhance his current sentence, at 109 S.Ct.at 1927,

Conclusion in **Gamble v.Parsons, 898 F.2d 117,** follows from the result in **Maleng** because there the Court allowed the defendant to continue with his habeas action after construing it to be directed at his existing (second) sentence, even though the ultimate question raised was the constitutionality of the prior conviction that was used to enhance the existing sentence. Id. at 118.Maleng stated that an expired conviction cannot be attacked merely because of the Possibility that the prior (expired) conviction will be used to enhance the sentences imposed for any subsequent crimes of which (the Petitioner) is convicted." 490 US. at 492, However, when the possibility has come to pass and a Petitioner's present incarceration is based in part upon an earlier conviction, the "in Custody" requirement is satisfied such that the prior conviction may be challenged in a habeas action, additionally, the district court correctly noted that a Pro. se Petitioner should be construed **liberally,** and because Collins was appropriate to construe his habeas action as challenging his present confinement even though the essence of his attack was the alleged unconstitutionality of the prior predicate convictions.

(attach,"2")

Standard of Review For State Court
Legal Ruling

    The federal Court reviewed all questions of Law and mixed questions of facts and law de novo. Thompsom v.Keohane (1995) 516 US 99, If the Petitioner's claim was adjudicated on the merits in State court, the federal court may grant federal habeas reli only if the decision was contrary to, or involved an unre - asonable application of, clearly established federal law as determined by the Supreme Court of the United States, or was based on an unreasonable determinat-- ion of the facts in light of the evidence presented in the State Court proceed- ing. 28 USC § 2254 (d)(1). The presumption that the State Court's factual find- ings are correct may be rebutted only by clear and convincing evidence 28 USC - § 2254 (e)(1), Torres v.Prunty (9th. Cir.2000) 223 F.3d 1103., Hall v.Director of Corrections (9th Cir 2003) 343 F.ed 976, Avila v.Galaza (9th Cir 2002) 297 F.3d 911, If the Petition has failed to develop the factual basis for the claim, the phrase "failed to develop" implies lack of diligence or some other fault on the the part of Petitioner or the Petitioner's attorney. Williams v.Taylor(2000) 529 US 420, Therefore, if the district court concludes that the failure to dev- elop the facts in the State Court is not that of the Petitioner. It next consid- ers whether an evidentiary hearing is appropriate or rquired under Townsend v.- Sain (1963) 372 US 293, . Engle v.Isaac (1982) 456 US 107, But if state law, whether statutory or decisional, creates a lider interest protected by the fed- eral due process clause, or if the error in interpretation or application of state law is so egregious as to offend federal due process standards, federal habeas relief may be available. Carter v.Kentucky (1981) 450 US.288,.

    The exhaustion requirement does not apply when state remedies are unavaia- ble or inadequate. 28 USC § 2254 (b)(1)(B), In Engle, if the claims in the Petition cannot be presented to the State Court because they are procedurally barred under State law, they are considered exhausted. Coleman v.Thompson (1991) 501 US 722, When a state prisoner has defaulted on his federal claims in state court because of an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the petitioner can demonstrate actual Prejudice to the Petitioner's case as a result of the alleged violation of federal law, And failure to consider the claims will contenue to result in fundamental misscarriage of Justice. Coleman v.Thompson (1991) 501 US 722,

    Habeas Rules 7, clarify that the record can be expanded in lieu of, or as a complement to, an evidentiary hearing. If a petitioner exercised "dilegence" in his efforts to develop the factual basis for the claims in state seeks to

1  add to the <u>record</u> are <u>relevant.</u> <u>Cooper-Smith v.Plamater</u> (9th. Cir. 2005) 397
2  <u>F. 3d. 1236, 1241.</u> If the Petitioner cannot establish diligence in trying to
3  develop the record in state Court, the Petitioner must show that the request to
   expand the record is allowed under 28 USC § 2254 (e)(2). 397 F.3d at 1241.
4     Under 28 USC § 2254 (e)(2), **could not have been previously discovered**
5   **through the exericise of due diligence.** In <u>Hasan v.Galaza</u> (9th. Cir. 2001)
6  <u>254 F.3d 1150, 1154,</u> the Ninth Circuit held but the Date on which he became
    aware of facts that allowed him to assert in objective good faith that he was
7   Prejudiced by counsel's deficient performance.
8     The court therefore remanded the case to the distrit court to determine
9  when the petitioner **exercising** <u>**due**</u> <u>**diligence**</u>, could have discovered the facts
   that allowed him to claim prejudice. (see Petitioner's attach Affidavit).
10              **Actual Prejudicial And A Fundamental**
11              **Miscarriage of Justice**
12    The Court should consider this Petition, Because the sentence was obtained
13 in violation of Due Process, a procedural violation which effectively denied the
   Petitioner's his fundamental rights under the U.S. Constitution. And if not
14  consider the Claims will continue to result in a Fundamental Miscarriage of
15  Justic, by increase <u>Punishment</u> for acts that were committed before the enact –
   ment took effect, disadvantaging Petitioner's by substantially <u>lengthening</u> his
16 <u>Prison</u> <u>term</u> from the Maximin exposure of <u>17</u>, years by law, without the one and
17 only <u>Strike</u> felony prior incident, and created a State Trial Court <u>interest</u> to
18 enhance a <u>44</u>, years old man at the time of sentencing to a <u>55</u>, years to the
    rest of his life, to an indeterminate sentenced, that Petitioner's will be<u>"99"</u>
19  years old when he does parole, that exceeds the normal life expectancy.
20  miscarriage of justice. <u>Coleman v.Thompson</u> (1991) 501 US 722,,111 S.Ct. 2546.
21    The United States Supreme Court could not have been clearer in stating
22 That The Inquiry Is Not Whether A Prisoner Has Engaged In Any Parficular **Conduct**
   But Instead Whether The Objective Consequences Of The Change In The Law **Lengthen**
23 The Amount Of Time He Must Spend In Prison. <u>Lynce v.Mathis, suprs (1997)  519</u>
   <u>US 433, 117 S.Ct. 891, In re Lomax 78 CR,2d 220 (1998),</u>.
24              **Changes In Sentencing Law**
25    Sentencing is controlled by the statutes effective on the date of the
26 commission of the crime. US. Const art I § 10, Cal. Const art I § a, <u>People v.</u>
   <u>Simpson</u> (1986) 186 C.A. 3d 1125,1127, 231 CR,200. Consequently, it is often
27 necessary for attorneys to be aware of the effective date of new sentencing
28 legislation so that they can ascertain what sentencing Rules were in effect at

                    (attach,"4,")

1  the time of the crime . People v.Nava (1996) 47 C.A 4th 1732, 55 CR? 2d 543.

2  See § 667 (b)-(i)(1996), 667.5 (1996). In Ramirez v.Castro (9th Cir. 2004)

3  365 F.3d 755, that in (2000) well after Ramirez was convicted and sentenced,
   the Three Strikes Law was amended such that "any robbery" is now a "violent "

4  "felony" for purposes of a Three Strikes sentence. See § 667 (d)(i) (2000), &

5  667.5.(2000). Note; as a felony listed in Penal Code § 667.5 (c)(violent felony)
   or Penal Code § 1192.7,(c) (srious felony) on June 30,1993. see Penal Code §

6  §667 (h); Proposition,184,§ 2; People v.Nava (1996) 47 C.A. 4th 1732,L735, 55

7  CR,2d 543. Proposition 21, enacted March 7,2000, added a number of additional

8  crimes to the serious and violent felony lists, and explictely Provided that
   Prior convictions for these offenses can be alleged as strikes in Prosecutions

9  for offenses committed on or after March 8, 2000. People v.James (2001 ) 91 C.A.

10  4th 1147, 111 CR,2d 292, Concluding that application of Penal Code sec tion §

11  667 (a), to prior convictions suffered before the effective date of Pr oposition

12  21, would violate the Prohibition against Ex post facto Laws, the Trial court
    Struck the allegations that defendant had two prior strikes.(see Exhibit, ("C") .

13  Petitioner's was Denied Due Process,
    Because Trial Court Did Rely On Inaccrate And
14  Unreliable Information In Sentencing
    The Trial Court's sentence was based on untrue and unreliable information,

15  information admitted during the sentencing phase in violation of his due process

16  rights. Here, where in this case, Judge at sentencing of July 27,2001,expressed

17  her belief of Petitioner's guilt", based on her reading of Inaccurate and unre-
    liable information the uncertified copies of People Exhibit number (4), That

18  was received by Court ,(see Exhibit "F," 16 RT,P.924,) and that Petitioner's had

19  onec live and Peroled in the City of San Diego in (1992),. and(Exhibit "A", 3 & 4,)

20  (Declare)

    I am the Petitioner in the above entitled action and if called to testify

21  to the within information, I could do so based facts of this informatio-m, that

22  the foregoing is "NOT TRUE", I Ted D.Daniels, have never lived or Parol ed" in

23  the City of San Diego, I declare under the Laws of the State of Califo rnia and
    the United State of American, that the foregoing is true and correct.

24  Executed this 25 day of May at Centinela State Prison, _Ted D. Daniel_

25  Here, in it self from the People Exhibit number 33, from the 84, pages of

26  the Clerk Transcript the record of Department of Corrections, Chronolog(ical  -
    Historu that serce as a close and persistent tracking of Parole, here on page

27  218, That fact that I Petitioner's in (1992), Paroled to the City Long Beach

28  CA, "Region two. (see attached Exhibit "E" page 218).

    (attach,"5",)

(Argument)

The Law;

The Court have developed a two prong test which which criminal defendants must meet to show a due process violation. The defendant must (1) that the ahallenged information is "materially False' or unreliable. Farrow v.US.580 F.2d 13-39 (9th Cir. 1978) and (2), that the Sentencing Judge relied, at least in part, on this information. US. v.Rachels, 820 F.2d 325 (9th Cir. 1987) citing US. v. Gonzales, 765 F.2d 1393 (9th Cir. 1985) 106 S.Ct. 826, If the Court State on the record that it excluded certain information from consederation when making the the sentencing decision, the reviewing Court must take such statements at face value.Gonzales 765 F.2d at 1397,) Oxborrow, cites petition for a writ of habeas corpus, in that, (1) the Trial Court's sentence was base on untrue and unreliable information admitted during the sentencing phase in violation of his due process rights.      Here, Again Petitioner would like In
Support of the factual and legal basis, That
Constitutes Strike Felony

In the 1983, Prior Trial incidence the District Attorney Mr.Shapiro Closing Argument the evidence is all supporting in the Proseution theory and facts as recorded and the verdict form does not confirm the requisife factual findings. (see Exhibit "D"), Under the evidence set out in the prior incident, is a close question whether such taking constituted "Robbery or Grand Larceny."

And because, the victim's did not claim physical injury at the ensuing - Trial, merely that the purse handle snapped off. Also supports a conclusion the crime was theft but not a Strike Robbery, at that time.    And Petitioner also argues for supported by the fact that in 1983, the States offered Petitioner and his co-defendant a deal of two years imprisonment in exchange for guitly plea of Grand Theft Person, therefore the Prior Trial Court was unreasonable not to instruct sua-sponte on theft as a lesser included Offense. (also Exhibit "D",)

The United States Supreme Court Could not have been clearer in stating that the inquiry is not whether a Prisoner has engaged in any particular conduct but instead whether the objective consequences of the change in the Law lengthen the amount of time he must send in Prison. Lynce v.Mathis, supra 117 S.Ct.at p. 896, 897.).

See Affidavit
Of Ted D.Daniels In Support of
Subsequent Petition On Sentencing

(attach,"6")

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court:

    (b)  Case Number:

    (c)  Date action filed:

    (d)  Nature of proceeding:

    (e)  Name(s) of judges (if known):

    (f)  Grounds raised:

    (g)  Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing . . . . . . . . Daryl Dworakowski,

    (b)  At arraignment and plea . . . . . . . Roy Gunner Deputy Alternate Public Defender
                         765 Third Ave 305 Chula Vista, CA 91910

    (c)  At trial . . . . . . . . . . . . . . . . . . . . Cynthia Bolden, Deputy Public Defender
                         233 "A" Street, San Diego, CA 92101

    (d)  At sentencing . . . . . . . . . . . . . . Cynthia Bolden, P.D., same.

    (e)  On appeal . . . . . . . . . . . . . . . . . Lizabeth Weis, 2240 "F" Street, San Diego
                         CA 92102

    (f)  In any post-conviction proceeding . In Pro. Per.

    (g)  On appeal from any adverse ruling in a post-conviction proceeding:

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
[X] Yes    [ ] No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
[ ] Yes    [X] No

    (a)  If so, give name and location of court that imposed sentence to be served in the future:

    (b)  Give date and length of the future sentence:

    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        [ ] No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

[X] Plaintiff consents to magistrate judge jurisdiction as set forth above.

        **OR**

[ ] Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court:

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_5-25-08_        _Ted A. Daniel_
(DATE)               SIGNATURE OF PETITIONER

Affidavit of Petitioner's
Ted Darnell Daniels

**Affidavit And Declaration of**
**Ted D. Daniels In Support of Subsequent**
**Petition On Sentencing**

I, Ted D. Daniels, DECLARE UNDER PENALTY OF PERJURY;
I am the petitioner in the above entitled action and if called to testify
to the within information, I could do so based on my knowledge of this informa-
tion within. I Petitioner acting with due diligence to offered and explained
why the claims was not raiaed earlier. Here, during the eight years Petitioner
has been Imprison, he has diligently done everything an uneducated layman at law
person could do to bring his illegal sentened to the attention of the courts,
under Ineffective Assistance of Trial Counsel and Appellate Counsel, with all
Courts deciding Petitioner's Petitions stated no cause of action has failed to
Present aPrima facie case upon which relief can be granted under <u>Strickland.</u>

Bewildered by Court processes and the unfamiliar world of post-conviction
review. Here, Petitioner was working on establishing this claim of <u>Prosecutor</u>
<u>Misconduct"</u>, While Petitioner did not specifically challeng that claim, but for
not being able to obtain the particular evidence at the time which Petitioner
would had need to have the final Judgment overturn. Due to Petitioner not admi-
tting to the Prior convictions, and the Trial Judge would not accept Petitioner,
Once in Jeopardy Plea to the Prior convictions in open court, I Petitioner want-
ing to maintain my innocence to the Prior conviction for sentencing.

The Prosecution was required to prove beyond a resonable doudt that Petiti-
oner's had suffered the convictions. After petitioner's testimony the trial
Court granted the people's Motion allowing the Jury to examine People's Exhibit
29, through 37, which included and pertaining to Petitioner's Criminal History.

At that time Judge Kaneshiro reguested to see both Counsels in Chamber.(see
attach here as Exhibit, A-2, from 14, RT, 782). Before Leaving the Prosecutor
handed jury number one a **stack of foger** about 8-inches in thickness, As I Peti-
tioner remain seated at defenses counsel "Table," abserving closely for Jury
reaction, as they look upon Petitioner for over an hour half, before the Jury
left the Box to deliberate, feeling that I was not receiving a fair trial and
this was not right for the Jury to be viewing Perjudicial Materials, the Jury
convicted Petitioner of all counts. After the conviction and at Petitioner's
sentencing on July 27, 2001, Judge Keneshiro expressed her belief of Petitioner
<u>"guilt"</u>, based on her reading of **Inaccurate and Unreliable** information, the
uncertified Copies of people Exhibit number four (4) see Exhibit "A" P.3,

Curious about why my Trial Counsel would present Prejudice and damaging
information that is materially <u>"FALSE"</u>,

(1)

1  that help cause the Judge to imposed a life sentence.(see 16 RT, 940) as - - -
2  as Exhibit,(A=4) That she read Petitioner had once "Lived and Paroled" in the
   City of San Diego. "That is not True!"
3      August 29,2001, I Petitioner Correspond with Appellate Counsel Ms.Weis and
4  informing her of all the "Frustrated" betweet Trial Counsel and I Petitioner,
   and what issues I think that should be raised, and ask did she received the
5  Court Exhibit number (4) ?, She saying No, but will see what she can do".
6                        Counsel Abandonment
7      Sometime and early March 2003, Appellate Counsel Corresponded an inform I
8  Petitioner that the Appeal Court disagreed with her argument, and I Petitioner
   had two potential appellate remedies available a Petition for Review would there
9  fore needed to be filed between March 28, and April 7,2003, and Please note that
10 should I Petitioner decide to pursue in Federal Court System, I Petitioner would
   need to exhaust the Tnsufficient Evidence claim that she raised by filing a
11  Petition for Review in the California Supreme Court.
12     In about three week later Petitioner received the Transcripts of the matter
13 from Appellate Counsel and the length of the record was about 1,600,pages,
   "But no Court Exhibit number (4)". And at that time Petitioner was reading at
14 about 7.5, grade level and need a Dictionary constantly to under stand the
15  language of law. And at this time I asking this Court for liberal and less
16  stringent standards when evaluating and interpreting the instant documents and
   all supporting attachments and exhibits thereto, including all previous filed
17 documents and attachments.  Althouggh Petitioner is now reading at 12.9, I guest
18 estimating from many hour of attendance in the Law Library in the last eight
19 years, but Petitioner still finding Language to be most challenging,(see Exhibit
   "G,", ). Sometime in the Month of April 2003, I petitioner contacted Appellate
20 Counsel Ms.Weis, She ask I Petitioner how did I make the call ? I Petitioner
21 explain that my Sister made the three way call, I petitioner ask Ms.Weis again
22 about the Court Exhibit number four (4). At that time, Ms.Weis expresse that she
   wish not to disgust on the Phone at that time, that I Petitioner might be reco-
23 rding the conversation and "Hung up".  (see Exhibit "A", P. 5-6,)
24         "On going Investigations While Criminel"
25              Proceeding was Proceeding
26     I Petitioner then proceed with the filing of Review in the California
   Supreme Court April 10,2003, and was denied on May 14,2003, And the early part
27 of the Month of July 2003, I Petitioner received advise to send someone down to
28 Criminal Case Records with power of Attorney Authorize to receive and endorse -

1  on Petitioner's behalf, Ms. Annette Daniels made a Personal appearance at the

2  Court Records office and attempted to obtain a Complete copy of the Exhibit,

Ms.Daniels was informed that the document could not be released to her, that it

3  would required an Attorney to obtain a copy of the documents (see Exhibit "A"7-8-

4  9,)
                      "Not Having An Attorney"

5      In August of 2003, Petitioner consult with and Investigator on trying to

obtain Court Exhibit number four and the content of the Exhibit. I Petitioner

6  explain my contentment, on our second conversation Mr.Beau informed I Petitioner

7  that he consult a Attorney friend of his and he informed him the best way to

obtain the Exhibits was for Petitioner to file a Motion with the Court for Jury

8  information, name, address and telephone number to commuicate with the Jury who

9  convicted Petitioner to obtain affidavits or declarations to the materials read

10 and reviw by Jurors at Trial. ( see Exhibit "A", 10,11,12.)

11                      "Petitioner's No Funds"

       Beauregard Investigations Mr.Beau informed Petitioner's that he is willing

12 to start at a rate of $125,00, per hour and .40 per mile. And needed a $1.200.00

13 as aretainer. Petitioner was unable to obtain the retainer.(see attach. Ex. " ",.

14     September 5,2003, Petitioner make a written reguest to case Records in an

attempt myself to obtain a complete certified copy of the document in Exhibit

15 number (4), with no respond. On November 17,2003, Petitioner advise again to

16 make a third attempt that the copied Exhibit be forwarded directly to myself

17 this office has failed to respond to either written request in violation of Cal.

Goc. Code 6253 (c) the 10 day limitation provided for responding to such regu-

18 sts. On November 10 2003, Petitioner received a letter from the Superior Court

19 of San Diego informing Petitioner that they were inreceipt of Petitioner letter

20 of September 5, 2003, regarding copies of an Exhibit that was used as evidence

21 in Petitioner's Trial and it is assumed that those subpoened documents were

returned to the Prosecutor, as apparently Exhibit number (4) was a People's,

22 (see Exhibit,A-9,). On May 9,2004, still trying to demonstrate Prosecutor Misc-

23 onuct I was again advise to have the Radio Transmissions Tape examen for any

alteration added to the "245" Radio during the pursuit. (see Exhibit "A",13-14)

24     On July 19 2004, and in still trying to getter information on the Purse

25 snatching Prior conviction, and thinking that the Prosecutor handed to one of

the Jury member it the time the Trial Judge granted the people's Motion allowing

26 the Jury to examine People's Exople's Exhibits pertaining to Retitioner's

27  Criminal History, that stack of fogers about 8-inches in thickness, more then

28 any 84,pages that Petitioner received from Appellate Counsel Ms.Weis, that –

                          (3)

1   Petitioner's now here in the Clerk's Transciptt.

2   Still pondering that the Prosecutor taking advantage of appropriate time
by "Bootstraping", Court Exhibit number four as well to the Jury.(see Exhibit,A-15

3   On August 5,2005, in correspondence of Petitioner's letter to the District

4   Attorney Office, Deputy District Attorney James D.Koerber, request more in detail
for documents I Petitioner was seeking. On August 9, 2004, filed a Petition  —

5   with the Southern District Court of California, **Docket number 04-CV-1639-DMS** —

6   (WMC). On Augst 12,2004, I Petitioner send a more detailed letter describing  —

7   Exhibit number four (4) as I Petitioner remember made up of four (4) yellow
foder or four (4) Large Manila Envelope about 2-inches in thickness each.

8   On September 14, 2004, Respondents filed Motion to dismiss Petition under

9   abstention doctrine. On october 6,2004, I Petitioner file a Motion to stay pend-

10  ing exhaustion of unexhausted claim in state court.

11  On January 20,2005, The Magistrate granted the Motion to stay and denied
Respondent's Motion to dismiss.

12  On May 24, I Petitioner was transferred from Calipatria State Prison to

13  RJ. Donovan Correctional Facility.

14  On September 14,2005, I Petitioner filed a Travese.

15  On December 20,2005, The Magistrate Judge filed Report and Recommendation
that Petition be denied.

16  On January 24,2006, I Petitioner filed and Objections to (R & R).

17  On November 30,2006, again I Petitioner was trensferred from RJ.Donvan
Correctional Facility to Centinela State Prison because the Facility was

18  converting to a sensitire-need housing unit for ex-gang member and informant.

19  On December 8,2006, The District Judge Court adopts the (R & R) entirely.

20  On January 3,2007, I Petitioner filed a Notice of Appeal as to and **Certif-
icate of Appealability** with the District Court (see Exhibit,"A",27-38)the opinion).

21  Now I Petitioner Daniels was a relatively new inmate here at Centinela

22  State Prison, and here in the facility law Library communicating and Mingling
with other in looking on the Computer board Wedsite Prison law www.com, which

23  this Prison have, **an was informed by Mr.Mckinely that unarmed and Estes robbery**

24  **was not added to the serious or violent felonies list until March 7,2000, and**

25  **so long as the new offense is committed after March 7,2000, they can be count
as strike.** (see Exhibit "C",).

26  And with that information and remembering, that when My Bail was increas on

27  March 22,2000, and what the Prosecutor said because of the change in circumsta-

28  nces, that now it's strike.  (see Exhibit "B", ) and (Exhibit "A", P.20 to 23).

(4)

1    And pursuing that lead, and with due diligence I Petitioner re-examined
the record for that proceedings, but it was not part of the recrd on Appeal.

2    So on March 9,2007, I Petitioner filed a Motion with the San Diego Superior

3    Court trying to obtain a copy for that **Status Conference** for **March 22,2000,**

4    To received that Transcripts, and in sometime and early February of 2007,
I Petitioner had attemped to obtain a complete copy of the court of Appeal of

5    my prior conviction Trial Transcripts case  B006312, at County Records Center-

6    Archives 222 N.Hill Street, Room 212 Los Angeles, CA 90012, and was informed By

7    the Clerk of the Archives, that, That Division was for the Superior Court of -
L.A. and gave me a phone number and a Appellate Division.

8    I petitioner call a Family member with that information name, number, in -

9    they were able to obtain a complete copy of the 1983, Trial transcript and for-

10   warded directly to I Petitioner here at Centinela State Prison By U.S. Mail at
the address heading this Petition. (see Exhibit "A",P. 24,25,26,).

11   On June 29,2007, after obtain the copy of the Prior Transcript, augmented

12   under the California Rules of Court 12, Petitioner file a Petition with State

13   Court of Appeal. (see Exhibit "A", P. 40).

14   On July 26,2007, Petitioner file a Motion To Permatureily Stay all Proceed-
ings for the **COA** Pending Exhaust of Subseguent Stats Petition with the 9th. Cir.,

15   ·On.August 3,2007, The Ninth Ciruit Court of Appeal, denied the request for

16   a certificate of Appealabilty under § 2253 (c)(2), and all pending motions.

17   On September 13,2007, The States Court of Appeal denied that Petition as
procedurally barred because it is untimely and successive and had not establis-

18   hed an exception to the Procedural Bar under**. (In re Clark 1993, 5 Cal 4th 750),**

19   On August 16,2007, I Petitioner file Petition For Rehearing with The Ninth
Ciruit. On October 24,2007, I Petitioner file a Petition and Declaration with

20   the California Supreme Court of California. (see Exhibit "A" 42, and "A2" 42)

21   On April 23,2008, The Supreme Court of California, **denied** the Petition with

22   a one liner. (see Exhibit "A", P. 43,)

23   At this time Petitioner now filing this instant Petition with this Court,
under 28 U.S.C. § 2254 (e)(ii), a factual predicate that could not have been

24   previously dicovered through the exerise of **due diligence**, the **"end of Justice"**

25   require federal Courts to entertain successive petitions only where the Petiti-
oner makes a "Colorable Showing of innocence" is **the test**, or **the test is** Whether

26   the alleged error precluded the development of true facts or resulted in the

27   admission of **Misleading Facts.** (1) In this case Trial Judge Rely in part, in

28   making her decisions to give Petitioner's his **Three Strikes Life Sentence,** that

(5)

1   Petitioner once lived and Paroled in the City of San Diego,"That not True"

2   and (2) The fact in petitioner's one and only second-degree purse snatching

3   robbery prior, the ensuing Jury Trial alleged no injury or personal use of any
    Weapon or inflicted GBI is required in defining. (see Exhibit "C",

4       In § 2254 (e)(ii) as requiring some sort of omission by the Petitioner,

5   in other words, he cannot be deemed to have failed to develop a factual basis
    for his claim if the basis was left undeveloped through no fault of his own.

6                       Here, Again Petitioner would like

7                   To Argum some I Support of the factual

                            And Legal Basis
8
        Here, giving the State Public Defender Trial Counsel, and State Trial Judge,
9   and the Appellate Counsel, "the benefit of the doubt, "there mayhave been a

10   hidden factual Predicate," that Petitioner current offense occurred 63,days
    before the enactment, and up to that present time, was still a recently new
11   emendment, that had not unravel all of the complexities.

12      Here, in support of Petitioner's Due diligence argument of the claim for

13  Petitioner's Law Library's attendence and reading grade level, Up-dated, from
    6/21/02, to 5/6/08, Where in June of 2003, Petitioner was reading at 7.5,grade
14  level, although Petitioner's is now reading at 12.9, estimating from many hour

15  of attendence in reading in the Law Library in the last eight years, and still

16  did not see anything which would had may Petitioner aware of that part of the
    Trial Prejudiced deficient of the claim, "Until I Petitioner was informed by
17  inmate Mr.Mckinely that was on the new Computer board up-dated Wedsite at Prison

18  Law www.con, Which this Prison Centinela have (see Exhibit "A",P.1,)

19      Here, Petitioner like to insert, since petitioner's incarceration at these
    three different Prison there was No Computer at "Calipatria" between 2001,to
20  2005, or "Donavan" Correctional Facility from May 2005, to November 30,2006,

21  and again all those Institution," and due to the State Budgetary shortfall since

22  2002 to 2008, there have been period of 6, to 7, Months off and on, of not
    having the Daily Appellate Report that is our as inmate only window into our
23  Courts. (see Exhibit "G" P.2,)

24      WHEVEFORE, If the Court determines that the Issues raised in this Petition

25  are apparent from the Pleadings, Based on the above violations of Law during
    the Sentencing of the Petitioner's then grant Petitioner whatever futher relief
26  this Court deems Appropriate and in the interests of "justice".

27      I Petitioner, Ted D.Daniels, therefor request leave to Prosecute the pro-

28  posed new claims in this Petition..

                                    (6)

1      I understand that a false statement in this Affidavit will subject me to

2  the penalties of perjury.

      I declare under penalty of perjury pursuant Title 28, United States Code,

3  Section 1746, and 18 United States Code, Section 1621, that the foregoing

4  inforgoing information contained herein this affidavit is True and Correct.

5

      Executed at Centinela State Prison on this 25 day of _May_ 2008,

6

7  _Ted D. Daniels_

8  Ted D. Daniels   T-23705

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                (7)

28

# EXHIBIT



Declaration Of Terry McKinely CDC #C-94117,
In Support Of The Subsequent Petition On
This Sentencing Issue:

I, Terry Mckinley declare;

I am the person in the above entitled action, and if called to testify to the
within information, I could do so based on my knowledge and assistance to this
matter. I am and, consider myself an accredited Jailhouse "Paralegal".

Mr. Daniels was transfered here at Centinela State Prison on 11-30-06 from
Donovan State Prison. Mr. Daniels and I, sometime back in the month of March
2007, was discussing his case, and reading from the facility Law Library
bulletin board www.Prisonlaw.com Type Of Sentence, "Three Strikes" issues
outline and under General Issues about strike priors, and I Mr. terry Mckinely
C-94117, informed Mr. Daniels that this issue may apply in his case, because
unarmed robberies and estes robberies, was not added to the serious or violent
felonies list until March 7,2000, and so long as the new offense is committed
after March 7,2000, are strikes, and I am assisting in some of the research
of this issue.

I declare under penalty of perjury that the aforementioned is true, and correct,
and I am willing to testify to such facts.
This declaration was executed at Imperial, California on May 25,2007

Date: May 25, 2007

_Terry McKinley_
(Declarant)

Terry Mckinely CDC# C-94117

(22)

("A"(1)

```
 1   Honor.
 2           THE COURT:  And is Ms. Felix excused?
 3           MR. VIENNA:  Yes, please, your Honor.
 4           THE COURT:  Thank you very much, ma'am.
 5           THE WITNESS:  You're welcome.
 6           THE COURT:  You are excused.  You're free to leave the
 7   courtroom and the courthouse.
 8           THE WITNESS:  Thank you.
 9               (Witness excused.)
10           MR. VIENNA:  Your Honor, I would ask for permission at this
11   time to publish People's Exhibits 29 through 37 to the jury so
12   they could review them just briefly.
13           THE COURT:  One moment.  May I see counsel side bench off
14   the record, please.
15           MS. BOLDEN:  Yes, your Honor.
16               (Sidebar not reported, after which the following
17   proceedings were held in open court in the presence of the jury:)
18           THE COURT:  Counsel, at this time you may publish documents
19   to the jurors.
20               And at this time, perhaps alternate juror, if you
21   could divide some of those documents and start some of the
22   documents on the top row.  Okay.
23               The Court is still in recess.  However, I'd like to
24   see counsel in chambers and on the record.
25           MS. BOLDEN:  Yes, your Honor.
26               (Chambers conference reported:)
27           THE COURT:  We're on the record, meeting in chambers.  This
28   is the case of People versus Ted Darnell Daniels.
```

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO

DAVID J. GONZALEZ, CSR NO. 4155

DATE: JUL 2 7 2001    DEPT: 19    REPORTER A:                    CSR#

PRESENT HON.: **GALE E. KANESHIRO**    REPORTER B:                CSR#
JUDGE

CLERK: FRIEDA McCURLEY

BAILIFF: Marvin Daniels, Matt Williams

REPORTERS' ADDRESS: PO BOX 120128
SAN DIEGO CA 92112-0128

---

SCD149951
AAC78101

00119857A

CHARGES: PC459 2ND DEG.
VC2800.2(A),
PC245(A)(1)X3
PC1192.7©(23)X3
PC1203(e)(4)
PC667.5(b)&668X5
PC667(A)(1)668&1192.7(C)
PC667(b)-(I)&1170.12&668

## THE PEOPLE OF THE STATE OF CALIFORNIA, PLAINTIFF
## BY KEVIN VIENNA, DEPUTY DISTRICT ATTORNEY

### VS
### TED DARNELL DANIELS, BY CYNTHIA BOLDEN, (A)

THE COURT HAVING DEFERRED THE MATTER OF THE DEFENDANT'S
PRIORS TO TODAY'S DATE, THE COURT NOW CITES THE CASE OF
PEOPLE VS. LAWRENCE (2000) 24 CAL. 4TH 219, AND NOW FINDS THAT
THE DEFENDANT'S PRIORS ARE TRUE AND VALID PRISON AND STRIKE
PRIORS.
THE DEFENDANT PERSONALLY SPEAKS ON HIS OWN BEHALF AFTER
HIS ATTORNEY CYNTHIA BOLDEN MADE HER ARGUMENT TO THE
COURT ON THE DEFENDANT'S BEHALF, AND HE NOW MAKES A MOTION
FOR A NEW TRIAL BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL
AND PREJUDICE OF THIS COURT DEPARTMENT 19, JUDGE KANESHIRO.

COURT EXHIBIT NUMBER FOUR IS MARKED AND RECEIVED INTO
EVIDENCE:

4) A STACK OF SUBPOENED DOCUMENTS FROM THE DEPARTMENT OF
CORRECTIONS.

**PAGE 1 OF 2**
(3)

(A)(3)

MISCELLANEOUS & TRIAL MINUTES

1    there were innocent motorists placed in danger of life and limb

2    for approximately 45 minutes on several surface streets and the

3    highways of San Diego because of the running of stop signs and

4    red lights and high speeds.

5         I had a question in my mind as to why Mr. Daniels

6    perhaps knew the highways of San Diego, his testimony, I believe,

7    being that he had come here for the day.  Comes down through

8    San Diego and goes on to Tijuana.  Well, I found that back in

9    1992 he was paroled to San Diego county.  That is what the

10   Department of Corrections documents indicate.

11        THE DEFENDANT:  I never been to San Diego.  I ain't never

12   lived here -- paroled here.

13        THE COURT:  Okay.  Well, this is what is reflected, then, in

14   the information that I have from Department of Corrections.  But

15   in any case, if that is, in fact, the truth, that might explain

16   why he knew the highways here in San Diego more than just someone

17   who casually comes through San Diego, on the freeways, to

18   Tijuana.

19        The Court also considered the monetary loss to the

20   victim in this case.  The loss to Fry's Electronics, even though

21   all of the property was later recovered, was approximately

22   $80,000.  This was a significant amount of loss, and this

23   included approximately 40 separate computers.

24        The Court also looked at the factor of participation,

25   whether defendant was a passive participant or an active

26   participant, and the Court does note that while he may have been

27   induced by others to participate in the burglary, he nevertheless

28   participated in that burglary.  The Court also notes that with

4

(A)(4)

Lizabeth Weis
Attorney at Law

2240 F Street                                                                    (858) 483-6994
San Diego, California 92102

February 26, 2003

Ted Daniels, #T23705
C-3-241
P.O. Box 5002
Calipatria, CA 92233

          RE:    People v. Daniels, D038444

Dear Mr. Daniels:

Today the Court of Appeal filed its opinion in your case. I have enclosed a copy for your review. The court disagreed with the argument that there was insufficient evidence to support the assault with deadly weapon convictions, but it ordered the trial court to issue an amended abstract giving you an additional 250 days of credit. I am sorry the court disagreed with me on the first issue, but the court correctly noted the jury was free to reject the defense expert's testimony.

At this point there are two potential appellate remedies available to you: a petition for rehearing in the Court of Appeal pursuant to California rules of Court, rule 27; and/or a petition for review by the California Supreme Court pursuant to California Rules of Court, rules 28 and 29.

California Rules of Court, rule 27 provides the format for pursuing a rehearing in the Court of Appeal. The petition for rehearing must be filed within fifteen (15) days from the date the opinion was filed; the opinion was filed February 26, 2003, so any petition for rehearing must be filed on or before Marcy 13, 2003. A petition for rehearing may not simply reargue the appeal, but must be directed to points included in the briefs which resulted in errors or contradictions in the opinion.

Generally, a petition for rehearing should be directed to: (1) a significant misstatement of fact; (2) an error of law; (3) a significant omission in the facts or law; (4) a failure to consider an important argument; or (5) the court's analysis and disposition of the case on a theory not briefed by the parties. A primary factor in deciding whether to seek a rehearing is rule 29(b) which provides that any issue or material fact that was omitted from or misstated in the opinion will not be reviewed by the Supreme Court unless the omission or misstatement is called to the attention of the Court of Appeal in a Petition for Rehearing.

I have read the opinion and find no basis for a successful petition for rehearing because the recitation of material facts and discussion of issues are essentially accurate and the

( 5 )

(A)(5)

opinion utilizes the correct standards of law and covers the issues raised in our brief.

The only other alternative is a petition for review in the California Supreme Court. The petition must be filed no earlier than thirty (30) days and no later than forty (40) days after the Court of Appeal opinion is filed; a petition for review would therefore need to be filed between March 28, 2003 and April 7, 2003.

The grounds listed in rule 29 for review are:  (1) where is appears necessary to secure uniformity of decision or the settlement of an important question of law; (2) where the Court of Appeal was without jurisdiction of the cause; or (3) where, because of disqualification or other reason, the decision of the Court of Appeal lacked the concurrence of the required majority of qualified judges.

I do not believe any of the above grounds are satisfied in your case.  Moreover, as a practical matter, the Supreme Court will only take a case that raises a new question of law. Very few petitions are actually granted.  However, please note that should you decide to pursue your case in the federal court system, you would need to exhaust your state remedies by filing a petition for review in the California Supreme Court.

Because the opinion in your case presents no reasonably viable opportunity to seek review in the Supreme Court, I will not be filing further briefs on your behalf. However, you may wish to pursue some form of relief on your own.  I have therefore enclosed an information sheet which details how to file a petition for review.  The petition should contain a brief introduction setting forth the nature of the case, a brief statement of the question presented to the Court, the reasons the Court should grant a review, and a brief analysis of the deficiencies in the Court of Appeal opinion.  It may not be longer than 8400 words. (California Rules of Court, rule 28.1 (e).)  The opinion itself should be attached as "Appendix A."  The petition should have a white cover and should include a proof of service as detailed on the enclosed information sheet.

I have done my best to respond to your concerns, and I am glad to have had the opportunity to represent you in this matter.  I am mailing your transcripts separately. Please let me know if you have any remaining questions.

Sincerely,

Lizabeth Weis

2

(6)

(A)(6)

Ted D. Daniels  C.D.C. #T-23705
Calipatria State Prison
P.O. Box 5002  /  C5-137
Calipatria, CA 92233-5002

September 5, 2003

Superior Court, County of San Diego
attn:  Clerk, Criminal Case Records
220 W. Broadway
San Diego, CA 92101

Re:  Court File Exhibit

Dear Clerk,

    I am the defendant in People v. Daniels, superior court case no. SDC 149951, and am now proceeding in pro per.

    I am attempting to obtain a complete copy of Court Exhibit number four (4), received into evidence on July 27, 2001.  (See attached Minute Order, dated July 27, 2001.)

    Please inform me to the total number of pages in court exhibit number four (4), the total cost for a "certified copy" of the complete exhibit, the cost required (if necessary) for postage, and to whom payment needs to be addressed.

    In the event this request cannot be completed, please, indicate the specific reasons that has prevented this request from being completed, including the name(s) of those refusing to complete this request and to what supervising personnel that I may direct further inquiry, if necessary, reguarding this matter.

    For your convenience I have provided a self-addressed stamped envelope, for your prompt response.

    Thank you for your time and cooperation with this matter.

Sincerely, *Ted D. Daniel*

Ted D. Daniels

(7)

(A)(7)

Ted D. Daniels   CDC #T-23705
Calipatria State Prison
P.O. Box 5002  /  C5-137
Calipatria, CA 93322-5002

October 8, 2003

Superior Court, County of San Diego
attn:  Clerk, Criminal Case Records
220 W. Broadway
San Diego, CA 92101

Re:  California Public Records Act
     Request

Dear Clerk,

In a prior letter I requested the necessary fee information to be
forwarded to me by your office to enable me to obtain a <u>complete</u>
copy of <u>Court Exhibit number four (4)</u>, superior court case no.
SDC 149951, received into evidence at my criminal trial on July
27, 2001.  (See attached Letter, dated, September 5, 2003.)

My prior correspondence, I believe, contained sufficient inform-
ation to be considered, and treated as, a request for public
records.  (Cal. Public Records Act, Gov. Code §6250 et. seq.)
Additionally, the above named documents are in no way exempt
and disclosure is appropriate wherein the requested documents
pertain to myself.  (Information Practices Act, Civil Code
§1798 et. seq.)

Therefore, I am resubmitting my prior records request as outlined
in the attached letter of September 5, 2003.

Thank you for cooperation with a prompt resolution of this matter.

Sincerely,

Ted D. Daniels

Ted D. Daniels

Encl.
cc: file

(8)

(A)(8)



# Superior Court of California
## County of San Diego

CENTRAL COURTHOUSE
220 W. BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128

November 10, 2003

Ted Daniels  T-23705
Calipatria State Prison
P.O. Box 5002 / C5-137
Calipatria, CA. 92233-5002

RE: Request for copy of exhibit
SCD 149951

Dear Mr. Daniels:

The Court is in receipt of your letter of September 5, 2003, regarding obtaining copies of an exhibit that was used as evidence in your trial in the above-referenced matter.

Please be aware that trial exhibits are not kept in the Court file and it is this Court's standard policy that once a trial is over and the appeal process is completed, all trial exhibits are returned to the party that produced them. The Fourth District Court of Appeal issued its unpublished decision in this case on February 26, 2003, and the remittitur was received by the Superior Court on May 19, 2003. Your case is therefore finished.

From the copy of the Minute Order that you attached to your letter (and because you case is final) it is assumed that those subpoened documents were returned to the prosecutor, as apparently Exhibit #4 was a People's exhibit.

Therefore, the Court is unable to provide you with any information regarding costs to obtain copies.

Sincerely,

San Diego Superior Court

( 9 )

(A)(9)

**Beauregard**

**Investigations**

**PI License 19065**

2411 E. Valley Parkway #330
Escondido, CA 92027
Phone/Fax 760-742-2432
Email BeauInvest@aol.com
www.BeauregardInvestigations.com

September 23, 2003

Mr. Ted D. Daniels #T-23705
C-5-137 LOW
PO Box 5002
Calipatria, CA 92233

Dear Ted:

I have enclosed 2 of my business cards.  They have everything you would need to list me in your writ.  I have looked thru my files and I can't seem to find your original letter to me.  Therefore, I would like you to send me a copy of your writ.

I look forward to hearing from you.  Please feel free to call if you have any questions.

Sincerely,

K. "Beau" Beauregard
Owner/Investigator

( 10 )

Beauregard Investigations
2411 E. Valley Parkway #330
Escondido, CA 92027
Phone/Fax 760-742-2432
Calif. License 19065
www.BeauregardInvestigations.com
Email BeauInvest@aol.com

## Investigative Agreement

This hourly rate investigator-client fee agreement is between BEAUREGARD INVESTIGATIONS, a licensed California investigative agency and _MR. TED DANIELS_____ Client. The general nature of the case is _LOCATE + INTERVIEW JURORS FROM HIS_____ _CASE. SUPERIOR COURT CASE SDCI49951_____

This case will begin on or about the date below and continue for 90 days or until Client withdraws.

Client employs and BEAUREGARD INVESTIGATIONS will accept employment to perform investigative services in connection with Client's case regardless of the disposition of this case. The Client agrees to fully cooperate with BEAUREGARD INVESTIGATIONS and provide accurate information as a basis for this investigation.

BEAUREGARD INVESTIGATIONS is not responsible for results of inaccurate information or leads provided by Client. Client understands that BEAUREGARD INVESTIGATIONS may withdraw from this contract if Client should fail to pay all fees and costs set forth below.

FEES AND RETAINER

BEAUREGARD INVESTIGATIONS shall be compensated for all services rendered Client at the hourly rate of $ _125.00_ per hour and $ _.40_ per mile. Client agrees to pay the sum of $ _1,200.00_ as a retainer. BEAUREGARD INVESTIGATIONS will bill hourly against the retainer. Client further agrees to pay for any other expenses incurred during the investigation, including but not limited to hotel bills, videotapes, photos, etc. If travel is anticipated, a fee of $ _300.000_ will be applied toward costs and expenses incurred in the pursuit of this matter. Once any investigative effort is initiated in this case, a minimum of $200.00 of the retainer will be withheld should Client decide to end the investigation. Any other balance will be refunded to the Client upon request.

COURT APPEARANCES

(11)

If any agent of BEAUREGARD INVESTIGATIONS is called as a witness for deposition or Court, the cost will be a minimum of $500.00. If the Court appearance or deposition requires more than 4 hour's time, the Client will be charged the hourly and mileage rate set above.

CLIENT AGREES THAT NO AGENT OF BEAUREGARD INVESTIGATIONS HAS MADE ANY PROMISE OR GUARANTEE REGARDING THE OUTCOME OF THEIR CASE OR FACTS GATHERED DURING THE INVESTIGATION PERFORMED BY BEAUREGARD INVESTIGATIONS. CLIENT FURTHER STATES THEY HAVE RECEIVED A COPY OF "THE NATURE OF INVESTIGATIONS"

Client acknowledges that BEAUREGARD INVESTIGATIONS make no promises as to the results or guarantees as to the results and/or accuracy of database searches as they are complied from independent sources of information. If said investigation requires locating a person, in lieu of a current court case, or a letter on letterhead from your attorney, BEAUREGARD INVESITGATIONS, has a right of first contact. Meaning once we locate the person you are looking for, we will first notify them you have retained us. It is up to the person located to authorize us to give their information to Client. In case of no authorization, no monies will be refunded to Client.

Client does herby bind his/her heirs, executors and legal representatives to the terms of this contract as set forth herein. Client represents that he/she will use the information provided to him/her for lawful purposes only and Client understands that BEAUREGARD INVESTIGATIONS cannot be held responsible for any unlawful act Client may take or cause others to take as a result of the information provided. A facsimile copy of this agreement shall be a valid as the original.

I HAVE READ THIS CONTRACT AND AGREE TO ITS TERMS AND CONDITIONS.

Entered into this __12^TH__ day of __DECEMBER__, 2003 in San Diego County, California.

_____
Client

_____
Beauregard Investigations

PAYMENT MUST BE MADE WITH A CASHIERS CHECK ONCY !

Ted D. Daniels CDC# T-23705
Calipatria State Prison
P.O. Box 5002 / C5-137
Calipatria, CA 92233-5002

May 9, 2004

Mr. Bryan Neumeister
Skymeister Sound Lab
2226 N. 17th Avenue
Phoenix, AZ 85007

Re; Forensic Tape Examination,
    459 at 9825 Stonecrest Blvd.

Dear Bryan,

Let me provide you with a little background information about the tapes. Originally I was given a "first" set of tapes in April of 2000. I sat down and listened to this set of tapes with my "first" attorney, from end to end, and I did not hear any radio transmission indicating "245...245" (assault) at any time "**during the actual pursuit**" the tapes, as we listened to them, had a long, long, silence during the moments that the **claimed** assaults were to have taken place.
    Basically this portion of the tape was, or souned to be, blank.

Subsequently, after a change in defense attorney's, in February of 2001, a "second" set of tapes were provided, which I listened to with my "second" attorney from end to end to end. This time there is the "245...245" that is audibly different than the remainder of the taperdings on the tape, and Now within the previously blank portion of the earlier first set tapes.

One of my specific concerns is whether the differently sounding "245" was voiced-over, or added on top of, the blank portion of the first set of tapes. To my untrained ear it sounded like the "245" transmission had been added because it distinctively was much louder than the rest of the tape. Of course I am receptive of any other oddities or irregularities that you may find on the tapes. So, Please, keep in mind during your examination.

Additionally, I am also providing you with a transcript which was transcribed from the earlier set of tapes, and a copy of the chronology of the radio transmissions (dated 12/28/99). They may be of some assistance in determining whether the latter tape has been altered to add the "245" radio transmission during the pursuit.

I hope this information is able to assist you in determining the specific problem which I outlined above.

Thank you for your time and cooperation with this matter,

                              Sincerely,    *Ted D. Daniels*

                                            Ted D. Daniels

**SKYMEISTER SOUND LAB**
**602 256-6070**
**BRYAN NEUMEISTER**
**ACFE-AES-NATAS-BMI-ASCAP-ACFEI**

Ted D. Daniels
Forensic Tape Review.
459 at 9825 Stonecrest Bl.

Hello Ted,

Please be very specific as to what you are looking for on the tapes. Feel free to call me at 602 256-6070. I have taken a brief listen to both tapes. Are you looking for edits at specific points on the tapes? Both these tapes are of course copies and not the originals.
Is there anything you would like to enhance on the tapes?
The tapes do have magnetic starts and stops on them. They are at the points were each new piece of evidence (exemplar) is introduced and are legitimate.

Forensic Audio charges are $110. an hour.
You have no charges at this point.

Again Ted, Please tell us what you are <u>specifically</u> looking for.


Thank You
Bryan Neumeister

Skymeister Sound Lab
ACFE-AES-NATAS-BMI-ASCAP-ACFEI

(14)

(A)(14)

AAC781

Ted D.Daniels C.D.C #T-23705
Calipatria State Prison
P.O. Box 5002 / C5-137
Calipatria, CA 92233-5002

July 19,2004

Reresentative of the
District Attorney Offiec
P.O. Box X, 1011
San Diego, CA 92112

Re: Court Exhibit

Dear District Attorney Reresentative:

I am the defendant in People v.Daniels, superior court case #.SDC
149951.

I am attempting to obtain a complete copy of Court Exhibit number
four (4), Received into evidence on July 27, 2001. I was inform by
the superior court those subpoend documents were returned to your
Offiec (See attached Minte Order and letter, dated July 27,2001 -
November 10,2003.

Please inform me to the total number of pages in court exhibit
nuber four (4), the total cost for a "certified copy" of the comp
lete, exhibit, the cost required (if necessary) for postage, and
to whom payment needs to be addressed.

In the event this request cannot be completed, please, indicate
the specific reasons that has prevented this reuest from being
completed including the name(s) of those refusing to complete
this request and to what supervising personnel that I may direct
further inquiry, if necessary, reguarding this matter.

    For your con-venience I have provided a self-addressed stamped
envelope, for your prompt response.

    Thank you for your time and cooperation with this matter.

                              Sincerely, Ted D. Daniel
                                         Ted D.Daniels

                    (17)

(A)(15)

**JESUS RODRIGUEZ**
ASSISTANT DISTRICT ATTORNEY

### OFFICE OF
## THE DISTRICT ATTORNEY
### COUNTY OF SAN DIEGO

### BONNIE M. DUMANIS
#### DISTRICT ATTORNEY

San Diego
330 West Broadway
San Diego, CA 92101
(619) 531-4040

http://www.sandiegoda.com

August 5, 2004

Ted D. Daniels
Calipatria State Prison
P.O. Box 5002 / C5 / #T-23705
Calipatria, CA 92233-5002

Dear Sir:

I received your correspondence of July 19, 2004, a copy of which is attached. However, I am unclear what exhibit you are requesting, since you give only a number but do not describe the exhibit further.   Please describe in more detail the documents you are seeking, and I will look into your request further.

Sincerely,


James D. Koerber
Deputy District Attorney


(18)

(A)(16)

TedD.Daniels C.D.C #T-23705
Calipatria State Prison
P.O. Box 5002/ C5-137
Calipatria, CA  92233-5002


August 12, 2004


James D.Koerber
Deputy District Attory
330 West Broadway
San Diego, CA 92101


Dear Mr. Koerber:

**Court Exhibit nuber four** that was received into evidence on July 27,2001, at the Penalty and sentening Phase of People v. Daniels case # 149951.

Describe in more detail the document, Defendant's are seeking? Exhibit made up of four (4) yellow **Foder** or four (4) large **Manila Envelope** about 2-inches in thickness each, **"for astack"** of four (4).

Containing information about Daniels Criminal History. Crimes for which the Defendant were covicted.'Prior Criminal Recrd History", 'All Prior Arrests", Arresting Agency", Juvenile Probation," and 'Parole information," things of that source.

In November 17,04, the Court records office indicated to Ms. Annett Daniels that the Exhibit was about 300, page.

Please inform me to the total number of pages and the total 'cost for a certified copy" of the complete exhibit, the cost required (if necessary) for postage, and to whom payment needs to be addressed.


For your convenience I have provided a self-addressed stamped envelope, for your prompt response.

And **Thank You** for your time and cooperatinn with this matter.

                              Sincerely,

                                    Ted D.Daniels



                        (19)


                                                (A)(17)

OFFICE OF
**THE DISTRICT ATTORNEY**
COUNTY OF SAN DIEGO

JESUS RODRIGUEZ
ASSISTANT DISTRICT ATTORNEY

San Diego
330 West Broadway
San Diego, CA 92101
(619) 531-4040

http://www.sandiegoda.com

BONNIE M. DUMANIS
DISTRICT ATTORNEY

September 3, 2004

Ted D. Daniels
Calipatria State Prison
P.O. Box 5002 / C5 / #T-23705
Calipatria, CA 92233-5002

Dear Sir:

In response to your prior correspondence please find enclosed a copy of Exhibit #4.

Sincerely,

James D. Koerber
Deputy District Attorney

Enclosure

( 20 )

(A)(18)

The San Diego Union-Tribune • Tuesday, November 7, 2006

# Donovan prison to get maximum-security unit

## For inmates unable to mix with others

**By Steve Schmidt**
STAFF WRITER

State officials are converting a huge housing complex at the Richard J. Donovan Correctional Facility in Otay Mesa into a maximum-security unit for prisoners who need to be kept apart from other inmates.

The new sensitive-needs unit will house 1,150 convicts — ex-gang members, prison informants, sex offenders and others.

"Basically, it's anyone who we may have security concerns over or those who are unable to mix with the general prison population," said Donovan spokeswoman Kim Seibel.

Donovan houses nearly 4,800 male inmates in a 780-acre complex about 16 miles from downtown San Diego. It is the only state prison in San Diego County.

Starting this month, about 1,150 Donovan inmates will be bused to other state prisons in California to make room for the sensitive-needs unit, which is now at the state prison in Lancaster.

State officials plan to complete the move by early February.

The shift was spurred by Los Angeles County's recent decision to end its jail contract with the state Department of Corrections and Rehabilitation.

The county said it would no longer house 1,300 state parole violators, forcing corrections officials to make room for the inmates at the Lancaster facility, northeast of Los Angeles.

The move comes at a time when California's 33 adult corrections facilities already are packed with a record 170,000-plus convicts.

To ease the crunch, state officials are preparing to transfer 2,260 medium-security inmates to private prisons outside California, perhaps within a few weeks, at a daily cost of $63 per inmate.

Inmates in the new Donovan unit will be walled off from the rest of the facility to ensure their safety. Left among the general prison population, sensitive-needs inmates are often the target of taunts and prison yard violence.

Several other California prisons also operate sensitive-needs units.

At Donovan, prison officials said the creation of the special unit would not lead to the release of more paroled sex offenders into San Diego County.

State policy requires that parolees be returned to the county where they last resided.

Marie Wallach, founder of the Imperial Beach-based California Prison Projects, a prison watchdog group, worries that the Donovan staff of 1,300 guards and employees is not trained to handle sensitive-needs inmates. She said many require special medication and programs.

Seibel disagreed. "I don't see a problem with staff not being able to handle these inmates," she said.

Officials said the incoming inmates would be able to enroll in rehabilitation programs at Donovan available to some other inmates, including classes to address substance abuse.

Steve Schmidt: (619) 293-1380; steve.schmidt@uniontrib.com

(A)(19)

1
2
3                                                          FILED
4                                                   Clerk of the Superior Court
                                                       MAR 0 9 2007
5                                                   By. G. Carrillo, Deputy
6
7
8
9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                              COUNTY OF SAN DIEGO
11
12   IN RE THE PETITION OF:              )   SCD 149951
13   TED DARNELL DANIELS,                )
                                         )
14          Petitioner.                  )
                                         )   ORDER DENYING REQUEST
15                                       )   FOR FREE COPIES OF TRANSCRIPTS
                                         )
16                                       )
                                         )
17   ────────────────────────────────────
18          THIS COURT, HAVING READ AND CONSIDERED THE MOTION FOR COPIES
19   OF TRANSCRIPTS AND THE FILE IN THE ABOVE-CAPTIONED MATTER, FINDS:
20          Petitioner is seeking free copies of transcripts from the above-referenced matter, but he
21   has failed to specify *any* proposed *factual* basis for obtaining theses copies. *Factual* specificity
22   and particularity are required when seeking a reporter's transcripts at the taxpayers' expense.
23   Petitioner is not entitled to such material merely to comb the record for error. United States v.
24   MacCollom (1976) 426 U.S. 317; Miller v. Hamm (1970) 9 Cal.App.3d 860. In the alternative,
25   Petitioner may contact each reporter and negotiate the price for a transcript as each reporter is an
26   independent contractor when providing copies. The law Petitioner cites pertains *only* to when a
27   criminal defendant has filed a timely notice of appeal, but the record shows that Petitioner's
28   conviction was affirmed on February 26, 2003. Federal rules and law also does not apply to this
29   state court. Petitioner has not provided a factual basis for exactly why he wants a transcript, and
30   claiming indigence does not erase that requirement.

                                      ( 23 )

1      In <u>People v. Bizieff</u> (1991) 226 Cal.App.3d 1689, the Court discussed <u>United States v.</u>

2 <u>MacCollom</u> (1976) 426 US 317, where the US Supreme Court had upheld a federal statute which

3 limited an indigent defendant's rights to transcripts: "The [MacCollom] court noted while an

4 indigent defendant had an absolute right to transcripts on appeal, at the collateral relief stage he

5 stood in a different position. (Citation). 'We think it enough at the collateral-relief stage that

6 Congress has provided that the transcript be paid for by public funds if one demonstrates to a

7 district judge that his . . . claim is not frivolous, and that the transcript is needed to decide an

8 issue presented.' (Citation)." <u>Id.</u>, at 1702.

9      By denying this request, the Court is not abridging Petitioner's right of access to the

10 documents he seeks. However, right of access is not the same as a right to have the taxpayers pay

11 to make copies of transcripts. In addition, whether or not a copy of a transcript is in the file,

12 Petitioner still must contact the court reporter who transcribed the pages sought to negotiate

13 financial arrangements to pay for the document. As noted above, the Court may not provide free

14 copies of transcripts unless Petitioner provides a factual basis for the request.

15      Apparently Petitioner is seeking a transcript from his sentencing hearing on February 20,

16 2001. If that is true, he may contact reporter Karla Sterling at P.O. Box 120128, San Diego, CA.

17 92112-0128, to make financial arrangements to pay for that transcript or provide the requisite

18 factual basis to obtain that document for free.

19      Accordingly, for the above-stated reasons, Petitioner's motion is DENIED. It is further

20 ordered that a copy of this Order be served upon Petitioner.

21      IT IS SO ORDERED.

22 DATED:   3-8-2007

                                THEODORE M. WEATHERS

23                               JUDGE OF THE SUPERIOR COURT

24

25

26

27

28

29

30

( 24 )

ORDER - 2

(A)(21)



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO

### Central Division
### Court Reporter Services

Court Reporter Services
(619) 531-3964
Fax: (619) 515-8500

San Diego County Courthouse
220 West Broadway, Room 3005
San Diego, California 92101-3877

May 7, 2007

Ted D. Daniels / T-23705
Centinela State Prison
P.O. Box 911 / B5-147
Imperial, CA 92251

RE:  Transcript Request
     People vs. Ted Darnell Daniels
     SCD149951
     03-22-00

Dear Mr. Daniels,

We are in receipt of your letter dated April 16, 2007 requesting transcripts from
Sue Turczyn.

Unfortunately, Ms. Turczyn is deceased and cannot produce a certified copy of
these proceedings.  Court reporter Mindy Barlow has volunteered to transcribe
Ms. Turczyn's notes for that day.  The estimate to produce this transcript is $28.00
and production will begin after payment is received. This payment must be in the
form of cash, cashiers check or money order made payable to Mindy Barlow
(credit card and personal checks will not be accepted).

Sincerely,

Elizabeth Neal
Court Reporting Services

( 25 )

(A)(22)

Mindy J. Barlow    5-24-07

Dear Mr. Daniels,

Enclosed is your transcript of the proceedings of March 22, 2000. As you know, Sue Turczyn is deceased, so I transcribed her notes. I have enclosed my card if you have any questions.

Sincerely,

Mindy Barlow

(26)

(A)(23)

Ted D.Daniels #T-23705
Centinela State Prison
P.O. Box 911 / B5-147
Imperial,.CA 92251

March 4,2007

County Records Center-Archives
222 N. Hill Street, Room 212
Los Angeles, California 90012

Re; California Public Records Act
    Request

Dear Clerk,

I am the defenant in People v.Daniels, superior court case no. A906892,
and am now proceeding in pro per.

I am attempting to obtain a complete copy of that Trial Transcripts
from (1983).

Please inform me to the total number of pages in the Transcripts, the
total cost for a "certified copy" of the complete, the cost required
(if necessary) for postage, and to whom payment needs to be addressed.

In the event this request cannot be completed, please, indicate the
specific reasons that has prevented this request from being completed,
including the name(s) of those refusing to complete this request and to
what supervising personnel that I may direct further inquiry, if necessar
requarding this matter.

For your convenience I have provided a self-addressed stamped envelope,
for your prompt response.

Thank you for your time and cooperation with this matter.

                              Sincerely,    Ted D.Daniel

                                            Ted D.Daniels

(27)                                                        (A)(24)

# Los Angeles Superior Court

COUNTY RECORDS CENTER-ARCHIVES
222 N. HILL STREET, ROOM 212
LOS ANGELES, CALIFORNIA 90012

JOHN A. CLARKE
EXECUTIVE OFFICER/CLERK

CASE NO.:  **A906892**        CASE NAME:    **DANIELS**        DATE:    <u>April 6, 2007</u>

We are returning your check in the amount of $   for the reason checked below:

Check is not acceptable.  Please return **NEW CHECK, CHECK.**  If outside of the United States, amount must be remitted in United States currency.  Please made check payable to the **LOS ANGELES SUPERIOR COURT.**

Information given to us is not sufficient.  Information needed: **FULL NAME OF PARTIES INVOLVED, APPROXIMATE YEAR ACTION WAS FILED AND THE CASE NUMBER IF AVAILABLE.**

As of this date, there is no record of the interlocutory, Judgment and/or Final Judgment.

Document that you have requested has not been filed as of this date and office policy does not permit us to hold your check any longer.

We are unable to ascertain just what documents you need from the information given.

The fee for copies is 0.50 cents per page (Section 26854 Government Code).

The fee for Certification is $15.00 per document, in addition to any other fees.  Exemplification fee $20.00 in addition to any other fees.

The fee for Case Number Search is $15.00 per name per case (Section 26854 Government Code).

In the future, we not honor requests for information unless they are accompanied by a **SASE - STAMPED, SELF ADDRESSED ENVELOPE** for your reply.

The fee for examining a file or microfilm record and making a written report is $7.00 for the first hour or fraction thereof, and $5.00 each subsequent hour (Section 131.1 (c)Admin. Code. Los Angeles County).

The fee for a Clerk=s Certificate is $6.00 in addition to any other fee. (Section 131.1 Admin. Code, Los Angeles County).

**Other: TRANSCRIPT YOU ARE LOOKING FOR IS <u>NOT</u> IN THE SUPERIOR COURT CASE FILE.  FOLLOWS FACE PAGE ONLY OF THE APPEAL DOCUMENTS THAT WERE PLACED IN THE FILE. YOU MIGHT WANT TO TRY THE COURT OF APPEAL'S COURT REPORTER DIRECTLY.  SHE/HE SHOULD KEEP RECORD OF THE TRANSCRIPTS FOR A LIMITED PERIOD OF TIME, AS WELL AS THE COURT OF APPEAL SHOULD HAVE CASE # B006312 (NOT A SUPERIOR COURT CASE)**

John a. Clarke
executive officer/clerk of the Los Angeles Superior Court
County of Los Angeles

By:                                                    A.  Silva
                                                      (213)974-3594
                                                      974-3580

( 28 )

**(A)(25)**

Cart of Appeal - 2nd district

phone # (213) 830-7000

I was unable to find an

J & J PHOTOCOPY
1313 W. 8TH STREET, #310
LOS ANGELES, CA 90017
(213) 484-2282-TEL.
(213) 483-2576-FAX.

FED. ID #33-0631612

| DATE | RUSH | REG | INVOICE |
|---|---|---|---|

COURT                                    CASE NUMBER

CASE TITLE

ORDERED BY:

(    )

PREPARE (  ) SERVE (  ) COPY (  )
DOCUMENT DUE DATE:
SUBPOENA FOR RECORDS ONLY (  )
DOB:
SSN :
DOL:

SUBJECT :
RECORDS :

LOCATION OF RECORDS :    *Court of Appeal*

MEDICAL

BILLING

RADIOLOGY

OTHER

X-RAY (FILMS)    LOAN _____
                   COPY _____
                   $/FILM _____

COPY DAYS/HOURS

COMMENTS:

*$140.00*
*Received $~~140.00~~ for*
*prepayment of copy work*
*re: B.006312*

**P A I D** *in full*
*Richard Welch*

**J & J PHOTOCOPY SERVICE**
**1313 W. 8TH STREET #310**
PAGE COUNT         ROLL NO.
**LOS ANGELES CA 90017**

SERVER                    COPIER *(213) 484-2282*

| DATE SERVED | TIME | DATE COPIED | TIME |
|---|---|---|---|

( 29 )

(A)(26)

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

11   TED DARNELL DANIELS,                    CASE NO. 04cv1639-DMZ(AC)

12                        Petitioner,        **ORDER ADOPTING REPORT
                                             AND RECOMMENDATION OF
13        vs.                                MAGISTRATE JUDGE AND
                                             DENYING PETITION FOR WRIT
14   JEANNE S. WOODFORD, Director,           OF HABEAS CORPUS**

15
                         Respondent.         [Docs. 3, 5, 12]
16

17

18        Petitioner Ted Darnell Daniels, a state prisoner proceeding *pro se*, has filed a petition for a writ

19   of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his June 7, 2001 conviction for

20   burglary, reckless driving, and three counts of assault with a deadly weapon. The Honorable William

21   McCurine Jr., United States Magistrate Judge, has issued a Report and Recommendation ("R&R")

22   pursuant to 28 U.S.C. § 636(b)(1) and Civ. L.R. HC.2, recommending that the Court deny the petition

23   in its entirety. Petitioner has submitted his objections to the R&R. This Court has reviewed the R&R

24   pursuant to 28 U.S.C. § 636(b)(1), which provides for *de novo* review of the Magistrate Judge's findings

25   and recommendations to which objections have been made. For the reasons discussed below, the Court

26   adopts Judge McCurine's recommendation and denies the petition.

27   ///

28

# I.

## BACKGROUND

### A.    Factual Background

The following facts are taken from the California Court of Appeal's unpublished opinion in

*People v. Daniels*, slip op. No. D038444 (Cal. Ct. App., 4th Dist. Div. 1, February 16, 2003).  The

Court relies upon these facts pursuant to 28 U.S.C. § 2254(e).

This saga began early on Christmas morning 1999, when San Diego Police responded to a burglary alarm at a Fry's Electronics store.  A padlock securing the store's warehouse had been cut off, the warehouse entered and 41 laptop computers taken.

The first officer to respond was San Diego Police officer Kristen Adams.  Adams observed a blue Ford van at the store with three men in it.  The van drove away, passing the police car as it left the store.  Officer Adams observed Daniels driving the van.  Officer Adams began a pursuit with emergency lights and siren that would continue for many miles, at high speeds and ultimately involving multiple police officers and vehicles.

When the van left the Fry's lot it headed south on I-15 and then onto 40th Street.  At the intersection of 40th and Monroe the van stopped briefly, the passenger and side doors opened and two men fled from the van.  The van then sped away with police in pursuit.  The chase continued south on I-15 until the van exited at Market Street.  Running red lights, the van headed back to I-15 northbound at high speed.  It crashed through orange barriers at a point where the road was closed for construction.  Flat tires as a result of following Daniels and the van through the construction disabled one of the police cars in pursuit.

The chase continued northbound on I-15 at speeds in excess of 100 miles per hour.  Traffic officers tried to overtake the van, get ahead of it and lay down nail strips in the roadway.  One of the officers drove alongside the van and observed Daniels as the driver and sole occupant.  Daniels made an abrupt exit from the freeway and returned heading south again, with police in pursuit.  Eventually police abandoned the idea of laying nail strips to stop the van because of the dangerous and erratic manner in which Daniels was driving.

Daniels continued southbound at high rates of speed.  Ultimately he entered I-8 eastbound until he pulled over just west of the Waring Road exit.  As police slowed to approach the van, Daniels made a U-turn and started driving west in the eastbound lanes of I-8.  Officer Kyler positioned his car across lanes 1 and 2 at a 45-degree angle.  Daniels looked directly at the patrol car, "just gassed it" and headed towards the patrol car.  His van struck the left front of the patrol car, even though there was room for him to drive past it.

After hitting Kyler's car, Daniels proceeded west in the eastbound lands of I-8.  Daniels next drove at Sergeant Reschke's car, striking the front of the patrol car.  Daniels drove on west bound until his car became disabled a short distance later.  Daniels fled from the car and was located hiding in a nearby riverbed.  By the time the pursuit ended, police had been chasing Daniels for 42 minutes.

Daniels testified on his own behalf and said he was not the driver of the van.  He offered an explanation for his presence in the van and testified that an Asian man was

- 2 -

1    driving throughout the police pursuit. He said that when the van was disabled he and
     the Asian man fled. He was later apprehended by police.

2

3    The defense called Ronald Carr, an expert witness, to testify as an accident
     reconstructionist. He discussed his view of the accidents, indicating he thought the van
4    did not hit any of the patrol cars head on. He found it impossible to determine what,
     if any, damage occurred to the van during the encounter.

5

6    **B.    Procedural Background**

7         On June 7, 2001, Petitioner was convicted in San Diego County Superior Court of burglary

8    in violation of California Penal Code § 459, evading an officer with reckless driving in violation of

9    California Vehicle Code § 2800.2, and three counts of assault with a deadly weapon in violation of

10   California Penal Code §§ 245(a)(1) and 1192.7(c)(23). The jury found that Petitioner had suffered

11   a prior serious felony conviction, two "strike" convictions, and five prison priors within the meaning

12   of California Penal Code §§ 667(a), 667(b)-(i), and 667.5(b). (Lodgment No. 2, 15 Reporter's

13   Transcript ("RT") at 894-97; Answer at 2; First Amended Petition ("Petition") at 2.) Petitioner was

14   sentenced to fifty-five years-to-life in state prison. (Lodgment No. 2, 16 RT at 945; Petition at 2.)

15        Petitioner appealed his conviction to the California Court of Appeal on grounds that there was

16   insufficient evidence to support his convictions for assault with a deadly weapon. (Lodgment No. 3,

17   *People v. Daniels*, No. D038444, SCD 149951, slip op. at 13 (Cal. Ct. App. April 9, 2002); Petition

18   at 2.) The Court of Appeal affirmed his conviction on February 26, 2003. (Lodgment No. 4, *People*

19   *v. Daniels*, No. D038444, slip op. (Cal. Ct. App. Feb. 26, 2003); Petition at 2.) Thereafter, Petitioner

20   sought review with the California Supreme Court. (Lodgment No. 5, *California v. Daniels*, No.

21   SD2001DA1314 (Cal. April 10, 2003); Petition At 2.) His appeal was denied on May 14, 2003.

22   (Lodgment No. 5, *People v. Daniels*, No. S114808, slip op. (Cal. May 14, 2003); Petition at 2.)

23        Petitioner also filed a habeas petition in San Diego County Superior Court claiming ineffective

24   assistance of trial and appellate counsel. (Lodgment No. 6, *In re: Daniels*, No. HC17735, SCD

25   149951 (Cal. Super. Ct. Aug. 4, 2004); Petition at 3.) That petition was denied on August 4, 2004.

26   (Lodgment No. 6. *In re: Daniels*, No. HC17735, SCD 149951, slip op. at 3; Petition at 3.) Similar

27   petitions were summarily denied by the California appellate court on December 7, 2004, and by the

28   California Supreme Court on March 2, 2005. (Pet. at 3-4; Lodgment No. 7, *In re: Daniels*, No.

1  S130029, slip op. at 1 (Cal. March 2, 2005).)

2          Petitioner filed the instant petition in this Court on August 11, 2004. (Doc. No. 1.) Thereafter,

3  Respondent filed a Motion to Dismiss on September 14, 2004. (Doc. No. 5.) On October 6, 2004,

4  Petitioner filed a Motion to Stay Pending Exhaustion of Unexhausted Claim in State Court and an

5  Opposition to the Motion to Dismiss. (Doc. No. 8.) On April 6, 2005, the Court denied the Motion

6  to Dismiss, denied the Motion for Appointment of Counsel, and denied the Motion to Stay as moot.

7  (Doc. No. 13.)

8          After exhausting his state court remedies, Petitioner filed a First Amended Petition for Writ

9  of Habeas Corpus on April 7, 2005. (Doc. No. 14.) Respondent filed an Answer to the Petition on

10  July 12, 2005. (Doc. No. 30.) Petitioner filed a Traverse on September 14, 2005. (Doc. No. 37.)

11          Petitioner challenges his convictions for burglary, reckless driving, three counts of assault with

12  a deadly weapon, and findings that he suffered one serious felony conviction, two "strike" convictions,

13  and five prison priors. (Petition at 2.) He argues the Petition should be granted on the following

14  grounds: (1) insufficient evidence to support the convictions for assault with a deadly weapon; (2)

15  ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel.

16                                          **II.**

17                              **STANDARD OF REVIEW**

18      **A.    Legal Standard for Review of R&R**

19          The duty of the district judge regarding the review of an R&R is set forth in Fed. R. Civ. P.

20  72(b) and 28 U.S.C. § 636(b)(1). Where objections are filed, section 636(b)(1) directs the district

21  judge to review *de novo* those portions of the R&R to which objections have been made. *See Hunt*

22  *v. Pyler*, 384 F.3d 1118, 1124–25 (9th Cir. 2004). The district judge may then accept, reject, or

23  modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C.

24  § 636(b)(1).

25          However, as to those portions of the R&R to which no objections have been made, the district

26  judge may assume the correctness of the magistrate judge's findings and recommendations. *See U.S.*

27  *v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the

28  magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.");

- 4 -

1  *see also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985) ("It does not appear that Congress intended to

2  require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any

3  other standard, when neither party objects to those findings."). A failure to object is deemed a sort of

4  "procedural default," waiving the party's right to review by the district judge. *Id.* at 151.

5      **B.    AEDPA Standard of Review**

6        Because Petitioner filed his habeas corpus petition after the passage of the Anti-Terrorism and

7  Effective Death Penalty Act of 1996 (AEDPA), the Court's review is limited by the provisions set

8  forth in 28 U.S.C. § 2254(d). Under this standard, a habeas petitioner is not entitled to relief unless

9  he can demonstrate that the State court's adjudication of his claim: (1) resulted in a decision that was

10  contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

11  by the Supreme Court of the United States; or (2) resulted in a decision that was based on an

12  unreasonable determination of the facts in light of the evidence presented in the State court

13  proceeding. 28 U.S.C. § 2254(d)(1)–(2). As such, section 2254(d)(1) imposes a "highly deferential

14  standard for evaluating State-court rulings," and "demands that State court decisions be given the

15  benefit of the doubt." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (*citing Lindh v. Murphy*,

16  521 U.S. 320, 333 (1997), and *Woodford v. Visciotti*, 537 U.S. 19 (2002)).

17                                                    **III.**

18                                      **DISCUSSION**

19        As discussed, Petitioner challenges his convictions based on: 1) insufficient evidence to

20  support the convictions for assault with a deadly weapon; 2) ineffective assistance of trial counsel; and

21  3) ineffective assistance of appellate counsel. Petitioner, however, filed no objections to the R&R's

22  denial of his claim based on sufficiency of the evidence. The Court therefore addresses only

23  Petitioner's second and third arguments.

24      **A.    Ineffective Assistance of Trial Counsel**

25        Petitioner claims his Sixth Amendment right to effective assistance of counsel was violated

26  as a result of his trial attorney's failure to investigate or subpoena witnesses as well as his failure to

27  object to evidence of his prior convictions presented at trial. (Petition at 7.) Under *Strickland v.*

28  *Washington*, 466 U.S. 668 (1984), a petitioner seeking to establish ineffective assistance of counsel

1   must establish that the attorney's representation did not meet an objective standard of reasonableness

2   and that there is a reasonable probability of a different result *but for* the attorney's errors. *Strickland*,

3   466 U.S. at 688, 694. To prevail, the petitioner must prove both requirements, and the Court may

4   reject his claim by finding either that the attorney's performance was reasonable or that the claimed

5   error was not prejudicial. *Id.* at 697.

### 1.    Failure to Investigate and Subpoena Witnesses

7        With respect to Petitioner's contention that his trial attorney failed to investigate and subpoena

8   witnesses, the R&R concludes: (1) Petitioner fails to satisfy the first *Strickland* requirement because

9   the attorney's decisions were reasonable under the circumstances; and (2) Petitioner fails to satisfy

10  the second *Strickland* requirement because he does not show a reasonable probability of a different

11  result *but for* the attorney's performance. (R&R at 10.)

12       Petitioner objects to the R&R on the grounds that his trial attorney's decision to allow

13  videotape (rather than live) testimony of defense expert Ronald Carr constitutes ineffective assistance

14  of counsel.[1]  (Objections at 3.)  Specifically, Petitioner argues his attorney's examination was

15  inadequate because the videotape was viewed by the jury on a thirteen-inch television screen and was

16  poorly edited, resulting in an "inconsistent and inadequate series of meaningless questions" that were

17  contrary to the evidence and "served only to confuse the [jury]." (*Id.*)  Further, Petitioner argues his

18  trial attorney deliberately failed to familiarize herself with Mr. Carr's testimony and was therefore

19  unable to lay a proper foundation during her examination. (*Id.*)  Finally, Petitioner objects to the

20  R&R's finding that his attorney's decision not to call a second defense expert, Donald R. Parisette,

21  was reasonable because the testimony would have been similar to that of Mr. Carr. (*Id.* at 4.)

22       With respect to the first *Strickland* requirement, the Court finds Petitioner fails to demonstrate

23  the attorney's decisions were objectively unreasonable. *Strickland* requires a strong presumption that

24  an attorney's conduct falls within a wide range of reasonable assistance. *Strickland*, 466 U.S. at 688.

25  As the R&R correctly notes, the attorney's decision to videotape Mr. Carr's testimony was clearly

26

27       [1] Petitioner requests judicial notice of (1) the records in the Court of Appeal action, and (2)
    Defendant's Exhibit R, which is a videotape of Mr. Carr's testimony. [Doc. No. 41.] The Court
28  grants Petitioner's unopposed request for judicial notice, as judicial notice of court records is routinely
    accepted. *See, e.g., Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635, n. 1 (N.D. Cal. 1978), *aff'd*,
    645 F.2d 699 (9th Cir. 1981).

04cv1639 DMS (AC)

(A)(32)

1  reasonable under the circumstances. (R&R at 10.) This method was the best means by which Mr.

2  Carr could testify on Petitioner's behalf as he was about to depart on a five-week vacation. (Lodgment

3  No. 2, 8 RT at 2-6.) His testimony was videotaped so the trial could proceed; it was agreed to by both

4  parties and presented to the jury as recorded. (Lodgment No. 2, 8 RT at 17-18.) Though Petitioner's

5  attorney periodically paused the tape to allow the jury to view relevant exhibits, nothing in the record

6  indicates that the attorney's presentation of the testimony or her decision to use a videotape was

7  unreasonable. (Lodgment No. 2, 12 RT at 492-497.)

8        With respect to the second prong of the *Strickland* analysis, the Court finds that Petitioner fails

9  to show a reasonable probability of a different result but for deficiencies in his attorney's

10  representation. To meet the standard, any deficiencies must prejudice the defense, rebutting a strong

11  presumption of reasonable conduct. *Strickland*, 466 U.S. at 691. As the R&R notes, Petitioner's

12  argument that the videotape was poorly edited is not supported by the record because there is no

13  evidence the tape was edited. (R&R at 10.) Furthermore, Petitioner's unsupported allegation that the

14  jury's viewing of the testimony on a thirteen-inch television screen was prejudicial because some

15  members of the jury "fell asleep" fails to demonstrate a reasonable probability of a different result but

16  for the attorney's decisions. (Objections at 3.)[2]  As Petitioner offers no other reason to support his

17  argument, he fails to satisfy the second prong of *Strickland*. (R&R at 10.)[3]

18        **2.    Failure to Object to Evidence of Prior Convictions**

19        Petitioner contends his attorney was ineffective because she did not object to exhibits and

20  evidence regarding Petitioner's prior convictions, thereby preventing a fair and impartial trial.[4]

21  ───────────────

22        [2] Petitioner provides no evidence in support of his allegation that jurors fell asleep during the
videotape testimony.

23        [3] As noted above, Petitioner also argues the trial attorney's failure to subpoena Mr. Parissette
24  was unreasonable. Here also Petitioner fails to satisfy the *Strickland* requirements. As indicated by
the record, his attorney made every effort to reach Mr. Parisette but failed because Mr. Parisette was
25  on vacation. (Lodgment No. 2, 8 RT at 2-6.) The Court must give deference to the attorney's
decisions under *Strickland*, and Petitioner has not shown how his trial attorney's failure to call Mr.
26  Parissette falls short of an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688, 689.
Although Petitioner objects to the R&R's finding that Mr. Parissette's testimony would have been
27  duplicative of Mr. Carr's, he does not offer any reasons demonstrating a reasonable probability of a
different result but for his attorney's failure to obtain said testimony. (Objections at 4.) As such, his
28  objection fails to satisfy the *Strickland* requirements.

        [4] On June 22, 2006, Petitioner filed supplemental objections to the R&R raising this argument.

1    (Petition at 7.)  Specifically, Petitioner contends Exhibit 30 (evidence regarding Petitioner's prior

2    robbery conviction for which he was ultimately acquitted) was unreasonably admitted as evidence,

3    and therefore his attorney's failure to object to the exhibit satisfies the first *Strickland* requirement.

4    The R&R concludes that even assuming Petitioner's allegation satisfies the first *Strickland* prong, he

5    fails to meet the second *Strickland* prong requiring a showing of a reasonable probability of a different

6    result but for inadequate representation.  (R&R at 11-12.)

7         In his Objections, Petitioner contends his attorney's failure to object to Exhibit 30 was

8    unreasonable under the first *Strickland* requirement because the exhibit referred to charges for which

9    Petitioner was ultimately acquitted.  (*Id.* at 4.)  However, he fails to address the second *Strickland*

10   requirement – in his Objections or elsewhere – and offers no argument that the jury's verdict would

11   have been different but for his attorney's failure to object.  (Objections at 4-7; Traverse at 11.)

12   Petitioner contends evidence of the prior convictions "[posed] a tremendous risk" that the Jury would

13   choose to convict him based on a theory of propensity for violence.  (Traverse at 11-12.)

14   Notwithstanding Petitioner's argument, in light of the "number and severity of Petitioner's past

15   convictions, it is highly unlikely that this one piece of evidence swayed the jury enough to convict

16   Petitioner." (R&R at 12; Lodgment No. 2, 10 RT 127-28.)  Furthermore, the jury was given specific

17   instructions to ensure that they would use past convictions properly.  (*Id.* at 12.)  Petitioner's

18   argument, therefore, is not sufficient to rebut the strong presumption of reasonable conduct that

19   *Strickland* requires.  *Strickland*, 466 U.S. at 688.[5]

20   **B.    Ineffective Assistance of Appellate Counsel**

21        Petitioner contends he was deprived of effective assistance of appellate counsel in violation

22   of his Fourteenth Amendment rights because his attorney failed to challenge the trial court's decision

23   not to bifurcate the trial on prior convictions.  (Pet. at 8.)  Appellate counsel, however, is permitted

24   to select the issues for appeal and does not have to raise every nonfrivolous claim.  *Smith v. Robbins*,

25 ──────────────

26   [5] Additionally, Petitioner objects to the R&R on the ground that the Magistrate Judge failed
     to consider the cumulative effect of counsel's alleged errors. Citing *Crisp v. Duckworth*, 743 F.2d 580
     (7th Cir. 1984), Petitioner argues that while the individual errors may not warrant relief, "[t]heir

27   cumulative effect may be substantial enough to meet the *Strickland* [] test." (Objections at 2.)
     Although Petitioner correctly cites the law, the Court concludes that the cumulative effect of the

28   alleged errors neither establishes that the representation fell below an objective standard of
     reasonableness nor that but for counsel's alleged errors, the result of the proceeding would have been
     different.

(A)(34)

1  528 U.S. 259, 288 (2000) (*citing Jones v. Barnes*, 463 U.S. 745 (1983)). While "it is still possible to

2  bring a *Strickland* claim based on counsel's failure to raise a particular claim," it is "difficult to

3  demonstrate that counsel was incompetent." *Id.* at 288. Counsel is only ineffective if the issues not

4  raised are shown to be stronger than the issues presented. Furthermore, counsel may reasonably

5  conclude that including weaker arguments would not be effective and might actually weaken the force

6  of stronger arguments. *Jones*, 463 U.S. at 745.

7      The R&R concludes Petitioner fails to meet the *Strickland* requirements to establish that he

8  was deprived of ineffective assistance of appellate counsel. It finds Petitioner fails to satisfy the first

9  *Strickland* requirement – representation that is objectively unreasonable – and concludes Petitioner's

10  appellate attorney acted reasonably given the circumstances of the case. (R&R at 13.) The R&R

11  notes that although the trial judge tentatively agreed to bifurcate the trial, the court ultimately decided

12  against bifurcation *after* Petitioner elected to testify and refused to admit prior convictions that the

13  prosecutor appropriately attempted to use for impeachment. (R&R at 13; Lodgment No. 2, 10 RT

14  126-132.)

15      The R&R recommends Petitioner's claim with respect to ineffective assistance of appellate

16  counsel be denied because Petitioner has not presented the Court with any evidence that the

17  bifurcation issue is stronger than the issues his appellate counsel chose for appeal, or that the

18  attorney's failure to raise the bifurcation issue on appeal was unreasonable under *Strickland*. (R&R

19  at 13-14.) As noted above, appellate counsel is permitted to choose which issues to appeal and is

20  generally only ineffective if the issues not chosen are shown to be stronger than those presented. *See*

21  *Smith*, 528 U.S. at 288. Furthermore, the R&R concludes that given the circumstances presented,

22  Petitioner's appellate counsel acted reasonably and within her discretion in deciding not to pursue this

23  issue on appeal. (R&R at 14.)

24      The Court agrees with the R&R that Petitioner fails to satisfy the *Strickland* requirements here.

25  In his Objections, Petitioner addresses reasons why he refused to admit his prior convictions,

26  including that the trial court made it clear he would be impeached with his prior convictions were he

27  to testify. (Objections at 8.) Further, Petitioner makes a general argument regarding ineffective

28  assistance of counsel, contending the force of his own testimony was "probably undercut by the

[jury's] [k]nowledge of [his] prior convictions." (Objections at 8.) However, Petitioner does not

1  address (1) whether his attorney's representation meets an objective standard of reasonableness, or

2  (2) whether there was a reasonable probability of a different result but for attorney error. *Strickland*,

3  466 U.S. at 688, 694. In addition, Petitioner fails to address why the bifurcation issue was stronger

4  than the issues his attorney chose to appeal. The Court adopts the R&R's recommendation to deny

5  Petitioner's claim of ineffective assistance of appellate counsel.

6                                  **IV.**

7                      **CONCLUSION AND ORDER**

8      For these reasons, the Court **ADOPTS** the R&R in its entirety. The Petition for Writ of

9  Habeas Corpus is **DENIED**. The Clerk shall enter judgment accordingly.

10      **IT IS SO ORDERED.**

11  DATED: December 8, 2006

12

13                              HON. DANA M. SABRAW
                                  United States District Judge

14

15  CC:    JUDGE MCCURINE
           ALL PARTIES

16

17

18

19

20

21

22

23

24

25

26

27

28

04cv1639 DMS (AC)

(36)(36)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

TED DARNELL DANIELS,

                Petitioner,

    vs.

JEANNE S. WOODFORD, Director,

                Respondent.

CASE NO. 04cv1639-DMZ(AC)

**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

    On December 8, 2006, this Court entered judgment denying the petition for a writ of habeas corpus brought by Petitioner pursuant to 28 U.S.C. § 2254. On January 3, 2007, Petitioner filed a Notice of Appeal and a Request for Certificate of Appealability. A certificate of appealability is authorized 'if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    Having reviewed the petition, the R&R and the December 8, 2006 Order denying the petition, the Court finds Petitioner has failed to demonstrate that reasonable jurists would find this Court's

- 1 -

**(A)(37)**

1    denial of his petition debatable.  Therefore the Court denies Petitioner's request for a certificate of

2    appealability.

3

4        **IT IS SO ORDERED.**

5    DATED:    January 9, 2007,

6

7                                                        HON. DANA M. SABRAW
                                                         United States District Judge

8    CC:    JUDGE MCCURINE
9           ALL PARTIES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

04cv1639 DMS (AC)

(A) (38(

**FILED**

AUG 8 3 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TED DARNELL DANIELS,<br><br>    Petitioner - Appellant,<br><br>v.<br><br>JEANNE S. WOODFORD, Director,<br><br>    Respondent - Appellee. | No. 07-55039<br><br>D.C. No. CV-04-01639-DMS<br>Southern District of California,<br>San Diego<br><br>ORDER |

Before:    HAWKINS and BYBEE, Circuit Judges.

The request for a certificate of appealability is denied.  *See* 28 U.S.C.

§ 2253(c)(2).  All pending motions and requests are denied.

(A)(39)

# Court of Appeal

FOURTH APPELLATE DISTRICT

Division One

750 B Street, Suite 300

San Diego, CA 92101

www.courtinfo.ca.gov/courts/courtsofappeal

(619) 645-2760

June 29, 2007

RE:   In re TED DARNELL DANIELS on Habeas Corpus.
      **D051173**
      **San Diego County No. SDC149951**

Dear Petitioner:

    Your petition for writ of habeas corpus has been received and filed on June 28, 2007, and assigned case number D051173. It is currently pending before the court. You will be notified of the court's decision once it has been rendered.

    Please notify the court should you have a change of address.

STEPHEN M. KELLY, CLERK

BY: _____
         Deputy Clerk

(A)(40)
(A)(40)

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

SEP 1 3 2007

| | |
|---|---|
| In re TED DARNELL DANIELS <br><br> on <br><br> Habeas Corpus. | D051173 <br><br> (San Diego County <br> Super. Ct. No. SDC 149951) |

THE COURT:

The petition for writ of habeas corpus has been read and considered by Justices Huffman, Haller and O'Rourke.  We take judicial notice of petitioner's direct appeal *People v. Daniels*, No. D038444, and prior habeas petition No. D044956.

The petition is procedurally barred because it is untimely and successive, and petitioner has not established an exception to the procedural bar.  (*In re Clark* (1993) 5 Cal.4th 750, 765, 767-768, 783, 797-798; *In re Bower* (1983) 38 Cal.3d 865, 873.)

To the extent petitioner relies on *Cunningham v. California* (2007) 127 S.Ct. 856, the petition is denied because *Cunningham* does not apply retroactively to cases such as petitioners that were final when *Cunningham* was decided.  (*In re Gomez* (2007) 153 Cal.App.4th 1516, 1520-1523; see also *In re Consiglio* (2005) 128 Cal.App.4th 511, 516.)

The petition is denied.

O'ROURKE, Acting P. J.

Copies to:  All parties

(A)(41)

MC-275

Name **TEd Darnell Daniels**

Address **Centinela State Prison**

**P.O. Box 911 / B5-147**

**Imperial, Cafornia 92251**

CDC or ID Number **T-23705**

**SUPREME COURT**
# FILED

OCT 2 4 2007

Frederick K. Ohlrich Clerk

Deputy

## IN THE SUPREME COURT

## OF CALIFORNIA
(Court)

---

**TED DARNELL DANIELS,**

Petitioner

vs.

**V. ALMAGER, Warden,**

Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. **S157533**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

(A)(42)

S157533

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re TED DARNELL DANIELS on Habeas Corpus

The petition for writ of habeas corpus is denied.

George, C. J., was absent and did not participate.

SUPREME COURT
FILED

APR 2 3 2008

Frederick K. Ohlrich Clerk

Deputy

WERDEGAR

Acting Chief Justice

(A)(43)

```
Ted D. Daniels #T-23705
Centinela State Prison
P.O. Box 911 / B5-147
Imperial, CA 92251

In Pro.Per.
```

## IN THE SUPREME COURT

## OF CALIFORNIA

In re

TED DARNELL DANIELS

On habeas corpus.

)
)
)-
)
)
)
)
)
)

No._____

Superior Court No. SDC 149951
Appeal Court  No. DO51173

DECLARATION AND EXPOUNDING STATEMENT
OF TED D. DANIELS IN SUPPORT OF PETITIO
ON SENTENCING

**RECEIVED**

OCT 2 4 2007

CLERK SUPREME COURT

(SUBSEQUENT PETITION ON SENTENCING)

ALL EXHIBIT ARE PART OF RECORDS FROM

TRIAL AND CLERK's TRANSCRIPT

(People v.Daniels #DO3844) AND (People v.Daniels #B006312)

(A2,42)

# EXHIBIT

# B

1  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2   IN AND FOR THE COUNTY OF SAN DIEGO

3 DEPARTMENT 12   BEFORE HON. DAVID M. SZUMOWSKI, JUDGE

4

5 _____

6 THE PEOPLE OF THE STATE OF CALIFORNIA, )

7     PLAINTIFF,   ) NO. SCD149951

8    VS.     ) PAGES 1 - 5

9 TED DARNELL DANIELS,   ) READINESS
            ) CONFERENCE

10    DEFENDANT.   )
 _____)

11

12     REPORTER'S TRANSCRIPT

13     MARCH 22, 2000

14

15

16 APPEARANCES:

17 FOR THE PEOPLE:   BONNIE DUMANIS,
          DISTRICT ATTORNEY

18        BY: GREGORY A. WALDEN, ESQUIRE
          DEPUTY DISTRICT ATTORNEY

19

20

21 FOR THE DEFENDANT:  DARYL DWORAKOWSKI, ESQUIRE
          1043 CIVIC CENTER DRIVE WEST

22         SANTA ANA, CA  92703

23

24

25

26

27    MINDY J. BARLOW, CSR #10009
     OFFICIAL COURT REPORTER

28     SAN DIEGO, CALIFORNIA

MINDY J. BARLOW, C.S.R.

1

1  <u>SAN DIEGO, CALIFORNIA, WEDNESDAY, MARCH 22, 2000, 8:30 A.M.</u>

2                              - OOO -

3          THE BAILIFF:  ITEM NO. 9, DANIELS.

4      MR. DWORAKOWSKI:  GOOD MORNING.  DARYL DWORAKOWSKI

5  WITH MR. DANIELS.  HE'S PRESENT, OUT OF CUSTODY.

6              MR. DANIELS, WOULD YOU STEP FORWARD TO THE

7  BAILIFF, PLEASE.

8              I WOULD BE -- I WOULD BE -- RESPECTFULLY BE

9  MAKING THE MOTION TO CONTINUE MR. DANIELS' MATTER TO A DATE

10 THAT'S MUTUALLY ADVANTAGEOUS FOR BOTH PARTIES.  I WAS HOPING

11 THE BEGINNING OF MAY, ON MAY THE 9TH, FOR TRIAL.

12         THE COURT:  DO YOU WANT TO SET ANOTHER READINESS

13 CONFERENCE?

14     MR. DWORAKOWSKI:  YES, I DO.

15     MR. WALDEN:  I ALSO FILED AN AMENDED.

16     THE COURT:  ALL RIGHT.

17     MR. WALDEN:  WE'VE GOT THAT UP THERE SOMEPLACE.

18     MR. DWORAKOWSKI:  I HAVE NOT RECEIVED A COPY.

19     THE COURT:  ALL RIGHT.  ALL RIGHT.  WHEN YOU GET A

20 COPY OF THE AMENDED, YOU CAN ARRAIGN YOUR CLIENT ON THE

21 AMENDED.

22     MR. DWORAKOWSKI:  THANK YOU.

23         **(BRIEF PAUSE IN THE PROCEEDINGS.)**

24     MR. DWORAKOWSKI:  I HAVE A COPY OF THE AMENDED.  I'LL

25 WAIVE FORMAL READING; I WILL ENTER A NOT GUILTY PLEA, DENY

26 ANY SPECIAL ALLEGATIONS CONTAINED WITHIN.

27     THE COURT:  ALL RIGHT.

28              MR. DANIELS, HOW DO YOU PLEAD TO THE CHARGES IN

2

1   THE AMENDED FORM, GUILTY OR NOT GUILTY?

2        THE DEFENDANT:  NOT GUILTY.

3        THE COURT:  DO YOU DENY THE ALLEGATIONS?

4        THE DEFENDANT:  YES.

5        THE COURT:  ALL RIGHT.

6             NOW, AS TO A CONTINUANCE, MR. WALDEN?

7        MR. WALDEN:  WE'RE GOING TO OBJECT TO ANY CONTINUANCE.

8   WE'RE ALSO GOING TO BE ASKING, BECAUSE OF THE CHANGE IN

9   CIRCUMSTANCES, THAT THE -- NOW IT'S A STRIKE CASE, THAT NOW

10  THAT THE BAIL BE INCREASED.

11            I THINK I OUTLINED IN CHAMBERS THE

12  CIRCUMSTANCES SURROUNDING THIS PARTICULAR CASE.  THE COURT

13  KNOWS THE FULL HISTORY OF MR. DANIELS, THE PAST HISTORY,

14  INCLUDING THE TWO ROBBERIES, AND A RECORD THAT GOES BACK

15  SOME ALMOST 20 YEARS.

16            NOW, THIS CASE WAS RATHER SUBSTANTIAL INSOFAR

17  AS THE VALUE OF WHAT WAS TAKEN:  $85,000 WORTH OF LAPTOP

18  COMPUTERS, A RATHER SOPHISTICATED PLAN THAT ENDED UP IN A

19  HIGH-SPEED CHASE THAT I BELIEVE EXCEEDED 100 MILES AN HOUR

20  ON SEVERAL FREEWAYS.  POLICE CARS WERE IN PURSUIT; IN FACT,

21  MR. DANIELS AT ONE TIME MADE A U-TURN, WENT BACK AT A POLICE

22  CARS AND ENDED UP RAMMING A COUPLE OF POLICE IN AN ATTEMPT

23  TO GET AWAY.

24            AND, AS A RESULT, THE BAIL, AS PRESENTLY SET,

25  WE THINK IS QUITE INSUBSTANTIAL.

26       THE COURT:  COUNSEL, AS TO THE BAIL ISSUE?

27       MR. DWORAKOWSKI:  THE STRIKE THAT'S BEING FILED IN THE

28  NEW FORM, JUDGE DEDDEH, I BELIEVE IT'S A 211.  IT'S ANOTHER

3

1   COUNT OF 211 THAT WAS INVOLVED IN THE SAME CASE WHERE MR.

2   DANIELS PLED TO A 211 THAT IS BEING PLED ON THE COMPLAINT.

3   IT'S NOT A NEW CRIME OR A NEW EPISODE OF CRIMINAL ACTIVITY;

4   IT'S JUST ANOTHER COUNT.

5          MR. DANIELS AND I HAVE DISCUSSED THIS SCENARIO,

6   AND SO MR. DANIELS KNEW THAT THIS POSSIBILITY EXISTED, THAT

7   THE PEOPLE COULD FILE AN AMENDED FORM.

8          HE HAS MADE EVERY SINGLE ONE OF HIS COURT

9   APPEARANCES; I EXPECT MR. DANIELS TO CONTINUE MAKING HIS

10   COURT APPEARANCES, SO, GIVEN THOSE CIRCUMSTANCES, I WOULD

11   RESPECTFULLY BE REQUESTING THE COURT TO LEAVE MR. DANIELS ON

12   THE SAME BAIL HE'S --

13       THE COURT:  ALL RIGHT.

14          WELL, I THINK THAT THE ONE MORE STRIKE CHANGES

15   THE COMPLEXION OF THIS CASE.  THERE'S VERY SERIOUS CONDUCT

16   INVOLVED IN THIS CASE AS WELL, AND, SO, GIVEN THE FACT THAT

17   NOW HE'S FACING A LIFE SENTENCE RATHER THAN A DETERMINATE

18   SENTENCE, I THINK THAT IT'S APPROPRIATE TO INCREASE THE

19   BAIL.  SO I'M GOING TO INCREASE THE BAIL TO $100,000.  THE

20   BAIL THAT'S CURRENTLY SET WILL BE EXONERATED, AND THE BAIL,

21   THE CASH BAIL THAT HE'S CURRENTLY PAID, WILL BE EXONERATED,

22   AND IT WILL BE $100,000 BAIL.

23          I'M GOING TO -- DOES HE STILL WANT TO CONTINUE

24   HIS CASE?

25       MR. DWORAKOWSKI:  WELL, MAY I HAVE A MOMENT WITH MR.

26   DANIELS, PLEASE?

27       THE COURT:  SURE.

28         **(BRIEF PAUSE IN THE PROCEEDINGS.)**

**4**

1    MR. WALDEN:  AS FAR AS THE PAPERWORK ON THE PRIORS IS

2    CONCERNED, I CAN PROVIDE THAT TO HIM --

3         IF YOU'D LIKE TO STICK AROUND SO WE CAN GET

4    THAT TAKEN CARE OF RIGHT AWAY.

5    THE COURT:  ALL RIGHT.  WELL, AGAIN, I'M INCLINED TO

6    GRANT -- I'M INCLINED TO GRANT THE CONTINUANCE.

7    MR. DWORAKOWSKI:  AND I WOULD STILL BE ASKING FOR THE

8    CONTINUANCE.

9    THE COURT:  MR. DANIELS, YOU HAVE A RIGHT TO GO TO

10   TRIAL ON THE DATE WHICH HAS PREVIOUSLY BEEN SET, WHICH I

11   BELIEVE IS APRIL 5.  DO YOU GIVE UP THAT RIGHT AND AGREE

12   THAT I CAN CONTINUE YOUR CASE UNTIL MAY 9, THERE BEING TEN

13   DAYS REMAINING TO GET YOUR CASE OUT?

14   THE DEFENDANT:  YES.

15   THE CLERK:  MAY 9TH, 2000, 9:00 A.M., DEPARTMENT 11.

16   MR. DWORAKOWSKI:  THAT'S DEPARTMENT 11?

17   THE COURT:  YES, DEPARTMENT 11.

18        SIR, YOU'RE ORDERED TO APPEAR ON THAT DATE.

19        COUNSEL, DO YOU WANT TO SET A NEW READINESS

20   DATE ON THAT?

21   MR. DWORAKOWSKI:  I WOULD PREFER JUST TO LEAVE IT.

22   THE COURT:  ALL RIGHT.

23   MR. DWORAKOWSKI:  AND IS IT POSSIBLE FOR ME TO

24   COMMUNICATE WITH MY CLIENT?

25   THE COURT:  NO.  WHEN THEY TAKE HIM BACK.  IF YOU WANT

26   TO STICK AROUND, THEY'LL ARRANGE THAT.  THEY NEED TO TAKE

27   HIM BACK NOW.

28   THE BAILIFF:  IF YOU WANT TO WAIT A FEW MINUTES, I'LL

5

1    SEE WHAT I CAN DO, BUT NOT RIGHT NOW.

2              (ADJOURNMENT OF THE PROCEEDINGS.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MINDY J. BARLOW, C.S.R.

1   STATE OF CALIFORNIA )

2                       )  SS:

3   COUNTY OF SAN DIEGO )

4

5

6           I, MINDY J. BARLOW, CSR NO. 10009, OFFICIAL

7   COURT REPORTER IN THE SUPERIOR COURT OF THE STATE OF

8   CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO, HEREBY

9   CERTIFY THAT I MADE A SHORTHAND RECORD OF THE PROCEEDINGS

10  HAD IN THE WITHIN CASE, AND THAT THE FOREGOING TRANSCRIPT

11  IS A FULL, TRUE, AND CORRECT TRANSCRIPTION OF THE

12  PROCEEDINGS IN THIS CASE.

13

14          DATED THIS _24th_ DAY OF _May_____, 2007.

15

16

17

18

19          _Mindy J Barlow_____
            MINDY J. BARLOW, CSR NO. 10009
20          OFFICIAL COURT REPORTER

21

22

23

24

25

26

27

28

MINDY J. BARLOW, C.S.R.

EXHIBIT



# PROPOSITION 21:

# IMPACT ON ADULT CRIMINAL COURT OPERATIONS

*by*

**Charles E. Nickel**
*Deputy District Attorney, San Diego County*

**L. Douglas Pipes**
*Senior Deputy District Attorney, Contra Costa County*

**David R. Ross**
*Deputy District Attorney, Los Angeles County*

**Kathryn Storton**
*Deputy District Attorney, Santa Clara County*

**March 8, 2000**

⌊1736Carjacking first became a felony of-
fense on October 1, 1993, when the Legisla-
ture enacted section 215. (Stats.1993, ch.
611, § 6.) At the same⌊1737time, the Legisla-
ture added "carjacking" by name to the list
of violent felonies in section 667.5, subdivision
(c), and to the list of serious felonies in
section 1192.7. (Stats.1993, ch. 611, §§ 11 &

18.5.) Because carjacking did not exist as a
distinct crime on June 30, 1993, it was not on
that date identified by name in either section
667.5, subdivision (c), or section 1192.7, sub-
division (c).

Defendant contends the trial court erred
when it deemed his 1994 carjacking convic-
tion to be a "strike" for sentencing purposes.

"(3) Rape as defined in subdivision (2) of Sec-
tion 261.
"(4) Sodomy by force, violence, duress, men-
ace, or fear of immediate and unlawful bodily
injury on the victim or another person.
"(5) Oral copulation by force, violence, duress,
menace, or fear of immediate and unlawful
bodily injury on the victim or another person.
"(6) Lewd acts on a child under the age of 14
years as defined in Section 288.
"(7) Any felony punishable by death or impris-
onment in the state prison for life.
"(8) Any felony in which the defendant inflicts
great bodily injury on any person other than an
accomplice which has been charged and
proved as provided for in Section 12022.7 or
12022.9 on or after July 1, 1977, or as speci-
fied prior to July 1, 1977, in Sections 213, 264,
and 461, or any felony in which the defendant
uses a firearm which use has been charged and
proved as provided in Section 12022.5 or
12022.55.
"(9) Any robbery perpetrated in an inhabited
dwelling house, vessel, as defined in Section 21
of the Harbors and Navigation Code, which is
inhabited and designed for habitation, inhabit-
ed trailer coach, as defined in the Vehicle
Code, or in the inhabited portion of any other
building, wherein it is charged and proved that
the defendant personally used a deadly or dan-
gerous weapon, as provided in subdivision (b)
of Section 12022, in the commission of that
robbery.
"(10) Arson, in violation of subdivision (a) of
Section 451.
"(11) The offense defined in subdivision (a) of
Section 289 where the act is accomplished
against the victim's will by force, violence,
duress, menace, or fear of immediate and un-
lawful bodily injury on the victim or another
person.
"(12) Attempted murder.
"(13) A violation of Section 12308.
"(14) Kidnapping, in violation of subdivision
(b) of Section 207.
"(15) Continuous sexual abuse of a child, in
violation of Section 288.5.
"The Legislature finds and declares that these
specified crimes merit special consideration
when imposing a sentence to display society's
condemnation for such extraordinary crimes of
violence against the person." (§ 667.5, subd.
(c).)
On June 30, 1993, section 1192.7, subdivision
(c), defined a "serious felony" as any of the
following:

"(1) Murder or voluntary manslaughter; (2)
mayhem; (3) rape; (4) sodomy by force, vio-
lence, duress, menace, threat of great bodily
injury, or fear of immediate and unlawful bodi-
ly injury on the victim or another person; (5)
oral copulation by force, violence, duress,
menace, threat of great bodily injury, or fear of
immediate and unlawful bodily injury on the
victim or another person; (6) lewd or lascivi-
ous act on a child under the age of 14 years;
(7) any felony punishable by death or impris-
onment in the state prison for life; (8) any
other felony in which the defendant personally
inflicts great bodily injury on any person, other
than an accomplice, or any felony in which the
defendant personally uses a firearm; (9) at-
tempted murder; (10) assault with intent to
commit rape or robbery; (11) assault with a
deadly weapon or instrument on a peace offi-
cer; (12) assault by a life prisoner on a nonin-
mate; (13) assault with a deadly weapon by an
inmate; (14) arson; (15) exploding a destruc-
tive device or any explosive with intent to
injure; (16) exploding a destructive device or
any explosive causing great bodily injury or
mayhem; (17) exploding a destructive device
or any explosive with intent to murder; (18)
burglary of an inhabited dwelling house, or
trailer coach as defined by the Vehicle Code,
or inhabited portion of any other building;
(19) robbery or bank robbery; (20) kidnap-
ping; (21) holding of a hostage by a person
confined in a state prison; (22) attempt to
commit a felony punishable by death or im-
prisonment in the state prison for life; (23) any
felony in which the defendant personally used
a dangerous or deadly weapon; (24) selling,
furnishing, administering, giving, or offering to
sell, furnish, administer, or give to a minor any
heroin, cocaine, phencyclidine (PCP), or any
methamphetamine-related drug, as described
in paragraph (2) of subdivision (d) of Section
11055 of the Health and Safety Code, or any of
the precursors of methamphetamines, as de-
scribed in subparagraph (A) of paragraph (1)
of subdivision (f) of Section 11055 or subdivi-
sion (a) of Section 11100 of the Health and
Safety Code; (25) any violation of subdivision
(a) of Section 289 where the act is accom-
plished against the victim's will by force, vio-
lence, duress, menace, or fear of immediate
and unlawful bodily injury on the victim or
another person; (26) grand theft involving a
firearm; (27) any attempt to commit a crime
listed in this subdivision other than an as-
sault." (§ 1192.7, subd. (c).)

**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**APR 19 2004**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

---

ISAAC RAMIREZ,

   Petitioner - Appellee,

 v.

R. A. CASTRO, Warden,

   Respondent - Appellant.

---

No. 02-56066

D.C. No. CV-00-05602-JSL

OPINION

*see Bottom of Page #6 CASe Granted ✳*

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Argued July 18, 2003
Submitted January 8, 2004
Pasadena, California

Filed April 19, 2004

Before: NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

Opinion by Judge Kim McLane Wardlaw

WARDLAW, Circuit Judge:

  The State of California through its Attorney General, Bill Lockyer, appeals

from the district court's judgment granting a writ of habeas corpus to petitioner

report of any force or violence associated with the offense. Indeed, when the authorities approached him in the Montclair Plaza parking lot, Ramirez surrendered without resistance, admitted his crime, and returned the VCR. When asked why he had tried to steal the VCR, Ramirez replied, "I don't know. I did something stupid."

For this shoplift of merchandise valued under $400, Ramirez could have been charged with petty theft, a misdemeanor offense punishable by a maximum sentence of six months in jail. *See* §§ 486-490. Instead, San Bernardino County prosecutors charged Ramirez with one count of petty theft with a prior theft-related conviction under § 666. In light of his two prior "serious felony" convictions under § 1192.7,[2] a conviction for this "wobbler" felony offense would bring Ramirez within the scope of California's Three Strikes law, exposing him to a possible sentence of 25 years to life in prison.[3] The "wobbler" offense would be treated as

---

[2] In 1996, Ramirez's prior second-degree robbery convictions were not "violent" felonies for purposes of a Three Strikes sentence, as only first-degree robbery was then so defined. *See* §§ 667(d)(1) (1996), 667.5 (1996). In 2000, well after Ramirez was convicted and sentenced, the Three Strikes law was amended such that "any robbery" is now a "violent felony" for purposes of a Three Strikes sentence. *See* §§ 667(d)(1) (2000), 667.5 (2000).

[3] For purposes of a Three Strikes sentence, "[t]he fact that [the defendant's] prior convictions were adjudicated in a single proceeding does not mean that they constitute one prior conviction; two strikes can arise from one case." *People v.*

(continued...)

6

COUNSEL LISTING

Bill Lockyer, Attorney General of the State of California; Robert R. Anderson, Chief Assistant Attorney General; Gary W. Schons, Senior Assistant Attorney General; Raquel M. Gonzalez, Supervising Deputy Attorney General; and Quisteen S. Shum, Deputy Attorney General, San Diego, CA for the respondent-appellant.

Petitioner-appellee Isaac Ramirez *in pro se*.

# EXHIBIT




"D"
Exhibit

13006312

COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

——— ——  —— ———

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                       )
                    Plaintiff-Respondent, )      OCT 26 1984
                                       )
        -vs-                           )  NO.  A 906892
                                       )
TED DARNELL DANIELS                    )
aka TITO DARNELL DANIELS,              )
                                       )
                    Defendant-Appellant. )
_____ )


APPEAL FROM THE SUPERIOR COURT OF LOS ANGELES COUNTY

HONORABLE EDWARD A. HINZ, JR., JUDGE PRESIDING

REPORTERS' TRANSCRIPT ON APPEAL


APPEARANCES:

For Plaintiff-Respondent          JOHN VAN DE KAMP
                                  State Attorney General
                                  3580 Wilshire Boulevard
                                  Los Angeles, Ca  90010


For Defendant-Appellant           In Propria Persona


COURT OF APPEAL-SECOND DIST.

NOV 30 1984

CLAY _____ __ __      Clerk
_____
                    Deputy Clerk

LUANNE J. FOWLER, CSR #3904
CHRISTINA INDA, CSR #3416
WILLIAM F. BARNES, CSR #3766
Official Reporters

ORIGINAL

ONE VOLUME ONLY

i

# M A S T E R   I N D E X

## APPEARANCE DATES

| DAY/DATE | SESSION | PAGE | VOL. |
|----------|---------|------|------|
| Monday, May 21, 1984 | (No A. M. Proceedings) | | |
| | P. M. | 1 | 1 |
| Tuesday, May 22, 1984 | A. M. | 10 | 1 |
| | P. M. | 12 | 1 |
| Wednesday, May 23, 1984 | A. M. | 34 | 1 |
| | P. M. | 91 | 1 |
| Thursday, May 24, 1984 | A. M. | 205 | 1 |
| | P. M. | 216 | 1 |
| Friday, May 25, 1984 | A. M. | 265 | 1 |
| | (No P. M. Proceedings) | | |
| Friday, June 22, 1984 | A. M. | 268 | 1 |

------------------------------------------------------------

# M A S T E R   I N D E X

## CHRONOLOGICAL INDEX OF PROCEEDINGS

| PROCEEDINGS: | PAGE | VOL. |
|---|---|---|
| Motions to amend Information | 1 | 1 |
| Arraignment on amended Information | 2 | 1 |
| **TRIAL:** | | |
| People's case in chief commences | 17 | 1 |
| Defendant's motion to relieve counsel | 34 | 1 |
| People rest | 194 | 1 |
| People's motion to reopen | 205 | 1 |
| People's case in chief reopened | 208 | 1 |
| People rest | 213 | 1 |
| Defense rests | 214 | 1 |
| Defense 1118.1 Motion | 216 | 1 |
| Closing argument:  People | 219 | 1 |
| Defense | 231 | 1 |
| Rebuttal | 244 | 1 |
| Court instructs the jury | 248 | 1 |
| VERDICT | 265 | 1 |
| PROBATION & SENTENCE HEARING | 268 | 1 |

# M A S T E R   I N D E X

## CHRONOLOGICAL INDEX OF WITNESSES

| PEOPLE'S WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS | VOL. |
|---|---|---|---|---|---|
| Dorothy **BOYD** | 17 | | | | 1 |
| (Reopened) | 31 | | | | 1 |
| Barbara **BOYD** | 24 | 28 | 29 | | 1 |
| Audrena **GOODIE** | 32 (sworn; no testimony) | | | | 1 |
| (Resumed) | 37 | 55 | 86 | 88 | 1 |
| (Further) | 89 | | | | 1 |
| Triva **CARTER** | 94 | 102 | 136 | 137 | 1 |
| (Further) | | | 138 | | 1 |
| Dan **ROSENBERG** | 140 | 146 | | | 1 |
| Gloria **GOODIE** | 155 | 159 | 181 | 183 | 1 |
| (Further) | | | 183 | | 1 |
| Gerald E. **BRUCE** | 185 | 189 | | | 1 |
| Thomas **MARTINEZ** | 191 | | | | 1 |
| (Recalled) | 208 | 210 | 213 | | 1 |

------------------------------------------------------------

# M A S T E R   I N D E X

## ALPHABETICAL INDEX OF WITNESSES

| PEOPLE'S WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS | VOL. |
|---|---|---|---|---|---|
| Barbara **BOYD** | 24 | 28 | 29 | | 1 |
| Dorothy **BOYD** | 17 | | | | 1 |
| (Reopened) | 31 | | | | 1 |
| Gerald E. **BRUCE** | 185 | 189 | | | 1 |
| Triva **CARTER** | 94 | 102 | 136 | 137 | 1 |
| (Further) | | | 138 | | 1 |
| Audrena **GOODIE** | 32 (sworn; no testimony) | | | | 1 |
| (Resumed) | 37 | 55 | 86 | 88 | 1 |
| (Further) | 89 | | | | 1 |
| Gloria **GOODIE** | 155 | 159 | 181 | 183 | 1 |
| (Further) | | | 183 | | 1 |
| Thomas **MARTINEZ** | 191 | | | | 1 |
| (Recalled) | 208 | 210 | 213 | | 1 |
| Dan **ROSENBERG** | 140 | 146 | | | 1 |

--------------------------------------------------------

58

**M A S T E R   I N D E X**

E X H I B I T S

| PEOPLE'S EXHIBITS | IDENTIFICATION PAGE | VOL. | IN EVIDENCE PAGE | VOL. |
|---|---|---|---|---|
| 1 – Photograph (Purse and victim D. Boyd) | 20 | 1 | 194 | 1 |
| 2 – Pink box (Hope Day & Night Collection) | 26 | 1 | 194 | 1 |
| 3 – Hope perfume container | 26 | 1 | 194 | 1 |
| 4 – Photograph | 28 | 1 | 194 | 1 |
| 5 – Photograph | 30 | 1 | 194 | 1 |
| 6 – Photograph | 30 | 1 | 194 | 1 |
| 7 – Black jacket | 42 | 1 | 194 | 1 |
| 8 – Photograph | 52 | 1 | 194 | 1 |
| 9 – Photograph | 138 | 1 | 194 | 1 |
| 10 – Brown leather coat | 208 | 1 | 214 | 1 |
| 11 – Photograph | 209 | 1 | 214 | 1 |
| 12 – Photograph | 210 | 1 | 214 | 1 |
| DEFENDANT'S EXHIBITS: | | | | |
| A – Diagram | 57 | 1 | 194 | 1 |
| B – Diagram (By T. Carter) | 104 | 1 | 194 | 1 |
| C – Photograph | 137 | 1 | 194 | 1 |
| D – Photograph | 137 | 1 | 194 | 1 |
| E – Photograph | 150 | 1 | 214 | 1 |
| F – Diagram (By G. Goodie) | 159 | 1 | 214 | 1 |

------------------------------------------------------------

1         MR. SHAPIRO:  Thank you, Your Honor.

2

3              C L O S I N G   A R G U M E N T

4 BY MR. SHAPIRO:

5         Your Honor, ladies and gentlemen, Miss Cunningham:

6 First I think, on behalf of everybody, I'd really like to thank

7 you for taking the time, careful attention you've given to this

8 matter.  Without jurors like yourselves, our criminal justice

9 system wouldn't have a chance.

10         You've heard a complete criminal trial now except

11 for my closing argument, this last argument, and the court's

12 instructions before you deliberate.  I just sat and listened to

13 the entire closing argument of the defense.  The most important

14 thing, you have to consider the facts of the case, because you

15 are the triers of fact.

16         The defense throughout the entire closing

17 argument didn't talk about the case, talked about her car being

18 broken into, what happens at county jail and what happens to

19 prisoners' hair, went through how I was trying to appeal to your

20 passions and prejudices.

21         On my statement, I discussed the facts, the

22 signaling, the discussions, the car being driving out at a high

23 rate of speed, the purses being taken, the identification, all

24 those things.  You didn't hear anything at all just now about

25 that, and I think it is very curious the defense counsel never

26 said," my client's the wrong person."  It's his attorney, defense,

27 even maintaining that.

28         Let me bring up some points that were raised in

1  closing argument.  I did make an assumption that this other

2  person was waiting in the car.  How else did that person get

3  there?  Remember the old commercial?  You see this car going

4  along the highway, convertible car; "Let Hertz put you in the

5  driver's seat," and the man comes down right behind the

6  driver's wheel.  Where did this other person come from that

7  wasn't in the car?

8          Goodie saw the purses being taken.  The man ran to

9  the car and she chased him to try to see which way he went down

10  the street.  The car was going just like that.  Where did this

11  other person come from?  Unless that person had been in the car,

12  or where is the third jacket?  Well, what the defense said was

13  right.  One person couldn't be charged -- we have a car.  The

14  testimony was clear.  The defendant was the driver.  He was the

15  one identified as being the one in the black jacket.  He's

16  charged with the robbery.  No doubt, the man in the back seat,

17  he's the one with the brown coat, People's 10.  No doubt.  He's

18  over there -- and, by the way, did you notice his haircut?

19  He's been there for a while, too.  He's got a completely

20  different haircut.  They don't give one type of haircut.  They

21  go in there and give you a skin like you get in the service. . .

22  you can get your hair the way you want to, basically.  It's not

23  exactly John Peters or somewhere in Beverly Hills, but you can ask

24  for what you want and usually get it.

25          The third party, the man with the long coat, he's

26  sitting there in the passenger seat.  He's not one of the people

27  that took the coats -- excuse me -- the purses, and he's not the

28  getaway driver and he can just come into court and say, "I was

42

1    just sitting there.  I didn't know what these guys were doing.

2    We all drove off."  That's why he's not charged.  That's why he

3    got his property back, because it belonged to him and we can't

4    keep it.  We have a picture of it in evidence.  That's why the

5    coat is not here.  It's an issue to divert your attention from

6    what's right in front of you, the fact that three people all

7    saw the defendant take Dorothy Boyd's purse and counsel can

8    collaborate with Daniels to get the purse as well (sic).  They

9    acted jointly.  Can't be any doubt about that at all.

10          One  thing I find that happens a lot of times is

11    the defense tells you part of one instruction -- and it's

12    always the same instruction, too -- that if there are two

13    reasonable interpretations, one pointing to guilt, one pointing

14    to innocence, you have to adopt the one that points to

15    innocence, if they're both reasonable.

16          Well, first of all, you don't have two reasonable

17    interpretations before you.  There's been only one interpreta-

18    tion, that defendant did take the purse.  But, assuming that

19    there were two, the other half of that instruction goes

20    something like this:  If there are two interpretations, one

21    that's reasonable and one that's unreasonable, you have to

22    accept the reasonable and disregard the unreasonable.  That's

23    the other half.

24          There's only one logical and reasonable interpreta-

25    tion, based upon the evidence that you've heard and every

26    argument that you've heard.

27          Perhaps you think I might be hammering a dead

28    horse or kicking a dead horse, but I don't know what's in your

1    minds and I don't know what possible types of questions you have,

2    so I try to cover everything, and cover everything two or three

3    times.  If I've satisfied you, bear with me because I want to

4    repeat a few more things.

5         The identification that was made about ten minutes

6    after by the three witnesses, counsel brought up something

7    about what happens at county jail when they have an auditorium

8    and it's full of seats and they can control the situation.

9    Here we have a situation where we have one police car available

10   to tackle three people over -- not three -- we don't have a

11   caravan.  The four people, actually, including the eleven year

12   old that didn't see what happened.  That's why she didn't

13   testify.  And they all spontaneously say, "Those are the two

14   guys."  No doubt.  No hesitation.  Nothing.  That's -- then,

15   "I just saw them ten minutes ago.  They ran right by the car.

16   We saw them talking before."  It's got to be clear.

17        Look at the difference in the color of the coats.

18   I'd like to thank the court for allowing me the opportunity to

19   reopen today, because I thought it would be important.  Maybe

20   you'd be confused.  If you didn't see the brown coat -- maybe

21   it was a dark brown coat and you might get confused somehow.

22   You could see the difference in that color.  There's no doubt

23   there.

24        Now, the third gentleman had a long coat.  Now,

25   this is the wrong color.  It's a coat -- the only coat I have

26   like this, I never get to wear it because it never rains, but

27   it's a full length coat and it's something that you wouldn't

28   make the mistake about, it's so obvious.

44

1    That's what the third man had on, the coat of that

2    length, not a sportscoat type effect.  The one hope I can

3    believe the defendant has is to hope for misidentification.

4    I think I've covered that.  But let me say the last thing.  The

5    most common things the defendant tries to raise, either directly

6    or indirectly in a case like this, is what we call SODDI,

7    some other dude did it.  Nothing that they can say, so they've

8    got to point the finger somewhere else.

9        There's a third person in this, so they want you to

10    believe that maybe this is the person that was confused with

11    the defendant, but there's been no testimony whatsoever of that

12    confusion.  All three witnesses positively identified the

13    defendant, and Coleman as the man without the teeth.  They

14    didn't even bother looking at the third guy, because they

15    realized right away he wasn't involved.  It can't be any more

16    clearer than that.  The defendant is guilty of both counts.

17    Robbery, he robbed Dorothy Boyd of her purse.  He knocked her

18    down and took her purse away and his crime partner, the man that

19    came out and smiled for you, he's the one that took the other

20    purse.  They acted together.  They're both responsible for each

21    other's acts.  The defendant is guilty of both counts of

22    robbery.  The evidence is all supporting in the prosecution's

23    theory in this case.  It is not supporting to any defense

24    interpretation whatsoever.

25        Again, thank you very much.

26    THE COURT:  Thank you.

27        Ladies and gentlemen, I'm going to instruct you,

28    and it will take about twenty minutes.  Then you will retire

1    to deliberate.  We'll skip the break now in order to get you

2    through this and then we'll have an opportunity for a break if

3    you need it.

4         "Ladies and gentlemen of the jury:  Now that

5    you've heard the evidence, we come to that part of the

6    trial where you're instructed on the applicable law.  I'm

7    required to read the instructions to you in open court.

8    In addition, you will have these instructions in their

9    written form in the jury room for use during your

10   deliberations.

11        Whether a defendant is to be found guilty or

12   not guilty depends upon both the facts and the law.  As

13   jurors you have two duties to perform.  One duty is to

14   determine the facts of the case from the evidence received

15   in the trial and not from any other source.

16        The word 'fact' means something that is

17   proved directly or circumstantially by the evidence.

18   Your other duty is to apply the rules of law that I

19   state to you to the facts as you determine them, and in

20   this way to arrive at your verdict.

21        It is my duty in these instructions to

22   explain to you the rules of law that apply to this case.

23   You must accept and follow the rules of law as I state

24   them to you.

25        If any rule, direction or idea in these

26   instructions is repeated or stated in varying ways, no

27   emphasis is intended and you must not draw any inference

28   because of its repetition.  You are not to single out any

54

1    the particular crime that to his knowledge his confederates

2    are contemplating committing, but he is also liable for

3    the natural and reasonable and probable consequences of

4    any act that he knowingly aided or encouraged.

5         A person aids and abets the commission of a

6    crime if, acting with knowledge of the unlawful purpose

7    of the perpetrator and sharing that criminal intent or

8    purpose, he aids, promotes, encourages, or instigates by

9    act or advice the commission of such crime.  Mere presence

10   at the scene of a crime, which does not itself assist the

11   commission of a crime, does not amount to aiding and

12   abetting.  Mere knowledge that a crime is being committed

13   and the failure to prevent it does not amount to aiding

14   and abetting.

15        Defendant is charged in Count I and II in

16   the Information with the commission of the crime of

17   robbery, a violation of Section 211 of the Penal Code.

18        The crime of robbery is the taking of personal

19   property in the possession of another from his person or

20   immediate presence and against his will, accomplished by

21   means of force or fear and with the specific intent

22   permanently to deprive such person of the property.

23        In order to prove the commission of the crime

24   of robbery, each of the following elements must be proved:

25        One, that a person had possession of some

26   value, however slight;

27        Two, that such property was taken from such

28   person or from his immediate presence;

55.

1

2              Three, that such property was taken against

the will of such person;

3

4              Four, that the taking was accomplished either

by force or violence or by fear or intimidation or by

5

both;

6

7              And five, that such property was taken with

the specific intent permanently to deprive the person

8

of the property.

9

10             In each of the crimes charged in Counts I

and II of the Information, namely robbery, there must

11

exist a union or joint operation of act or conduct and

12

a certain specific intent in the mind of the perpetrator,

13

and unless such specific intent exists, the crime to

14

which it relates is not committed.

15

16             The specific intent required is included in

the definition of the crimes charged.

17

18             The intent with which an act is done is shown

as follows:

19

20             By a statement of his intent made by

defendant;

21

22             by the circumstances attending the act;

The manner in which it is done;

23

24             The means used and the soundness of mind;

The discretion of the person committing the

25

act.

26

27             For the purposes of the case on trial, you

must asume that the defendant was of sound mind at the

28

time of his alleged conduct with which he is charged

constituting the crime described in the Information.

Each count charges a distinct offense. You must decide each count separately.

The defendant may be found guilty or not guilty of either or both of the offenses charged. Your finding as to each count must be stated in a separate verdict.

I have not intended by anything I have said or done, or by any question that I may have asked or by any ruling I may have made, to intimate or suggest what you should find to be the facts on any question submitted to you, or that I believe or disbelieve any witness. If anything I have done or said has seemed to so indicate, you will disregard it and form your own opinion.

You have been instructed as to all the rules of law that are necessary for you to reach a verdict.

Whether some of the instructions will apply will depend upon your determination of the facts. You will  disregard any instruction which applies to a state of facts which you determine does not exist. You must not conclude from the fact that an instruction has been given that the court is expressing any opinion as to the facts.

Both the People and the defendant are entitled to the individual opinion of each juror. It is the duty of each of you to consider the evidence for the purpose of arriving at a verdict if you can do so. Each of you must decide the case for yourself, but you do so only after a discussion of the evidence and instructions with

1   this courtroom.

2         Thank you."

3     Will the clerk please swear the bailiff.

4   THE CLERK:  You do solemnly swear that you will take

5  charge of the jury and keep them together; that you will not

6  speak to them yourself nor allow anyone to speak to them on

7  matters connected with the case except on order of the court;

8  that when they have agreed upon a verdict you will return them

9  into this court, so help you God.

10   THE BAILIFF:  I do.

11   THE CLERK:  You do solemnly swear that you will take

12  charge of the alternate jurors and keep them apart from the

13  jury while they are deliberating until otherwise instructed by

14  the court so help you God.

15   THE BAILIFF:  I do.

16     (The jury commenced deliberations.)

17     (At 4:00 p.m., an adjournment was

18     taken until Friday, May 25, 1984,

19     at 9:30 a.m.)

20

21

22

23

24

25

26

27

28

1        TORRANCE, CALIFORNIA; FRIDAY, MAY 25, 1984; 9:30 A.M.

2   DEPARTMENT SOUTHWEST "K"        HON. EDWARD A. HINZ, JUDGE

3        (Appearances as heretofore noted.)

4

5        (The jury resumed deliberations.)

6   THE COURT:  People versus Daniels.

7        Let the record show defendant is present

8   represented by counsel.  The People are represented by

9   counsel.  The twelve jurors are present.

10        Who is the foreman, please?

11   THE FOREMAN:  I am.

12   THE COURT:  Would you state your name, please, for the

13   record.

14   THE FOREMAN:  Allen Munson.

15   THE COURT:  Has the jury arrived at a verdict in this

16   matter?

17   THE FOREMAN:  It has.

18   THE COURT:  Would you please hand all the forms, signed

19   and unsigned, to the bailiff.

20        (The foreman complied.)

21   THE COURT:  Will the clerk please read the verdicts.

22   THE CLERK:  Title of court and cause:

23        "We, the jury in the above-entitled

24   action, find the defendant Ted Darnell Daniels

25   guilty of robbery, a felony, violation of Penal

26   Code Section 211 as charged in Count I of the

27   Information;

28        This 25th day of May, 1984,

1                   Allen Munson, Jr., Foreman."

2            Title of court and cause:

3                 "We, the jury in the above-entitled

4    action, find the defendant Ted Darnell Daniels

5    guilty of robbery, a felony, in violation of

6    Penal Code Section 211 as charged in Count II of

7    the Information;

8              This 25th day of May, 1984,

9             Allen Munson, Jr., Foreman."

10       Ladies and gentlemen of the jury, are these your

11 verdicts, so say you one, so say you all?

12         (The jury answered in the affirmative.)

13    THE COURT:  Would the clerk please poll the jury.

14         (The jury was polled.)

15    THE COURT:  Ladies and gentlemen, this completes your

16 service upon this case.  I want to thank each of you for the

17 time that you spent with us.  Those of you that are serving on

18 a jury for the first time, I'm sure now you realize how

19 important it is to have conscientious citizens who are willing

20 to serve in the capacity that you just served.

21       You should now return to the jury room for any

22 further instructions they may have for you.  As I told you at

23 the outset, once the case is over, you're free to talk to anybody

24 you want to, or if you don't want to talk to anybody, it's

25 100 percent up to you.

26       Thank you very much.  You're now discharged.

27       I want to thank the alternates for their attendance.

28 And I know that's a boring job, but thank you so much.

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               FOR THE COUNTY OF LOS ANGELES

3  DEPARTMENT SOUTHWEST "K"        HON. EDWARD A. HINZ, JUDGE

4

5  THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                          )
6                           Plaintiff,    )
                                          )
7            vs.                          )   ·No. A906892
                                          )
8  TED DARNELL DANIELS aka                )   REPORTER'S
                                          )   CERTIFICATE
9  Tito Darnell Daniels,                  )
                                          )
10                          Defendant.    )
   _____)

11

12  STATE OF CALIFORNIA      )
                             )  ss
13  COUNTY OF LOS ANGELES    )

14        I, CHRISTINA INDA, Official Reporter of the Superior

15  Court of the State of California, for the County of Los Angeles,

16  do hereby certify that the foregoing pages,  205  through  267 ,

17  comprise a full, true, and correct transcript of the proceedings

18  and testimony taken in the matter of the above-entitled cause on

19  May 24 and 25, 1984.

20        Dated this  28th  day of September, 1984.

21

22

23                              _____, CSR #3416
                                      Official Reporter

24

25

26

27

28

*SUPERIOR COURT OF THE STATE OF CALIFORNIA*

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT SOUTHWEST "K"        HON. EDWARD A. HINZ, JR., JUDGE


THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                        )
                        PLAINTIFF, )
                                        )NO. A906892
    -VS-                                 )
                                        )REPORTER'S CERTIFICATE
TED DARNELL DANIELS,                    )
                                        )
                        DEFENDANT. )
                                        )
_____

STATE OF CALIFORNIA      )
                         )  SS
COUNTY OF LOS ANGELES    )

        I, WILLIAM F. BARNES, OFFICIAL REPORTER OF THE SUPERIOR

COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS

ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES 268 THROUGH

273, INCLUSIVE, COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT

OF THE PROCEEDINGS HELD IN DEPARTMENT SOUTHWEST "K" ON

FRIDAY, JUNE 22, 1984, IN THE MATTER OF THE ABOVE-ENTITLED CAUSE.

        DATED THIS 26th DAY OF JULY, 1984.




        _____William F. Barnes_____ , CSR #3766
                OFFICIAL REPORTER

```
 1
 2                                        FILED
 3                                      JUL 27 1984
 4                              JOHN J. CORCORAN, COUNTY CLERK
 5                              BY                        DEPUTY
                                    L. Hickman
 6
 7
 8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
 9                   FOR THE COUNTY OF LOS ANGELES
10   DEPARTMENT SOUTHWEST "K"        HON. EDWARD A. HINZ, JR., JUDGE
11
12   THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                            )
13                            PLAINTIFF,    )NO. A906892
                                            )
14              -VS-                        )STATE PRISON
                                            )
15   JAMES COLEMAN,                         )
                                            )
16                            DEFENDANT.    )
     ───────────────────────────────────────)
17   TORRANCE, CALIFORNIA; MONDAY, JULY 2, 1984; 10:32 A.M.
18            UPON THE ABOVE DATE, THE DEFENDANT BEING PRESENT IN
19   COURT AND REPRESENTED BY COUNSEL, JEFFREY GRAY, ESQ., THE
20   PEOPLE BEING REPRESENTED BY RALPH SHAPIRO, DEPUTY DISTRICT
21   ATTORNEY OF LOS ANGELES COUNTY, THE FOLLOWING PROCEEDINGS WERE
22   HELD:
23              (WILLIAM F. BARNES, OFFICIAL REPORTER, CSR #3766.)
24
25      THE COURT:  PEOPLE VERSUS JAMES COLEMAN, A906892.
26           WILL COUNSEL STATE THEIR APPEARANCES, PLEASE?
27   MR. GRAY:  JEFFREY GRAY ON BEHALF OF MR. COLEMAN.
28   MR. SHAPIRO: RALPH SHAPIRO FOR THE PEOPLE.
```

1    THE COURT:  THIS IS THE TIME SET FOR PROBATION AND

2  SENTENCE HEARING.

3    DOES DEFENDANT WAIVE FORMAL ARRAIGNMENT FOR

4  JUDGMENT AND SENTENCE?

5    MR. GRAY:  YES, YOUR HONOR.

6    THE COURT:  IS THERE ANY LEGAL CAUSE WHY JUDGMENT

7  SHOULD NOT NOW BE PRONOUNCED?

8    MR. GRAY: NONE.

9    THE COURT:  IN THIS MATTER, THE COURT HAS RECEIVED, READ

10  AND CONSIDERED THE PROBATION OFFICER'S REPORT.  THAT REPORT

11  CONSISTS OF 14 PAGES.

12    IT RECOMMENDS THAT PROBATION BE DENIED.

13    THE COURT IS INCLINED TO IMPOSE TWO YEARS IN STATE

14  PRISON.

15    DO YOU WISH TO BE HEARD?

16    MR. GRAY:  ONLY, YOUR HONOR, MY RECORDS INDICATE MR.

17  COLEMAN HAS 202 ACTUAL DAYS IN CUSTODY.

18    THE COURT:  YES.

19    MR. GRAY:  SUBMIT THE MATTER.

20    THE COURT:  DO THE PEOPLE WISH TO BE HEARD?

21    MR. SHAPIRO: SUBMITTED.

22    THE COURT: IN THIS MATTER, ON MAY 21, 1984, DEFENDANT

23  ENTERED PLEAS OF GUILTY TO COUNTS I AND II, EACH CHARGING

24  VIOLATION OF PENAL CODE SECTION 211.

25    THE COURT IS OF THE VIEW THAT PROBATION SHOULD BE

26  DENIED, AND FORMALLY SO ORDERS FOR THE FOLLOWING REASONS:

27    NUMBER ONE:  DEFENDANT'S RECORD SHOWS CRIMES OF

28  INCREASING SERIOUSNESS.

1  NUMBER TWO: DEFENDANT'S CONDUCT INDICATES HE IS A

2  DANGER TO SOCIETY.

3  THE COURT ORDERS AS FOLLOWS:  PROBATION IS DENIED.

4  IT'S THE JUDGMENT AND SENTENCE OF THIS COURT THAT

5  AS TO COUNT I, VIOLATION OF PENAL CODE SECTION 211, THAT

6  DEFENDANT BE SENTENCED TO STATE PRISON FOR THE TERM OF TWO

7  YEARS.

8  IN REGARD TO COUNT II, IT'S THE JUDGMENT AND

9  SENTENCE OF THIS COURT THAT DEFENDANT BE SENTENCED TO STATE

10  PRISON FOR THE TERM OF TWO YEARS.

11  COUNTS I AND II ARE ORDERED TO RUN CONCURRENTLY;

12  THAT IS, ONE WITH THE OTHER.

13  THE COURT HAS SET THIS AT THE LOW TERM BASED ON

14  THE CIRCUMSTANCES SURROUNDING THE COMMISSION OF THE OFFENSE.

15  IN ADDITION TO THIS PERIOD OF TWO YEARS IN STATE

16  PRISON, A PERIOD OF PAROLE PURSUANT TO PENAL CODE SECTION

17  3000 COMMENCES UPON YOUR RELEASE FROM STATE PRISON.

18  THE PERIOD OF PAROLE SHALL NOT EXCEED THREE YEARS.

19  CONFINEMENT FOR VIOLATION OF PAROLE SHALL NOT

20  EXCEED ONE YEAR.

21  THE TOTAL TIME FOR PAROLE SUPERVISION AND

22  CONFINEMENT FOR VIOLATION OF PAROLE SHALL NOT EXCEED A TOTAL

23  OF FOUR YEARS.

24  IF YOU ARE PAROLED AND THEREAFTER ABSCOND, ANY

25  PERIOD FOLLOWING SUSPENSION OR REVOCATION OF PAROLE UNTIL YOU

26  ARE RETURNED TO CUSTODY SHALL NOT APPLY TO THE LIMITS ON THE

27  PAROLE TERM.

28  I FURTHER ORDER THAT DEFENDANT BE REMANDED TO THE

1    CUSTODY OF THE SHERIFF OF THIS COUNTY, AND I ORDER THE SHERIFF

2    OF THIS COUNTY TO TRANSPORT THE DEFENDANT TO THE RECEPTION AND

3    GUIDANCE CENTER AT CHINO, CALIFORNIA.

4        THE MATTER OF CREDITS:  DEFENDANT WAS ARRESTED

5    DECEMBER 14, 1983, AND HAS BEEN IN CUSTODY UNTIL TODAY'S DATE.

6    THAT'S 202 DAYS.

7        THE GOOD-TIME AND WORK-TIME THEREON IS 101 DAYS.

8        TOTAL CREDITS:  303 DAYS.

9        THAT WILL BE THE ORDER.

10       DEFENDANT IS REMANDED.

11

12       (PROCEEDINGS CONCLUDED.)

13       ---O0O---

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT SOUTHWEST "K"       HON. EDWARD A. HINZ, JR., JUDGE

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                        )
                            PLAINTIFF,  ) NO. A906892
                                        )
            -VS-                        )
                                        ) REPORTER'S CERTIFICATE
JAMES COLEMAN,                          )
                                        )
                            DEFENDANT.  )
_____)

STATE OF CALIFORNIA     )
                        ) SS
COUNTY OF LOS ANGELES   )

        I, WILLIAM F. BARNES, OFFICIAL REPORTER OF THE SUPERIOR

COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES,

DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

TRANSCRIPT OF THE PROCEEDINGS HELD AT THE TIME OF PRONOUNCING

SENTENCE; THAT THE VIEWS AND RECOMMENDATIONS OF THE COURT, IF

ANY, ARE CONTAINED THEREIN, PURSUANT TO SECTION 1203.01 OF THE

PENAL CODE.

        DATED THIS 17TH DAY OF JULY, 1984.


_____ , CSR #3766
        OFFICIAL REPORTER

1

2                                          FILED

3                                          JUL 1 6 1984

4                                          John J. Corcoran,        County Clerk

5                                          Q.J. Matthews

6                                          BY R. J. MATTHEWS, DEPUTY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10   DEPARTMENT SOUTHWEST "K"        HON. EDWARD A. HINZ, JR., JUDGE

11

12   THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                            )
13                          PLAINTIFF,      )NO. A906892
                                            )
14           -VS-                           )STATE PRISON
                                            )APPEAL RIGHTS
15   TED DARNELL DANIELS,                   )
                                            )
16                          DEFENDANT.      )
     _____)
17

18   TORRANCE, CALIFORNIA; FRIDAY, JUNE 22, 1984; 9:23 A.M.

19               UPON THE ABOVE DATE, THE DEFENDANT BEING PRESENT IN

20   COURT AND REPRESENTED BY COUNSEL, NANCY CUNNINGHAM, DEPUTY

21   PUBLIC DEFENDER OF LOS ANGELES COUNTY, THE PEOPLE BEING REPRE-

22   SENTED BY RALPH SHAPIRO, DEPUTY DISTRICT ATTORNEY OF LOS ANGELES

23   COUNTY, THE FOLLOWING PROCEEDINGS WERE HELD:

24               (WILLIAM F. BARNES, OFFICIAL REPORTER, CSR #3766.)

25

26       THE COURT:  PEOPLE VERSUS TED DARNELL DANIELS, A906892.

27           WILL COUNSEL STATE THEIR APPEARANCES, PLEASE?

28   MS. CUNNINGHAM:  YES, YOUR HONOR.  NANCY CUNNINGHAM

1    APPEARING ON BEHALF OF MR. DANIELS.

2                    HE IS BEFORE THE COURT.

3        MR. SHAPIRO:  RALPH SHAPIRO FOR THE PEOPLE.

4        THE COURT:  THIS IS THE TIME SET FOR PROBATION AND

5    SENTENCE HEARING.

6                    DOES DEFENDANT WAIVE FORMAL ARRAIGNMENT FOR JUDGMENT

7    AND SENTENCE?

8        MS. CUNNINGHAM:  SO WAIVED.

9        THE COURT:  IS THERE ANY LEGAL CAUSE WHY JUDGMENT

10   SHOULD NOT NOW BE PRONOUNCED?

11       MS. CUNNINGHAM:  THERE IS NO LEGAL CAUSE, YOUR HONOR.

12       THE COURT:  IN THIS MATTER, THE COURT HAS RECEIVED, READ

13   AND CONSIDERED THE PROBATION OFFICER'S REPORT.  THAT REPORT

14   CONSISTS OF 14 PAGES.

15                    IT RECOMMENDS THAT PROBATION BE DENIED.

16                    THE COURT IS INCLINED TO FOLLOW THAT RECOMMENDATION.

17                    DO YOU WISH TO BE HEARD?

18       MS. CUNNINGHAM:  NO, YOUR HONOR. I WILL SUBMIT IT.

19       THE COURT:  DO THE PEOPLE WISH TO BE HEARD?

20       MR. SHAPIRO:  JUST BRIEFLY, YOUR HONOR.

21                    I'D ASK THAT THE MAXIMUM TERM POSSIBLE BE IMPOSED

22   BASED UPON THE FACTS OF THE MATTER.

23                    THERE WAS PLANNING INVOLVED IN THE PERPETRATION OF

24   THE CRIME.  THERE WERE TWO VICTIMS; MULTIPLE VICTIMS; VULNERABLE

25   VICTIM INVOLVED.

26                    HE IS AN EXTENSIVE DANGER TO SOCIETY; AND DEFENDANT

27   HAS AN EXTENSIVE CRIMINAL RECORD.

28                    I'D SUBMIT IT ON THAT.

1      THE COURT:  ANYTHING FURTHER, MS. CUNNINGHAM?

2      MS. CUNNINGHAM:  NO, YOUR HONOR.

3      THE COURT:  IN THIS MATTER, ON MAY 25, 1984, A JURY

4  RETURNED ITS VERDICT FINDING DEFENDANT GUILTY OF COUNT I AND

5  COUNT II, EACH CHARGING ROBBERY, IN VIOLATION OF PENAL CODE

6  SECTION 211.

7      PRIOR TO THAT DATE, THAT IS, ON MAY 21, 1984,

8  DEFENDANT ADMITTED THE PRIOR FELONY CONVICTION, WHICH IS A

9  ONE-YEAR PRIOR.  THAT'S A CONVICTION FOR RECEIVING STOLEN

10 PROPERTY, AS ALLEGED.

11      THE COURT IS OF THE VIEW THAT PROBATION SHOULD BE

12 DENIED, AND FORMALLY SO ORDERS FOR THE FOLLOWING REASONS:

13      NUMBER ONE:  DEFENDANT'S RECORD SHOWS CRIMES OF

14 INCREASING SERIOUSNESS.

15      NUMBER TWO:  THIS WAS A PLANNED ESCAPADE INVOLVING

16 THE TWO VICTIMS IN THE MATTER.

17      THE COURT ORDERS AS FOLLOWS:  PROBATION IS

18 FORMALLY DENIED.

19      IT'S THE JUDGMENT AND SENTENCE OF THIS COURT THAT

20 AS TO COUNT I, ROBBERY, IN VIOLATION OF PENAL CODE SECTION 211,

21 THAT DEFENDANT BE SENTENCED TO STATE PRISON FOR THE UPPER TERM

22 OF FIVE YEARS.

23      IN REGARD TO COUNT II, ROBBERY, IN VIOLATION OF

24 PENAL CODE SECTION 211, IT'S THE JUDGMENT AND SENTENCE OF

25 THIS COURT THAT DEFENDANT BE SENTENCED TO STATE PRISON FOR THE

26 UPPER TERM OF FIVE YEARS.

27      THE COURT IS SETTING THESE AT THE HIGH TERM BASED

28 ON THE FACT THAT DEFENDANT'S RECORD SHOWS CRIMES OF INCREASING

1  SERIOUSNESS; AND HIS CONDUCT INDICATES HE IS A DANGER TO

2  SOCIETY.

3  THE SENTENCES AS TO COUNTS I AND II ARE ORDERED

4  TO RUN CONCURRENTLY.

5  IN ADDITION TO THIS PERIOD OF FIVE YEARS IN STATE

6  PRISON, THE COURT ORDERS THAT THE ONE ADDITIONAL YEAR FOR

7  THE PRIOR FELONY CONVICTION BE ORDERED TO RUN CONSECUTIVELY

8  THERETO, FOR A TOTAL STATE PRISON SENTENCE OF SIX YEARS.

9  IN ADDITION TO THIS PERIOD OF SIX YEARS IN STATE

10  PRISON, A PERIOD OF PAROLE PURSUANT TO PENAL CODE SECTION

11  3000 COMMENCES UPON YOUR RELEASE FROM STATE PRISON.

12  THE PERIOD OF PAROLE SHALL NOT EXCEED THREE YEARS.

13  CONFINEMENT FOR VIOLATION OF PAROLE SHALL NOT

14  EXCEED ONE YEAR.

15  THE TOTAL TIME FOR PAROLE SUPERVISION AND

16  CONFINEMENT FOR VIOLATION OF PAROLE SHALL NOT EXCEED A TOTAL

17  OF FOUR YEARS.

18  IF YOU ARE PAROLED AND THEREAFTER ABSCOND, ANY

19  PERIOD FOLLOWING SUSPENSION OR REVOCATION OF PAROLE UNTIL YOU

20  ARE RETURNED TO CUSTODY SHALL NOT APPLY TO THE LIMITS ON THE

21  PAROLE TERM.

22  I FURTHER ORDER THAT DEFENDANT BE REMANDED TO THE

23  CUSTODY OF THE SHERIFF OF THIS COUNTY, AND I ORDER THE SHERIFF

24  OF THIS COUNTY TO TRANSPORT THE DEFENDANT TO THE RECEPTION AND

25  GUIDANCE CENTER AT CHINO, CALIFORNIA.

26  THE MATTER OF CREDITS: DEFENDANT WAS IN CUSTODY

27  FROM DECEMBER 14, 1983, TO DECEMBER 31, 1983. THAT'S 17

28  DAYS; AND FROM APRIL 6, 1984 UNTIL TODAY'S DATE. THAT'S 77

1    DAYS.

2            TOTAL CREDITS:  94 DAYS; PLUS THE GOOD-TIME AND

3    WORK-TIME OF 47 DAYS.

4            TOTAL CREDITS REQUIRED BY LAW:  141 DAYS.

5            NOW, IN ADDITION, MR. DANIELS, IT'S MY DUTY TO

6    ADVISE YOU OF YOUR RIGHT TO APPEAL TO THE APPELLATE COURT

7    FROM THE JUDGMENT OF THIS COURT IN IMPOSING THE SENTENCE JUST

8    IMPOSED.

9            IF YOU WANT TO FILE AN APPEAL, THERE IS A 60-DAY --

10       MS. CUNNINGHAM:  YOUR HONOR, MAY WE -- I'M GOING TO FILE

11   THE APPEAL RIGHT NOW, SO I DON'T THINK THE ADVISEMENT IS

12   NECESSARY.

13       THE COURT: WELL, I THINK I'D BETTER ADVISE HIM ON THE

14   RECORD.  THERE ARE OTHER THINGS BESIDES THE FILING OF THE

15   NOTICE.

16           IF YOU WANT TO FILE AN APPEAL, THERE IS A 60-DAY

17   TIME LIMIT WITHIN WHICH YOU MUST ACT BY FILING A WRITTEN NOTICE

18   OF APPEAL.

19           THE 60 DAYS STARTS TO RUN FROM TODAY.

20           YOUR NOTICE OF APPEAL MUST BE FILED IN THIS COURT

21   AND NOT IN THE COURT OF APPEAL.

22           THE NOTICE OF APPEAL MUST BE SIGNED BY YOU OR

23   YOUR ATTORNEY.

24           IF YOU APPEAL YOU HAVE THE RIGHT AT NO COST TO YOU

25   TO A TRANSCRIPT AND RECORD OF THE TRIAL COURT PROCEEDINGS AS

26   PROVIDED FOR BY THE CALIFORNIA RULES OF COURT.

27           IF YOU APPEAL AND YOU DO NOT HAVE THE MONEY TO HIRE

28   A LAWYER, THE APPELLATE COURT WILL APPOINT A LAWYER TO REPRESENT

1    YOU ON APPEAL.  IT IS YOUR OBLIGATION TO KEEP THE APPELLATE

2    COURT ADVISED OF YOUR CURRENT MAILING ADDRESS.  THEY THEN WILL

3    BE IN TOUCH WITH YOU TO SEE WHETHER YOU HAVE A RIGHT TO A

4    FREE LAWYER AFTER YOU HAVE FILED THE NOTICE OF APPEAL.

5            THAT WILL BE THE ORDER.

6            DEFENDANT IS REMANDED.

7        MS. CUNNINGHAM:  YOUR HONOR, HE IS REQUESTING THE

8    COURT TO SET BAIL ON APPEAL.

9        THE COURT:  HAS THE NOTICE BEEN FILED?

10       MS. CUNNINGHAM:  NO, YOUR HONOR.

11       THE COURT:  WELL, I CAN'T RULE ON THAT UNTIL THE NOTICE

12   HAS BEEN FILED.

13       MS. CUNNINGHAM:  HERE IT IS.

14       THE COURT:  ALL RIGHT.

15           WE'LL HEAR A MOTION ON THE BAIL ON APPEAL.

16           DO YOU WISH TO BE HEARD?

17       MS. CUNNINGHAM:  MR. DANIELS, WOULD YOU LIKE TO ADDRESS

18   THE COURT?

19       THE DEFENDANT:  YES.  I WOULD LIKE A REASONABLE

20   APPEAL BOND SET AT THIS TIME ON THE MATTER.  I HAVE EVERY

21   INTENTION OF APPEALING THIS CASE.

22       THE COURT: MISS CUNNINGHAM, DO YOU HAVE ANYTHING YOU WANT

23   TO ADD?

24       MS. CUNNINGHAM:  NO, YOUR HONOR; SUBMITTED.

25       THE COURT:  DO THE PEOPLE WISH TO BE HEARD?

26       MR. SHAPIRO:  SUBMITTED.

27       THE COURT:  THE MOTION TO SET BAIL ON APPEAL IS DENIED

28   FOR THE FOLLOWING REASONS:

1              ONE:   THERE IS A STRONG LIKELIHOOD OF DEFENDANT'S

2    FLIGHT BASED ON THE SUBSTANTIAL PERIOD OF TIME IMPOSED.

3              NUMBER TWO:   DEFENDANT'S CONDUCT INDICATES HE IS A

4    DANGER TO SOCIETY, IF HE WERE TO BE RELEASED TO THE PUBLIC.

5              FOR THOSE REASONS, WHICH THE COURT IS ORDERED

6    TO SPREAD ON THE MINUTES OF THIS COURT, THE MOTION FOR BAIL

7    ON APPEAL IS DENIED.

8              THANK YOU.

9

10              (PROCEEDINGS CONCLUDED.)

11                   ---oOo---

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT SOUTHWEST"K"        HON. EDWARD A. HINZ, JR., JUDGE


THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                       )
                            PLAINTIFF, )
                                       ) NO. A906892
            -VS-                       )
                                       ) REPORTER'S CERTIFICATE
TED DARNELL DANIELS,                   )
                                       )
                            DEFENDANT. )
_____)

STATE OF CALIFORNIA      )
                         ) SS
COUNTY OF LOS ANGELES    )

        I, WILLIAM F. BARNES, OFFICIAL REPORTER OF THE SUPERIOR

COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES,

DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

TRANSCRIPT OF THE PROCEEDINGS HELD AT THE TIME OF PRONOUNCING

SENTENCE; AND NOTIFICATION OF APPEAL RIGHTS, PURSUANT TO RULE

250 OF THE CALIFORNIA RULES OF COURT; THAT THE VIEWS AND

RECOMMENDATIONS OF THE COURT, IF ANY, ARE CONTAINED THEREIN,

PURSUANT TO SECTION 1203.01 OF THE PENAL CODE.

        DATED THIS 10TH DAY OF JULY, 1984.


_____, CSR #3766
OFFICIAL REPORTER

## ABSTRACT OF JUDGMENT — COMMITMENT

FORM DSL 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ___LOS ANGELES___
BRANCH ___SOUTHWEST___

COURT I.D. | 9 0 0 1 0

PEOPLE OF THE STATE OF CALIFORNIA    versus
DEFENDANT: TED DARNELL DANIELS
AKA: TITO DARNELL DANIELS

CASE NUMBER(S)
A906892 - A
- B
- C
- D
- E

[X] PRESENT
[ ] NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT
[ ] AMENDED ABSTRACT

| DATE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 6  22  84 | SW K | EDWARD A. HINZ, JR | G. WRIGHT |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| . BARNES | R. SHAPIRO | N. CUNNINGHAM, DPD | X 011463 |

DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTION BY JURY TRIAL | COURT TRIAL | PLEA | TERM (L,M,U) | CONCURRENT | CONSECUTIVE VIOLENT | CONSECUTIVE NONVIOLENT | CONSECUTIVE | INCOMPLETE SENTENCE(S) | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 211 | ROBBERY | 83 | 05 | 25 | 84 | X | | | H | | | | | | | 5 | |
| 2 | PC | 211 | ROBBERY | 83 | 05 | 25 | 84 | X | | | H | X | | | | | | (5) | |

ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COUNT | 12022(a) | | | 12022(b) | | | 12022.3(a) | | | 12022.3(b) | | | 12022.5 | | | 12022.6(a) | | | 12022.6(b) | | | 12022.7 | | | 12022.8 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | |

INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. A. NUMBER OF PRIOR PRISON TERMS:

| § | C/F | S | I | |
|---|---|---|---|---|
| 667.5(a) | | | | 0 |
| 667.5(b) | 1 | | 1 | 1 |
| 667.6(b) | | | | 0 |

OTHER ORDERS:

B. NUMBER OF PRIOR FELONY CONVICTIONS:

| § | C/F | S | I | |
|---|---|---|---|---|
| 667.6(a) | | | | 0 |

TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):    0

TIME STAYED § 1170.1(a) (5-YEAR LIMIT) AND/OR § 1170.1(f) (DOUBLE BASE LIMIT):

TOTAL TERM IMPOSED:    ⟶    6

EXECUTION OF SENTENCE IMPOSED:

A. [ ] AT INITIAL SENTENCING HEARING    B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. [ ] AFTER REVOCATION OF PROBATION    D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC §1170(d))

| DATE SENTENCE PRONOUNCED MO DAY YEAR | CREDIT FOR TIME SPENT IN CUSTODY: TOTAL DAYS | | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| 6  22  84 | 141 | INCLUDING: | 94 | 47 | [ ] DMH    [ ] CDC |

DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[ ] FORTHWITH
[ ] AFTER 48 HOURS EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] CALIF. INSTITUTION FOR WOMEN — FRONTERA    [ ] CALIF. MEDICAL FACILITY — VACAVILLE    [X] CALIF. INSTITUTION FOR MEN — CHINO
[ ] OTHER (SPECIFY):

### CLERK OF SUPERIOR COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

CLERK'S SIGNATURE                    DATE
*J. Darling*    J. DARLING    JUN 2 5 1984

This form is prescribed pursuant to Penal Code § 1213.5, to satisfy the requirements of Penal Code § 1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code § 1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code § 1203c. § 1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the Judicial Council of California Effective July 1, 1981

## ABSTRACT OF JUDGMENT — COMMITMENT
FORM DSL 290

Pen.C. 1213.5.

DISTRIBUTION:    PINK COPY — COURT FILE,    YELLOW COPY — DEPARTMENT OF CORRECTIONS,    WHITE COPY — ADMINISTRATIVE OFFICE OF THE COURTS.

# EXHIBIT

# E

0224

People's Ex. 34
SCD149951
Rec'd 6-6-01
Dept 19  Clk JM

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY

GRAY DAVIS, *Governor*

DEPARTMENT OF CORRECTIONS
**DEPARTMENTAL ARCHIVES UNIT**
Aerojet Campus
2015 Aerojet Road
Rancho Cordova, CA 95742
(916) 358-1523

0225



DATE   : **FEBRUARY 14, 2000**

NAME   : **DANIELS, TED**
CDC NUMBER : **B79622**
DISCH DATE  : **03-83**

OFFICE OF THE DISTRICT ATTORNEY
COUNTY OF SAN DIEGO

Dear Sir/Madam:

This is to certify that the Director of the Department of Corrections is the official legal custodian of the records of prisoners committed to the California State Prisons, and has authorized the undersigned as Case Records Analyst of the Department of Corrections to certify in his behalf the criminal records of persons who have served sentences in the California State prisons, including the certifications required under 969b of the California Penal Code.

I further certify that the copies of the commitment, photograph, fingerprints and chronological history and/or movement history are true and correct copies of those in my custody as required by law.

Sincerely,

*Bernice Worthington*

**BERNICE WORTHINGTON**
Correctional Case Records Analyst
Departmental Archives Unit
(916) 358-1523



(4)

Department of Corrections                                                    State of California

# SENTENCE DATA SUMMARY

| COMMITMENT | COUNTY | RECEIVED | CDC NO. | |
|---|---|---|---|---|
| O | SAN LUIS OBISPO S.C. | 1-7-77 | #10115 | 0226 |

| SENTENCING DATA | | | | BOARD OF TERM FIXING ACTION DATE |
| --- | --- | --- | --- | --- |
| | | | | PRIMARY TERM DATE |

CT. 3, RSP W/PFC (496 PC) 2-10 YRS

CREDITS  0-1-29  Per 2900.5 PC
         0-0-7  Post sentence
         0-2-6  Total

EFFECTIVE DISCHARGE DATE

| DATE | CHRONOLOGICAL LISTINGS | TIME LOST | SECONDARY DISCHARGE DATE | PAROLE DATE |
|---|---|---|---|---|
| 1-7-77 | RCC CIM | | | |
| 1-13-77 | Rec'd Rcw-Cim | | | |
| 2-11-77 | WANTED Sheriff- LA County #M-234620 | | | |
| MAR 3 - 1977 | RECD CCC | | | |
| 4-26-77 | Continue to revised CDC-112 | | | |

| NAME | NUMBER | PAGE |
|---|---|---|
| DANIELS, TED | B-79622 | 1 |

CDC-117 (3-76)

DEPARTMENT OF CORRECTIONS                                    STATE OF CALIFORNIA

CUMULATIVE CASE SUMMARY
CHRONOLOGICAL HISTORY                                          0227

| DATE | CHRONOLOGICAL LISTINGS | INITIAL | TIME LOST | TIME RESTORED | RELEASE DATE |
|------|------------------------|---------|-----------|---------------|--------------|
| 4-26-77 | Continued posting | LK. | | | |
| 6-22-77 | GRANTED PAROLE ON ALL TERMS EFFECTIVE | pn | | | PD 10-3-... |
| | 5-78 Passage Hearing - 5677 PC | | | | |
| | complied with | | | | |
| | AH Primary Term | | | | |
| | #1049, ct 3, RSP (w) PFC, S.ser | | | | PT DO: 11-1-74 |
| 9-30-77 | CRB-ass Action - MAX: 11-1-78 | CP | | | MAX 11-1-7... |
| | min: 5-21-78 | | | | m/a 5-21- |
| 10-5-77 | WANTED - L.A. Co. S.O. - | KB | | | |
| | #A 609761 Vio. of Probation | | | | |
| 10-21-77 | No longer Wanted - | Ke | | | |
| | L.A. Co. S.O. - #A 609761 20 | | | | |
| | Failure to Pay Fine | | | | |
| 10-28-77 | Rec'd RCC-CIM | | | | |
| 11-8-77 | CTC in co (further Proceeding) | | | | |
| 11-15-77 | CRT RTN TFT | | | | |
| 11-18-77 | Received - CIM | | | | |
| 2-24-78 | Release to Central City Comm ctr | | | | |
| 5-21-78 | Paroled from CCCC to: S.W. | | | | |
| | L.A.#2, (316) L.A. Co. | | | PTDD SOD | 11-1-81 |
| | Discharge date modified per Sec. 3000 P.C. | | | DSL DD | 5-21-79 |
| 4-20-79 | Hold Placed | Jm | | | |
| 5-14-79 | Hold Removed | Jm | | | |
| 5-29-79 | Schedule for Revocation, Proceedings | Jm | | | |
| | Retain on Parole Imprisonor | | | | Retain |
| | pending Revocation Hearing | | | | |
| 6-11-79 | Waived Hearing - Unconditional | Jm | | FRT | 10-... |
| 6-22-79 | Rev hng: CCF Chgs 1-2-3-4. | CS | | CDD (PT) | -/- |
| | Ret hold. PR RTC 6 mos. | SS | | | |
| 7-25-79 | Rec'd RCC-CIM as P V WNT | mt | | | |
| | Total Conf time 2238... | | | Max L SL 5-3... | |
| | ... 96 | | | | |
| | ... 162 | mt | | Min L SL 7-2... | |
| 7-25-79 | PREVIOUS TERMS DISCHARGED | | | | |
| | PER CRB RULE 2649 | mt | | | |
| SEP 14 '79 | RECD CCC | | | | |
| 10-4-79 | Retan Bril Prt CRM 811. This is a suspel Jdg | inl | | | |

not a discharge

| NUMBER | NAME | INSTITUTION | PAGE |
|--------|------|-------------|------|
| B-79622 | Daniels Tod | CCC | 1 |

DEPARTMENT OF CORRECTIONS                                                    STATE OF CALIFORNI

CUMULATIVE CASE SUMMARY
CHRONOLOGICAL HISTORY                                                        0228

| DATE | CHRONOLOGICAL LISTINGS | INITIAL | TIME LOST | TIME RESTORED | RELEASE DAT |
|------|------------------------|---------|-----------|---------------|-------------|
| 9-15-80 | RECD CCC | CnR | | | |
| 9-10-80 | Presid. Good Time Credit 197 days (Includes 7 days PC and 148 days BC) | | 342 | MAX mIN | 1-19-8 7-1-8 |
| 7-3-80 | Apprehended + In Custody | | 273 | MAX mIN | 2-18-82 6-18-84 |
| 10-30-80 | FILE AUDITED Outake | 104 | | | |
| 3-12-81 | 30 Days Behavior Credit Lost (CDC 115 1-98) | 115 | 30 | min | 7-19-8 |
| 3-12-81 | File Audited | | | | |
| 5/18/81 | RECD CCC a | VID | | | |
| 6-13-81 | RECD CCC | RnC | | | |
| 6-22-81 | Restore 30 days Behavior Credit per Cppeal. CDC 115 reheard assessed 20 days Loss of Behavior Credit. | | | .30 | |
| 6-22-81 | 20 Days Behavior Credit Lost 1-98 | a | 20 | min | 7-9-8 |
| 6-29-81 | File Audited | | | | |
| 7-7-81 | FILE AUDITED | 10 | | | |
| 7-9-81 | RELEASED ON PAROLE, REGION III | | | | |
| | DISTRICT: Huntington PK COUNTY: L.A. | VRY | | | |
| | PAROLE PERIOD: 1 yr. DISCHARGE DATE: 7-9-82 | | | EDD 7-9-82 | |
| 1-6-82 | Hold | 03 | | | |
| 1-21-82 | Sch for Rev Proc | 03 | | | |
| 2-19-82 | Rev Hrng: IOC Chgs 1-2-3 | 03 | | PRR 7-6-82 | |
| | Retain Hold. PR. BTC 6 months SC "A.N.T." | | | CDD 1-9-83 | |
| 2-26-82 | Rec'd RCC CDC PU RTC | BC | | | |
| 3-30-82 | File audit | SV | | | |
| 4-1-82 | Rec'd CRC | | | | |
| 4-5-82 | Audits | M | | | |
| 6-3-82 | OTC SQ PA (arraign) | Sdi | | | |
| 7-6-82 | Return to Parole Region 31 Hunt Park Unit/ LA Co. CDD 1-9-83 | BC | | | |
| 6-28-82 | CRt Rtn TFT | BC | | | |
| 12-7-82 | PAROLE SUSPENDED eff. 11-2-82 | Gn | | | Susp |

| NUMBER | NAME | INSTITUTION | PAGE |
|--------|------|-------------|------|
| B-79622 | DANIELS Ted | CCC | 2 |

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

0229

## Cumulative Case Summary
## Chronological History

| Date | Chronological Listings | Initial | Time Lost | Time Restored | Release Date |
|------|------------------------|---------|-----------|---------------|--------------|
| 12-1-82 | NCIC Warrant per PED (2454) (b) ( -E -       ) Code 2. | gr | | | |
| 12-27-82 | Arrest and hold | LB | -55 | CDD | 3-5-8 |
| 1-12-83 | REINSTATE ON PAROLE AS OF 12-27-82 | LB | | PER | 3-5-8 |
| | Schedule for Revocation, Proceedings | | | CDD | 3-5-83 |
| 2-25-83 | Revocation Hrg. Results PR RTC 6 mos. Special Condition. Retain hold | LB | | DP | NB |
| 3-5-83 | Discharged per 2536(a) | qu | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| NUMBER | NAME | INSTITUTION | PAGE |
|--------|------|-------------|------|
| B 79622 | Daniels, Ted D | | |

CDC-112 (1-77)

STATE OF CALIFORNIA--YOUTH AND ADULT CORRECTIONAL AGENCY                                      GRAY DAVIS, Governor

0215

**DEPARTMENT OF CORRECTIONS**
# DEPARTMENTAL ARCHIVES UNIT
**Aerojet Campus**
**2015 Aerojet Road**
**Rancho Cordova, CA  95742**
**(916) 358-1523**


DATE            :  **JANUARY 28, 2000**

NAME            :  **DANIELS, TED**
CDC NUMBER   :  **C88454**
DISCH DATE    :  **12/96**


OFFICE OF THE DISTRICT ATTORNEY
COUNTY OF SAN DIEGO


Dear Sir/Madam:

This is to certify that the Director of the Department of Corrections is the official legal custodian of the records of prisoners committed to the California State Prisons, and has authorized the undersigned as Case Records Analyst of the Department of Corrections to certify in his behalf the criminal records of persons who have served sentences in the California State prisons, including the certifications required under 969b of the California Penal Code.

I further certify that the copies of the commitment, photograph, fingerprints and chronological history and/or movement history are true and correct copies of those in my custody as required by law.

Sincerely,

**DARLENE HAILEY**
Correctional Case Records Analyst
Department of Corrections
(916) 358-1523



CUMULATIVE CASE SUMMARY
CHRONOLOGICAL HISTORY

| DATE | CHRONOLOGICAL LISTINGS | INITIAL | TIME LOST | TIME RESTORED | RELEASE DATE |
|------|------------------------|---------|-----------|---------------|--------------|
| JUN 29 1984 | RCC-CIM | | | | |
| 7-6-84 | RCW | | | MAV | 6-12-91 |
| 8-1-84 | Field Sac | | | | |
| 8-23-84 | Term exp. cal. | | | CPRO | 7-19-87 |
| 4-11-85 | CC#5, Miramonte | | | | |
| 9-11-85 | SCC (Dental) return serv | | | | |
| | day to CC#5 Mir. | | | | |
| 9-19-85 | Escaped | | | | |
| 9-18-85 | NOTICE REQUESTED | | | | |
| 10-4-85 | Apprehended by Mrs Angeles | | | | |
| | Co. Sherif in custody S.A. | | | | |
| | Co. jail | | 16 days | | |
| 12-9-85 | Rec'd RCC | | | | |
| 12-23-85 | Rec'd Sierra CC | | | | |
| 1-27-86 | 150 days credit lost (CDC 1158549-5 | | 150 | EPRD | |
| 3-23-86 | Orange Co. Defendant | | | | |
| 6-30-86 | Returned to SCC with new term case | | | | |
| | 34491-7, 16 months consecutive w/c | | | | |
| | applied thru 6-30-86 at DI | | | EPRD | |
| 7-15-86 | Transfer audit work credit | | | | |
| | thru 6-30-86. Correction to | | | | |
| | work credit | | | april | |
| JUL 23 1986 | REC'D OFF U | | | | |
| 8-22-86 | Intake audit 590 dy apld thru | | | EPRD | |
| | incl training status | | | LPRD | |
| 3-2-87 | | | | 75 | |
| | 1986 | | | EPRD | |
| 4-4-87 | Add'l 18 day credit for V07 WCG thru | | | | |
| | 7-7-87 | | | | |
| 9-4-87 | Transfer audit ad AI status | | | | |
| | applied thru 7/31/87 | | | epd | |
| 9-10-87 | Rein CC-4 | | | | |
| 9-16-87 | Intake Audit | | | | |
| 10-31-87 | CI response #85-5154 of 9-1-85 | | 7 | DTD | |
| 3-31-88 | 45 Day Audit thru 1-31-88 | | | EPRD | |
| 3-10-88 | RC Audit thru 1-31-88 | | | DTD | |
| 4-22-88 | Parole audit | | | | |

C-58454     DANIELS, TED DARNELL

ROWENA CUENCA

7-6-91

STATE OF CALIFORNIA

## CHRONOLOGICAL HISTORY

DEPARTMENT OF CORRECTIONS

| Date | Chronological Listings | Initials | Dead Time | Reason Date |
|---|---|---|---|---|
| 4-25-88 | Tc audit thru 3-31-88 | | | |
| 4-27-88 | Tc audit thru 4-18-88 | | | |
| 5-3-88 | Tc audit thru 4-18-88 | | | 5-5-91 |
| 5/5/88 | Paroled to LA 1 / Reg. III | | | 5-5-89 |
| MAY 21 1988 | File Audited | | | SUSP |
| 1-6-89 | Parole Suspended Eff 11-22-88 Code 2 | | | |
| | RETURN TO PRISON FOR FURTHER PROCEEDINGS | | | |
| 2-2-90 | ARREST | | CDD | 7-15-92 |
| 2-21-90 | Reinstate on Parole as of 2-2-90 | | | |
| | REFER TO SCREENING CALENDAR | | | 2-22-91 |
| 4-24-90 | Rec'd RCC/CIM | | MX-DD | |
| 5-25-90 | Reaffirm action of 3-30-90 as recorded | | DR | |
| | in SAS, giving 12 mos Ineligible | | | |
| 4-24-90 | PREVIOUS TERMS DISCHARGED PER BPT RULE 2649. REMAINS ON CASE NO. ICR 13292 | | | |
| | PV-WNT | | | |
| 4-27-90 | Audited Rec'd RCU | | | |
| 5-3-90 | Audited | | | |
| 6-27-90 | Rec'd CMC-E (CAT J Eval) intab VG 39 | | | |
| 7-3-90 | INTAKE AUDIT - CMC - | | | |
| 8-10-90 | TRANSFER AUDIT-CMC · Credits applied | | EMO | 5-2-92 |
| | thru 7-31-90 p.A1. | | CDD | 5-2-95 |
| AUG 13 1990 | REC'D ASP | | DR | 5-2-93 |
| 12-18-90 | Intake Audit / WCG thru 11-30-90 | | | |
| 5/21/91 | 6 mo WCG thru 4-30 | | | |
| 11-25-91 | 6 mo WCG thru 10-31-91 | | | |
| 2-3-92 | 60 days gp credits | | | |
| 4/21/92 | Parole audit, Post sentence | | CDD | 5-18-92 |
| | credits corrected | | DR | 5-18-92 |

Number C-89454    Name DANIELS, Ted

"I certify that the image copied here is a true copy of the original per master certification on this file."

Name ROWENA CUENCA

Date 3-6-91

STATE OF CALIFORNIA        **CHRONOLOGICAL HISTORY**        DEPARTMENT OF CORRECTIONS

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 7/18/92 | Parole Reg. 4 Long Beach #2 | J | idd | 5-18-95 |
| 6-8-92 | file reviewed | CB | dw | 5-18-93 |
| 9-15-92 | Hold Place) | U | | |
| 9-23-92 | Rec'd CCI-CC | U | PRPD | 5-16-93 |
| 10-20-92 | Rev. hrng. Retain hold Par. Rev. | U | MRRD | 9-15-93 |
| | RTC 12mo. SB16 eligible | U | PEOD | 1-16-96 |
| 10-22-92 | Audit | U | QR | 5-16-94 |
| NOV 17 1992 | REC'D CVSP | CB | | |
| 12-8-92 | File Audited - Intake | DA | | |
| 1-6-93 | WD chg to A1 eff. 12-24-92 | DA | PRED | 4-10-93 |
| 2-4-93 | 60 day Pre-Release Au... Rec'd thru 12-31-92 | DA | MRRD | 9-15-93 |
| | | | PEOD | 12-11-95 |
| APR 2 1993 | 10 day Pre-Release Audit | | QR | 4-18-94 |
| APR 2 1993 | Per IM 2/89 actual days in cus... 207 revocation 207 total served to date | | | |
| 4-11-93 | Paroled To Reg. 4/Long Beach 2/ LACo | M | itice | |
| 9-1-93 | PAROLE SUSPENDED EFFECTIVE 7-26-93 Code 2 | Na | -172- | |
| 1-9-94 | ARRESTED/REINSTATED | PM | | |
| 3-25-94 | Hold Placed | | PLRD | 9-14-94 |
| | PAR REVOKED RTC ___ MOS. Oct. ___ | RFM | MRRD | 1-14-95 |
| | SB 16 F | | | |
| 5-2-94 | Rec'd CCI-RC | CB | NaeOD | 11-5-96 |
| | | | QL | 9-14-95 |
| MAY 17 1994 | PROCESS AUDIT | | | |
| MAY 17 1994 | RESTITUTION ORDERED PER | PJ | MinD$2 | 9-5-96 |
| | LA CO. CASE # KA020707 $200 | PJ | | |
| 5-27-94 | Out to CIM-E PHD hrg. | BL | | |
| 8-8-94 | PHD hrg. Parole revoked | | | |
| | RTC reaffirm opt waiver | | | |
| | 12 mos. Eligible | BL | | |
| 8-19-94 | Rtn CCI-RC PHD hrg. at CIM-E | | | |
| SEP 19 1994 | REC'D ASP | BS | | |

| Number | Name | Page |
|---|---|---|
| C08454 | DANIELS, TED | 116 |

"I certify that the image copied hereto is a true copy of the original per master certification on this folio."

ROWENA OLENOA  3-6-94
Name        Date

| STATE OF CALIFORNIA | CHRONOLOGICAL HISTORY | DEPARTMENT OF CORRECTIONS |
|---|---|---|

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 10-7-94 | File Audit. Case # ICR13292 auto | | Amax | 3-24-97 |
| | discharged per BPT 2649 off 9-14-94 | KE | Epro | 4-1-96 |
| | at PRRD. | Ori | Epl | 11-33-95 |
| 10-14-94 | At eff 10/12/94. | | | |
| 10-22-94 | NOTICE REQUESTED Riverside Co | TC | | |
| | M Family Support Division | KE | | |
| 6-19-95 | 6 mo WCC thru 5-31-95. | | cdd | 11-22-98 |
| 8-17-95 | 60 day parole audit. | KE | dr | 4-22-96 |
| 11-9-95 | Parole audit. | | | |
| 11-22-95 | Parole transier 4 Long Beach 2. | TC | | |
| 12-11-95 | State pension to Oregon III - Epl #1 - Col 2 A. | LL | | |
| 9-12-96 | File Audited | | | |
| 12-23-96 | Discharged per SB 1057, eff date 12-22-96 | LL | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Number | Name | Page |
|---|---|---|
| C88454 | Daniels, Ted. | 1C |

EXHIBIT

G

CDC-128-B-(Rev. 4/74)

NAME and NUMBER        DANIELS (T23705)

This inmate has been tested with the Test of Adult Basic Education (T.A.B.E.) on Jun 03, 2002 His grade-level scores are as follows:

|  |  |  |
|---|---|---|
| Test Level | **M7** | Class:  ABE I/II |
| Reading | 7.5 | Teacher:  Larios |
| Math | 7.1 |  |
| Language | 4.0 |  |
| Total | 6.1 |  |
| Form | **SURVEY** |  |

cc:  C-File
      Education File
      Instructor
      Inmate

*Total Score is Norm Referenced

C. M. Brown, Testing Coordinator
Calipatria State Prison

DATE    June 3, 2002          (T.A.B.E. Test Results, CAL-IV)          GENERAL CHRONO

---

CDC-128-B-(Rev. 4/74)

NAME and NUMBER        DANIELS (T23705) C5-137L

This inmate has been tested with the Test of Adult Basic Education (T.A.B.E.) on Mar 20, 2003. His grade-level scores are as follows:

|  |  |  |
|---|---|---|
| Reading | **8.3** | Class:  C ABE I/II |
| Math | 6.8 | Teacher: Larios |
| Language | 3.9 |  |
| Total | 6.2 |  |
| Form | **M8 COMPLETE BATTERY** |  |

cc:  C-File
      Education File
      Instructor
      Inmate

*Total Score is Norm Referenced

C. M. Brown, Testing Coordinator
Calipatria State Prison

DATE    March 20, 2003          (T.A.B.E. Test Results, CAL-IV)          GENERAL CHRONO

---

CDC-128-B (Rev.8/96)

NUMBER and NAME:  T 23705      DANIELS                    HOUSING _____

Test Date:    9/26/2007          Tabe Test Results

| | | | | Level / Form: |
|---|---|---|---|---|
| Reading | Score | GPL | 12.9 | |
| Math | Score | GPL | 6.0 | A10 |
| Language | Score | GPL | 2.4 | |
| Total Battery | Score | GPL | 5.9 | |

Issued by: 

Examiner/Teacher:  TUCKER,T DRYW

Inmate copy                CENTINELA STATE PRISON-CEN

**T A B E**

DATE:    9/27/2007                              GENERAL CHRONO

# Men's Advisory Council

## Facility "B"

December 12th, 2007

**M. Cullors, Principle & C. BRADLEY, Vice Principle the Education Department.**
**Centinela State Prison**

### CONFIRMATION OF MEETING HELD ON 12/12/07 (FACILITY 'B' EDUCATION OFFICE)

This letter is to confirm our meeting which took place within the Facility 'B' Education Office on 12/12/07, concerning the current status of our Law Libraries, Legal Research Computers, & Legal Assistance:

As per the 12/12/07 meeting with M. Cullors, Principle & C. Bradley, the Vice Principal of the Education Department, & the I.A.C. Sub-committee for Education/Vocation/Library Operations, with Gregg L. Barnes Chairman, P. Jackson Vice Chairman. We hereby notify Staff & The General Population at Centinela State Prison of the following facts/results of the particular meetings.

With the above mentioned C. Bradley concurrence, his awareness of federal law & binding Constitutional mandates, it has been resolved that:

We are pleased to report the Education Tutor Program(s) are being implemented. We have (3) Coordinators which are being hired. M. Conover H-98704 B4-220L, A. Reyes K-65473 B3-120L, & J. Buckner F-75206 B5-240L. The Coordinators will be collecting applications for Tutors & Prospective Students. (Men that wish to learn and/or get a G.E.D./College Degree)

M. Cullors was shocked to hear, that the Law Library Computers were in fact never fully installed, she had been told everything was fine, she had also been told on several occasions that the D.A.R.'s & Law Weeks were up to date, & in the Libraries.
So M. Cullors, requested C. Bradley into the meeting. By which C. Bradley scheduled a trip for the 'A' Facility Law Library on 12/14/07 to get the straight answers.
After months of going back & forth the D.A.R.'s are still not being delivered to 'A' Facility Law Library, in fact the last issue was June 16th, 2007. The Law Weeks, there are a few scattered issues, but the last was in October, 2007.

Chairman G. Barnes, along with (3) men of the General Population, from 'B' Facility, made a complete list of all the Software & Problems with the (3) Legal Research Computers:
Not one of the Research Computers had all of the Research Software Books, starting with Computer # 1 the closest to the office, had the least. Computer # 2 the most, but all Computers had Books that had expired, Books were not accessible or when called on, the response a File missing or Disk needed.
It is clear, M. Cullors & C. Bradley were in fact being intentionally mislead.
C. Bradley, called a meeting in the 'A' Facility Law Library office, with M. Cotero, Anchando & Chairman G. Barnes.
C. Bradley asked G. Barnes to explain the problems.
Anchando said the update Software was on its way from Sacramento, but she & Cotero did know about the Software problems. They would now take the appropriate steps to resolve the problems.

G. Barnes ask would it be possible to have American Jurisprudence & Juris Secundum put on the Legal Research Computers, as it is required by law.

Anchando & Cotero both said no, that the full set of American Jurisprudence is in the Circulating Law Library as required by law.

G. Barnes said well I've been in this prison for (5) years, & have asked about the American Jurisprudence on numerous occasions, but never seen one volume of American Jurisprudence.

Anchando, said oh no you cannot look at the books themselves, but if you request a page or particular section, it could be copied & brought to the 'A' Facility Law Library for viewing.

G. Barnes asked how many other research materials are hidden away & why can they not be accessible to the General Population.

Anchando said no, if you know the Section Number or Page #.

G. Barnes said we are not Lawyers & even Lawyers would need to see the actual books, we are but Students of the Law, doing research.

C. Bradley said the trip & meeting had been very enlightening, that he will be looking into the matters & be working to find Common Sense solutions, meeting adjourned.

**D.A.R.s**
The D.A.R.s are now ordered, C. Bradley will look into the back issues. G. Barnes explained that the D.A.R.s are our only window into our Courts, because the books & computers are at least a year out of date. We need the back issues of the D.A.R.s, our last issue was dated 06/16/07.

**Law Weeks**
C. Bradley made phone calls to the Law Libraries, both Law Libraries report the Law Weeks are current to October & under the counter.

**American Jurisprudence**
C. Bradley made phone calls; the American Jurisprudence are in the Main Law Library in Facility 'C' Voc. as per the D.O.M. & the Circulating Law Library requirements, the American Jurisprudence will be sent to Facility 'A' Law Library for use.

The computer in the Law Library will be receiving their up-dates, C. Bradley will look into having the American Jurisprudence up-dated & activated as Well.

Such law books/volumes as **American Jurisprudence 2d,** Corpus Jurist Secondom, California Appellate Reports, first & second series, Federal Jurisprudence 2d. continuing through California Jurisprudence 3d., among others. These are required by law, refer to The **D.O.M. § 53060.14**

**Court Deadlines**
The need to have Priority Ducats for the Men with Court Ordered Deadlines, & the need for the Custody Staff to call in the Court Deadlines to the Law Library.

General Population with Court deadlines should, without excuse, be given access to the law libraries, legal assistance, legal materials & copy services, without regard for work, vocational, or educational assignments. If such access would conflict with such, assignment hours.

All the General Population with or without Court Deadlines should have Reasonable Access to Legal Materials at least (10) hours per week, which has been found to be reasonable by The U.S. 9th Circuit Court of Appeals, such rulings are binding on state prison personnel & must be adhered to. The General Population with Court Ordered Deadlines must be given Daily Access to the Law Libraries and/or all necessary Legal Materials, Legal Assistance & Copying Services.

3.

(Blue) priority ducats takes precedence over assigned jobs & are necessary: Because the Courts have ordered the individual man of the General Population, to respond within the Court ordered deadline. These are normally **10 to 90 days.** But with the normal lockdowns it can take days, weeks, or even inform the Librarian on 'A' Facility, & then **7 to 10 days for her to verify** the Court order. Then after the deadline has been established, the man has not been allowed access if he does not have a scheduled day off, even if his job hours do not conflict with the libraries normal hours of **9 a.m. to 11 a.m.**. Even with no job or instructor for the week or month. C. Bradley will be considering these matters & render his response within (3) weeks.

**Legal Assistance**
    M. Cullors, will be helping us with the start of this program.

    Please Review the above & Sign to confirm or Set a Date & Time to Meet, as your assistance in this matter is essential to Our Success, Thank You. If you have any further questions, please feel free to contact me through the Facility 'B' Program Offices at extension 6202.

Without Prejudice, UCC 1-207 & 1-103

G. L. Barnes, T-94664
B4-112L
Facility 'B' MAC Chairman

P. Jackson, C-57439
B2-138L
Fac. 'B' MAC V-Chairman

APPROVED for Distribution

CONFIRMED or SCHEDULE MEETING:

M. Cullors,
Principle Education of Education Department
Centinela State Prison

        Date        , Time

        cc: ALL M.A.C. Chairmen

State of California
Department of Corrections and Rehabilitation
Case 3:08-cv-00961-IEG-NLS    Document 1-3    Filed 05/29/2008    Page 6 of 83

# Memorandum

Date  :  December 16th, 2007

To    :  All Facility 'B' Staff:
         Centinela State Prison

4.

Subject:  ACCESSIBILITY TO FACILITY 'B' HOUSING UNITS FOR COORDINATORS OF THE
          TUTOR PROGRAMS:

     The Coordinators of the Educational Peer Tutoring Program, are
allowed access to all Housing Units.  This access is to allow the
Coordinator(s) access to the Building Tutors & Students of these
programs.

     The Coordinators will eventually be given identification cards.

Coordinators:

| | | |
|---|---|---|
| Conover | H-98704 | B4-220L |
| Reyes | K-65473 | B3-120L |
| Buckner | F-75206 | B5-240L |

     Please release these individuals at 8:00 am.  12:30 & 19:30 hours.

     If you have any further question, please feel free to contact me
through the Facility 'B' Program Office at extension 6200.

M. Cullors, Principle of Education

Approved / Disproved

                                            12
                                            12

M. Sanders, Facility 'B' Captain
Centinela State Prison

RECEIVED CAL APPEALS OCT 0 5 2005

**DUCAT PASS** CDC 129          DATE: 06/21/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705  NAME: DANIELS CELL: C3-241

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**CAL   0  05  1218**

**DUCAT PASS** CDC 129          DATE: 06/23/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705  NAME: DANIELS CELL: C3-241

PASS TO : FAC 'D' LAW LIBRARY

REASON:  LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 06/27/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705  NAME: DANIELS CELL: C3-241

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 07/01/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705  NAME: DANIELS CELL: C3-241

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 07/05/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705  NAME: DANIELS CELL: C3-241

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 07/09/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23703  NAME: DANIELS CELL: C3-241

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 08/28/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705  NAME: DANIELS CELL: C3-241

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 08/20/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705  NAME: DANIELS CELL: C3-241

PASS TO : FACILITY "D" LAW LIBRARY

REASON:  LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 08/22/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705  NAME: DANIELS CELL: C3-141

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 08/18/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705  NAME: DANIELS CELL: C3-241

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129            DATE: 10/03/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:           TIME:       RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 10/05/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:           TIME:       RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 10/07/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:           TIME:       RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 10/09/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:           TIME:       RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 10/17/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:           TIME:       RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 10/23/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:           TIME:       RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 10/29/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:           TIME:       RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 11/04/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:           TIME:       RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 11/06/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-32705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

---

**DUCAT PASS** CDC 129            DATE: 11/08/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-34705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:           TIME:       RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 09/17/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C3-129

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:           TIME:       RECORDED BY:

2.

RECEIVED CAL APPEALS OCT 0 5 2005

CAL 0 05 1218

**DUCAT PASS** CDC 129     DATE: 11/10/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-135

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:           RECORDED BY:

DEPART TO:     TIME:     RECORDED BY:

---

**DUCAT PASS** CDC 129     DATE: 11/12/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:           RECORDED BY:

DEPART TO:     TIME:     RECORDED BY:

---

**DUCAT PASS** CDC 129     DATE: 11/22/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:           RECORDED BY:

DEPART TO:     TIME:     RECORDED BY:

---

**DUCAT PASS** CDC 129     DATE: 11/24/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:           RECORDED BY:

DEPART TO:     TIME:     RECORDED BY:

---

**DUCAT PASS** CDC 129     DATE: 11/26/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:           RECORDED BY:

DEPART TO:     TIME:     RECORDED BY:

---

**DUCAT PASS** CDC 129     DATE: 11/30/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:           RECORDED BY:

DEPART TO:     TIME:     RECORDED BY:

---

**DUCAT PASS** CDC 129     DATE: 12/02/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:           RECORDED BY:

DEPART TO:     TIME:     RECORDED BY:

---

**DUCAT PASS** CDC 129     DATE: 12/04/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:           RECORDED BY:

DEPART TO:     TIME:     RECORDED BY:

---

**DUCAT PASS** CDC 129     DATE: 12/06/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:           RECORDED BY:

DEPART TO:     TIME:     RECORDED BY:

---

**DUCAT PASS** CDC 129     DATE: 12/08/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

*3.*

ARRIVAL TIME:           RECORDED BY:

DEPART TO:     TIME:     RECORDED BY:

RECEIVED ON APPEALS OCT 0 5 2005

CAL — 0 05 12 18

**DUCAT PASS** CDC 129          DATE: 10/11/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129          DATE: 10/19/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129          DATE: 10/21/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129          DATE: 10/27/02
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129          DATE: 12/28/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129          DATE: 01/03/2003
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129          DATE: 01/05/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129          DATE: 01/09/2003
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129          DATE: 01/19/2003
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129          DATE: 01/25/2003
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY        4.

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

RECEIVED CAL APPEALS OCT 0 5 2005

CAL   0 05 1218

**DUCAT PASS** CDC 129          DATE: 02/20/2003
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1345

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 02/22/2003
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 02/26/2003
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1345

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/12/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/14/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/16/2003
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/18/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**"GENERAL" DUCAT PASS** CDC 129          DATE: 4/5/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO: D-LAW LIBRARY

REASON: LAW LIB

TIME: 1115

---

**"GENERAL" DUCAT PASS** CDC 129          DATE: 4/7/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO: "D" LAW LIBRARY

REASON: LAW LIB

TIME: 1115

---

**"GENERAL" DUCAT PASS** CDC 129          DATE: 4/9/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANILELS    CELL: C5-137

PASS TO : "D" LAW LIBRARY

REASON: LAW LIB                  5.

TIME: 1115

RECEIVED CAL APPEALS OCT 0 5 2003

CAL 0 05 1210

**DUCAT PASS** CDC 129                DATE: 04/11/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELDS** CELL: **C5-137**

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                        RECORDED BY:

DEPART TO:            TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129              DATE: 04/17/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                        RECORDED BY:

DEPART TO:            TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129                DATE: 04/19/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:                        RECORDED BY:

DEPART TO:            TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129              DATE: 04/21/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

RECORDED BY:

ARRIVAL TIME:

DEPART TO:            TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129              DATE: 04/25/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:                        RECORDED BY:

DEPART TO:            TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129              DATE: 04/28/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C3-241**

PASS TO : FACILITY 'D' LIBRARY

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:                        RECORDED BY:

DEPART TO:            TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129              DATE: 05/01/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY D LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                        RECORDED BY:

DEPART TO:            TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 12                DATE: 05/03/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                        RECORDED BY:

DEPART TO:            TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129                DATE: 05/07/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                        RECORDED BY:

DEPART TO:            TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129              DATE: 05/09/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23205  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                        RECORDED BY:

DEPART TO:            TIME:          RECORDED BY:

**DUCAT PASS** CDC 129    DATE: 05/11/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23205 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:
DEPART TO:               TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/13/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:
DEPART TO:               TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/17/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:
DEPART TO:               TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/19/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:
DEPART TO:               TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/23/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY    IAO

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:
DEPART TO:               TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/25/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-134

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:
DEPART TO:               TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/27/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC "D" LAW LIBRARY    IAO

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:                          RECORDED BY:
DEPART TO:               TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/29/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:
DEPART TO:               TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 06/04/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:
DEPART TO:               TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 06/06/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1345

ARRIVAL TIME:                          RECORDED BY:
DEPART TO:               TIME:         RECORDED BY:

RECEIVED CAL APPEALS OCT 0 5 2005

**DUCAT PASS** CDC 129          DATE: 06/08/03
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY          IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129     CAL     O  05  12 18  DATE: 06/10/03
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115                        IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 06/12/03
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY          IAO

TIME: 1345

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 06/14/03
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY          IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 06/16/03
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115          IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 06/20/03
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 07/02/03
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY          IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 07/08/03
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115          IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 07/10/03
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: P23762 NAME: DAVIS CELL: C5-137

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1345          IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 07/20/03
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23755 NAME: DANIELS CELL: C5-137

PASS TO : FAC "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129    DATE: 09/11/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/20/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'C' LAW LIBRARY

REASON: LAW LIBRARY    **IAO**

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/24/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' YARD LAW LIBRARY

REASON: LAW LIBRARY    **IAO**

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 10/10/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY    **IAO**

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 10/12/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY    **IAO**

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 10/20/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 11/01/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 11/07/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY    **IAO**

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 11/09/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY    **IAO**

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 11/15/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115    **IAO**

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129    DATE: 11/17/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:         TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE:
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:         TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 11/29/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:         TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 12/01/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:         TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 12/03/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:         TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 12/05/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:         TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 12/07/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:         TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 12/11/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:         TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 12/21/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:         TIME:         RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 12/27/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:         TIME:         RECORDED BY:

**DUCAT PASS** CDC 129          DATE: 12/29/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY                    IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 05/02/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY                    IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 01/08/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY                    IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 01/10/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY                    IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 01/14/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115                    IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 01/16/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY                    IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 01/24/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**    IAO

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 01/28/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-139**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY                    IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 02/07/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY                    IAO

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 02/09/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115                    IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

**DUCAT PASS** CDC 129    DATE: 02/11/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115                    IAO

ARRIVAL TIME:              RECORDED BY:
DEPART TO:        TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/13/04  CAL  12 18
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D'  LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115                    IAO

ARRIVAL TIME:              RECORDED BY:
DEPART TO:        TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 02/15/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115                    IAO

ARRIVAL TIME:              RECORDED BY:
DEPART TO:        TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 02/18/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: H22924  NAME: **HOAG** CELL: **C5-137**

PASS TO : FACILITY "C" RECREATIONAL LIBRARY

REASON: RECREATIONAL LIBRARY

TIME: 1100                    IAO

ARRIVAL TIME:              RECORDED BY:
DEPART TO:        TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 02/19/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115                    IAO

ARRIVAL TIME:              RECORDED BY:
DEPART TO:        TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 02/21/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY   IAO

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:              RECORDED BY:
DEPART TO:        TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 02/23/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: C5-1  IA

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:              RECORDED BY:
DEPART TO:        TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 02/25/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY   IAO

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:              RECORDED BY:
DEPART TO:        TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 02/27/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115                    IAO

ARRIVAL TIME:              RECORDED BY:
DEPART TO:        TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 03/04/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY   IAO

TIME: 1115

ARRIVAL TIME:              RECORDED BY:
DEPART TO:        TIME:    RECORDED BY:

**DUCAT PASS** CDC 129    DATE: 03/08/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:      RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 03/10/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:      RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 03/12/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:      RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 03/14/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:      RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 03/16/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:      RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 03/18/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:      RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 03/20/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:      RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 03/28/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:      RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 03/30/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:      RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 04/01/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:      RECORDED BY:

/3

RECEIVED CAL APPEALS OCT 0 6 2005

**DUCAT PASS** CDC 129        DATE: 06/02/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FACILITY "D" LAW LIBRARY
REASON: LAW LIBRARY          IAO
TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:        TIME:          RECORDED BY:

**DUCAT PASS** CDC 129 CAL        DATE: 05/08/04 1 2 1 8
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FACILITY 'D' LAW LIBRARY
REASON: LAW LIBRARY          IAO
TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:        TIME:          RECORDED BY:

**DUCAT PASS** CDC 129        DATE: 06/22/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FACILITY "D" LAW LIBRARY          IAO
REASON: LAW LIBRARY
TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:        TIME:          RECORDED BY:

**DUCAT PASS** CDC 129        DATE: 06/28/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FACILITY "D" LAW LIBRARY
REASON: LAW LIBRARY
TIME: 1115          IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:        TIME:          RECORDED BY:

**DUCAT PASS** CDC 129        DATE: 07/02/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FAILITY 'D' LAW LIBRARY          IAO
REASON: LAW LIBRARY
TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:        TIME:          RECORDED BY:

**DUCAT PASS** CDC 129        DATE: 07/12/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FACILITY "D" LAW LIBRARY
REASON: LAW LIBRARY          IAO
TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:        TIME:          RECORDED BY:

**DUCAT PASS** CDC 129        DATE: 07/14/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FACILITY 'D' LAW LIBRARY
REASON: LAW LIBRARY          
TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:        TIME:          RECORDED BY:

**DUCAT PASS** CDC 129        DATE: 07/20/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FACILITY 'D' LAW LIBRARY
REASON: LAW LIBRARY
TIME: 1115          IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:        TIME:          RECORDED BY:

**DUCAT PASS** CDC 129        DATE: 07/26/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FACILITY 'D' LAW LIBRARY
REASON: LAW LIBRARY
TIME: 1115          IAO

**DUCAT PASS** CDC 129        DATE: 07/30/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FACILITY 'D' LAW LIBRARY
REASON: LAW LIBRARY
TIME: 1115          IAO

**DUCAT PASS** CDC 129        DATE: 08/11/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137
PASS TO : FACILITY 'D' LAW LIBRARY
REASON: LAW LIBRARY
TIME: 1115          IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:        TIME:          RECORDED BY:

**DUCAT PASS** CDC 129        DATE: 07/08/03
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: P23762 NAME: DAVIS CELL: C5-137
PASS TO : FACILITY "D" LAW LIBRARY          14
REASON: LAW LIBRARY
TIME: 1115          IAO

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:        TIME:          RECORDED BY:

**DUCAT PASS** CDC 129    DATE: 04/07/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 04/09/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 04/21/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 04/24/2002
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T-23705 NAME: DANIELS CELL: C3-241

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1345

---

**DUCAT PASS** CDC 129    DATE: 05/03/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/05/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/07/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T73705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/19/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/21/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 05/27/04
*NOT VALID* DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY 'D' LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

**DUCAT PASS** CDC 129    DATE: 08/15/04 2008
_OT VALID_ DURING HOURS OF ASSIGNMENT
UMBER: **T23705** NAME: **DANIELS CELL: C5-137**

ASS TO: FACILITY 'D' LAW LIBRARY

EASON: LAW LIBRARY    _Cancel_

ME: 1115    IAO

RRIVAL TIME:    RECORDED BY:

EPART TO:    TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 08/27/04
_NOT VALID_ DURING HOURS OF ASSIGNMENT    05  1218
NUMBER: **T23705** NAME: **DANIELS CELL: C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:    RECORDED BY:

DEPART TO:    TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 08/17/04
_NOT VALID_ DURING HOURS OF ASSIGNMENT
NUMBER: **T23705** NAME: **DANIELS CELL: C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:    RECORDED BY:

DEPART TO:    TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 08/31/04
_NOT VALID_ DURING HOURS OF ASSIGNMENT
NUMBER: **T23705** NAME: **DANIELS CELL: C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:    RECORDED BY:

DEPART TO:    TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 08/19/04
_NOT VALID_ DURING HOURS OF ASSIGNMENT
NUMBER: **T23705** NAME: **DANIELS CELL: C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:    RECORDED BY:

DEPART TO:    TIME:    RECORDED BY:    IAO

---

**DUCAT PASS** CDC 129    DATE: 09/02/04
_NOT VALID_ DURING HOURS OF ASSIGNMENT
NUMBER: **T23705** NAME: **DANIELS CELL: C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:    RECORDED BY:    IAO

DEPART TO:    TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 08/23/04
_NOT VALID_ DURING HOURS OF ASSIGNMENT EXCEPT FOR LAW LIBRARY
NUMBER: **T23705** NAME: **DANIELS CELL: C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:    RECORDED BY:

DEPART TO:    TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/08/04
_NOT VALID_ DURING HOURS OF ASSIGNMENT
NUMBER: **T23705** NAME: **DANIELS CELL: C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:    RECORDED BY:

DEPART TO:    TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 08/25/04
_NOT VALID_ DURING HOURS OF ASSIGNMENT
NUMBER: **T23705** NAME: **DANIELS CELL: C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115

ARRIVAL TIME:    RECORDED BY:

DEPART TO:    TIME:    RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/14/04
_NOT VALID_ DURING HOURS OF ASSIGNMENT
NUMBER: **T23705** NAME: **DANIELS CELL: C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY    IAO

TIME: 1115    _16_

ARRIVAL TIME:    RECORDED BY:

DEPART TO:    TIME:    RECORDED BY:

**DUCAT PASS** CDC 129    DATE: 09/15/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "C" RECREATIONAL LIBRARY

REASON: RECREATIONAL LIBRARY

TIME: 1430

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/16/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/10/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/20/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/22/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/24/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 09/04/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1345

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 10/08/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 10/28/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 11/03/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 11/05/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

---

**DUCAT PASS** CDC 129    DATE: 11/09/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705 NAME: DANIELS CELL: C5-137

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1415

ARRIVAL TIME:                          RECORDED BY:

DEPART TO:              TIME:          RECORDED BY:

**DUCAT PASS** CDC 129                DATE: 11/15/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1415

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 12/11/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY
TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 12/13/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1415

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 12/15/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 12/17/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 12/19/04
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1415

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 01/20/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1415

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 01/22/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 02/03/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 02/09/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 02/25/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129            DATE: 02/27/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1415

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:            TIME:        RECORDED BY:

RECEIVED CAL APPEALS   OCT 05 2005

**DUCAT PASS** CDC 129          DATE: 03/01/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/05/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/07/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1415

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/09/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/11/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/15/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/17/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 03/19/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **C5-137**

PASS TO : FACILITY "D" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 05/11/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **A3-141**

PASS TO : "A" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 05/17/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **A3-141**

PASS TO : "A" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 0845

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 05/17/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **A3-141**

PASS TO : "A" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1115

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

---

**DUCAT PASS** CDC 129          DATE: 05/21/05
*NOT VALID* DURING HOURS OF ASSIGNMENT
NUMBER: T23705  NAME: **DANIELS** CELL: **A3-141**

PASS TO : "A" LAW LIBRARY

REASON: LAW LIBRARY

TIME: 1415

ARRIVAL TIME:                    RECORDED BY:
DEPART TO:          TIME:        RECORDED BY:

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: JAN 03 2007

DEADLINER

DATE: _____

NAME: DANIELS   CDC# T-23705   RM: B4-141

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

NAME: DANIELS   CDC# T-23705   RM: B4-143

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: JAN 08 2007

NAME: DANIELS   CDC# T-23705   RM: B4-144

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: JAN 10 2007

NAME: DANIELS   CDC# T-23705   RM: B4-124

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: JAN 11 2007

NAME: DANIELS   CDC# T-23705   RM: B4-131

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: failure to respond results in CDC 115

DATE: JAN 21 2007

NAME: DANIELS   CDC# T-23705   RM: B4-131

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: JAN 28 2007

NAME: DANIELS   CDC# T-23705   RM: B4-131

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: JAN 28 2007

NAME: DANIELS   CDC# T-23705   RM: B4-131

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: FEB 03 2007

NAME: DANIELS   DEADLINER   CDC# T-23705   RM: B4-131

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: FEB 04 2007

NAME: DEADLINER DANIELS   CDC# T-23705   RM: B4-131

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

20

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS **GENERAL DUCAT**    CENTINELA

JOB INFO:

| NAME: DANIELS | CDC#: T23705 | HOUSING: B5-147 |
| ISSUED BY: A. HUTCHESON | DATE: 4-26-07 | APPROVED BY: |
| PASS TO: A LAW LIBRARY | DATE: 4-29-07 | TIME: 0845 |

REASON: LEAGAL RESEARCH

| ARRIVAL TIME: | RECORDED BY: |
| DEPART TO: | TIME: | RECORDED BY: |

---

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS **GENERAL**    CENTINELA

JOB INFO:                                    UN

| NAME: DANIELS | CDC#: T23705 | HOUSING: B5-147 |
| ISSUED BY: L. CONAWAY | DATE: 4/26/07 | APPROVED BY: |
| PASS TO: "A" LAW LIBRARY | DATE: 4/30/07 | TIME: 8:45 |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | RECORDED BY: |
| DEPART TO: | TIME: | RECORDED BY: |

---

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS **GENERAL**    CENTINELA

JOB INFO:

| NAME: DANIELS | CDC#: T23705 | HOUSING: B5-147 |
| ISSUED BY: L. CONAWAY | DATE: 05/02/07 | APPROVED BY: |
| PASS TO: "A" LAW LIBRARY | DATE: 05/04/07 | TIME: 8:45 |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | RECORDED BY: |
| DEPART TO: | TIME: | RECORDED BY: |

---

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS **GENERAL**    CENTINELA

JOB INFO:                                    UN

| NAME: DANIELS | CDC#: T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE: 05/04/07 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 05/07/07 | TIME: 0845 |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | RECORDED BY: |
| DEPART TO: | TIME: | RECORDED BY: |

---

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS **GENERAL**    CENTINELA

JOB INFO:                                    UN

| NAME: DANIELS | CDC#: T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE: 05/07/07 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 05/09/07 | TIME: 0845 |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | RECORDED BY: |
| DEPART TO: | TIME: | RECORDED BY: |

---

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS **GENERAL**    CENTINELA

JOB INFO:                                    UN

| NAME: DANIELS | CDC#: T23705 | HOUSING: B5-149 |
| ISSUED BY: M. COTERO | DATE: 05/10/07 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 05/11/07 | TIME: 0845 |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | RECORDED BY: |
| DEPART TO: | TIME: | RECORDED BY: |

---

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS **GENERAL**    CENTINELA

JOB INFO:                                    UN

| NAME: DANIELS | CDC#: T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE: 05/11/07 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 05/14/07 | TIME: 0845 |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | RECORDED BY: |
| DEPART TO: | TIME: | RECORDED BY: |

---

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS **GENERAL A LAW LIBRARY**    CENTINELA

JOB INFO:                                    UN

| NAME: DANIELS | CDC#: T23705 | HOUSING: B5-147 |
| ISSUED BY: A. HUTCHESON | DATE: 5/14/05 | APPROVED BY: |
| PASS TO: A LAW LIBRARY | DATE: 5/15/05 | TIME: 0845 |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | RECORDED BY: |
| DEPART TO: | TIME: | RECORDED BY: |

---

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS **GENERAL**    CENTINELA

JOB INFO:                                    UN

| NAME: DANIELS | CDC#: T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE: 05/16/07 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 05/17/07 | TIME: 0845 |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | RECORDED BY: |
| DEPART TO: | TIME: | RECORDED BY: |

---

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS **GENERAL LAW LIBRARY**    CENTINELA

JOB INFO:                                    UN

| NAME: DANIELS | CDC#: T23705 | HOUSING: B5-147 |
| ISSUED BY: A. HUTCHESON | DATE: 5/20/07 | APPROVED BY: |
| PASS TO: A LAW LIBRARY | DATE: 5/22/07 | TIME: 0845 |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | RECORDED BY: |
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                        UN
NAME: DANIELS   CDC#: T23705   HOUSING: B5-147
ISSUED BY: M. COTERO   DATE: 05/23/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 05/24/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                        S/S
NAME: DANIELS   CDC#: T23705   HOUSING: B5-147
ISSUED BY: M. COTERO   DATE: 05/23/08   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 05/25/08   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                        UN
NAME: DANIELS   CDC#: T23705   HOUSING: B5-147
ISSUED BY: M. COTERO   DATE: 05/30/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 05/31/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                        UN
NAME: DANIELS   CDC#: T23705   HOUSING: B5-147
ISSUED BY: M. COTERO   DATE: 06/02/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 06/05/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                        UN
NAME: DANIELS   CDC#: T23705   HOUSING: B5-147
ISSUED BY: M. COTERO   DATE: 06/06/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 06/08/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL LAW LIBRARY**   CENTINELA
JOB INFO:                                        UN
NAME: DANIELS   CDC#: T23705   HOUSING: B5-147
ISSUED BY: A. HUTCHESON   DATE: 06/12/07   APPROVED BY:
PASS TO: A LAW LIBRARY   DATE: 06/13/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
INFO:                                        UN
DANIELS   CDC#: T23705   HOUSING: B5-147
D BY: M. COTERO   DATE: 06/22/07   APPROVED BY:
ELLITE LAW LIBRARY   DATE: 06/26/07   TIME: 0845
LEGAL RESEARCH
AL TIME:   RECORDED BY:
T TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                        UN
NAME: DANIELS   CDC#: T23705   HOUSING: B5-147
ISSUED BY: M. COTERO   DATE: 06/27/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 07/02/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
INFO:                                        UN
NAME: DANIELS   CDC#: T23705   HOUSING: B5-147
ISSUED BY: M. COTERO   DATE: 06/28/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 07/03/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                        UN
NAME: DANIELS   CDC#: T23705   HOUSING: B5-213
ISSUED BY: M. COTERO   DATE: 07/05/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 07/09/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS    **GENERAL**    CENTINELA
JOB INFO:    UN
NAME: DANIELS    CDC#: T23705    HOUSING: B5-147
ISSUED BY: M. COTERO    DATE: 07/20/07    APPROVED BY:
PASS TO: A Satellite Law Library    DATE: 07/23/07    TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:    RECORDED BY:
DEPART TO:    TIME:    RECORDED BY:

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS    **GENERAL**    CENTINELA
JOB INFO:    UN
NAME: DANIELS    CDC#: T23705    HOUSING: B5-147
ISSUED BY: M. COTERO    DATE: 08/06/07    APPROVED BY:
PASS TO: A Satellite Law Library    DATE: 08/07/07    TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:    RECORDED BY:
DEPART TO:    TIME:    RECORDED BY:

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS    **GENERAL**    CENTINELA
JOB INFO:    UN
NAME: DANIELS    CDC#: T23705    HOUSING: B5-147
ISSUED BY: M. COTERO    DATE: 08/14/07    APPROVED BY:
PASS TO: A Satellite Law Library    DATE: 08/15/07    TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:    RECORDED BY:
DEPART TO:    TIME:    RECORDED BY:

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS    **GENERAL**    CENTINELA
JOB INFO:    UN
NAME: DANIELS    CDC#: T23705    HOUSING: B5-147
ISSUED BY: M. COTERO    DATE: 08/02/07    APPROVED BY:
PASS TO: A Satellite Law Library    DATE: 08/03/07    TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:    RECORDED BY:
DEPART TO:    TIME:    RECORDED BY:

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS    **GENERAL**    CENTINELA
JOB INFO:    UN
NAME: DANIELS    CDC#: T23705    HOUSING: B5-147
ISSUED BY: M. COTERO    DATE: 08/03/07    APPROVED BY:
PASS TO: SATELLITE A LAW LIBRARY    DATE: 08/06/07    TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:    RECORDED BY:
DEPART TO:    TIME:    RECORDED BY:

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS    **GENERAL**    CENTINELA
JOB INFO:    UN
NAME: DANIELS    CDC#: T23705    HOUSING: B5-147
ISSUED BY: M. COTERO    DATE: 08/08/07    APPROVED BY:
PASS TO: A Satellite Law Library    DATE: 08/09/07    TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:    RECORDED BY:
DEPART TO:    TIME:    RECORDED BY:

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS    **GENERAL**    CENTINELA
JOB INFO:    UN
NAME: DANIELS    CDC#: T23705    HOUSING: B5-147
ISSUED BY: M. COTERO    DATE: 08/10/07    APPROVED BY:
PASS TO: A Satellite Law Library    DATE: 08/13/07    TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:    RECORDED BY:
DEPART TO:    TIME:    RECORDED BY:

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS    **GENERAL**    CENTINELA
JOB INFO:    UN
NAME: DANIELS    CDC#: T23705    HOUSING: B5-147
ISSUED BY: M. COTERO    DATE: 08/17/07    APPROVED BY:
PASS TO: A Satellite Law Library    DATE: 08/21/07    TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:    RECORDED BY:
DEPART TO:    TIME:    RECORDED BY:

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS    **GENERAL**    CENTINELA
JOB INFO:    UN
NAME: DANIELS    CDC#: T23705    HOUSING: B5-147
ISSUED BY: M. COTERO    DATE: 08/24/07    APPROVED BY:
PASS TO: A Satellite Law Library    DATE: 08/28/07    TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:    RECORDED BY:
DEPART TO:    TIME:    RECORDED BY:

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
INMATE PASS    **GENERAL**    CENTINELA
JOB INFO:    UN
NAME: DANIELS    CDC#: T23705    HOUSING: B5-147
ISSUED BY: M. COTERO    DATE: 08/29/07    APPROVED BY:
PASS TO: A Satellite Law Library    DATE: 08/30/07    TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:    RECORDED BY:
DEPART TO:    TIME:    RECORDED BY:

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: MAR 0 5 2007

NAME: DANIELS   CDC# T-23705   RM: B5-147]

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: MAR 0 4 2007

NAME: DANIELS   CDC# T-23705   RM: B5-147

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: MAR 2 4 2007

NAME: DANIELS   CDC# T-23705   RM: B5-147

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

GENERAL DUCAT: Failure to respond results in CDC 115

DATE: DEC 2 7 2006

NAME: DANIELS   CDC# T-23705   RM: B4-144

TO: LAW LIBRARY   REASON: LEGAL RESEARCH

TIME: 0845   AUTHORIZED BY: _____

NOT AUTHORIZED DURING WORK HOURS

---

| STATE OF CALIFORNIA INMATE PASS | DEPT OF CORRECTIONS GENERAL | CDC 129-a CENTINELA |
|---|---|---|
| JOB INFO: | | UN |
| NAME: DANIELS | CDC# T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE: 07/24/07 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 07/25/07 | TIME: 0845 |
| REASON: LEGAL RESEARCH | | |
| ARRIVAL TIME: | RECORDED BY: | |
| DEPART TO: | TIME: | RECORDED BY: |

---

| STATE OF CALIFORNIA INMATE PASS | DEPT OF CORRECTIONS GENERAL | CDC 129-a CENTINELA |
|---|---|---|
| JOB INFO: | | UN |
| NAME: DANIELS | CDC# T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE: 09/04/07 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 09/06/07 | TIME: 0845 |
| REASON: LEGAL RESEARCH | | |
| ARRIVAL TIME: | RECORDED BY: | |
| DEPART TO: | TIME: | RECORDED BY: |

---

| STATE OF CALIFORNIA INMATE PASS | DEPT OF CORRECTIONS GENERAL | CDC 129-a CENTINELA |
|---|---|---|
| JOB INFO: | | UN |
| NAME: DANIELS | CDC# T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE: 09/13/07 | APPROVED BY: |
| PASS TO: SATELLITE LAW LIBRARY | DATE: 09/14/07 | TIME: 0845 |
| REASON: LEGAL RESEARCH | | |
| ARRIVAL TIME: | RECORDED BY: | |
| DEPART TO: | TIME: | RECORDED BY: |

---

| STATE OF CALIFORNIA INMATE PASS | DEPT OF CORRECTIONS GENERAL | CDC 129-a CENTINELA |
|---|---|---|
| JOB INFO: | | UN |
| NAME: DANIELS | CDC# T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE: 09/20/07 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 09/21/07 | TIME: 0845 |
| REASON: LEGAL RESEARCH | | |
| ARRIVAL TIME: | RECORDED BY: | |
| DEPART TO: | TIME: | RECORDED BY: |

---

| STATE OF CALIFORNIA INMATE PASS | DEPT OF CORRECTIONS GENERAL | CDC 129-a CENTINELA |
|---|---|---|
| JOB INFO: | | UN |
| NAME: DANIELS | CDC# T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE: 09/26/07 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 09/27/07 | TIME: 0845 |
| REASON: LEGAL RESEARCH | | |
| ARRIVAL TIME: | RECORDED BY: | |
| DEPART TO: | TIME: | RECORDED BY: |

---

| STATE OF CALIFORNIA INMATE PASS | DEPT OF CORRECTIONS GENERAL | CDC 129-a CENTINELA |
|---|---|---|
| JOB INFO: | | S/S |
| NAME: DANIELS | CDC# T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE: 09/28/07 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 09/29/07 | TIME: 0845 |
| REASON: LEGAL RESEARCH | | |
| ARRIVAL TIME: | RECORDED BY: | |
| DEPART TO: | TIME: | RECORDED BY: |

21

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: | | | S/S |
|---|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING B5-147 | |
| ISSUED BY: M. Cotero | DATE: 10/01/07 | APPROVED BY: | |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 10/03/07 | TIME: 0845 | |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | | RECORDED BY: |
|---|---|---|
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: "DEADLINER" | | | S/S |
|---|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING B5-147 | |
| ISSUED BY: M. Cotero | DATE: 10/05/07 | APPROVED BY: | |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 10/06/07 | TIME: 0845 | |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | | RECORDED BY: |
|---|---|---|
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: | | | S/S |
|---|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING B5-147 | |
| ISSUED BY: M. Cotero | DATE: 10/12/07 | APPROVED BY: | |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 10/13/07 | TIME: 0845 | |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | TIME: | RECORDED BY: |
|---|---|---|
| DEPART TO: | | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: "DEADLINER" | | | S/S |
|---|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING B5-147 | |
| ISSUED BY: M. Cotero | DATE: 10/19/07 | APPROVED BY: | |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 10/21/07 | TIME: 0845 | |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | | RECORDED BY: |
|---|---|---|
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: 147 | | | S/S |
|---|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING B5-145 | |
| ISSUED BY: M. Cotero | DATE: 10/26/07 | APPROVED BY: | |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 10/27/07 | TIME: 0845 | |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | | RECORDED BY: |
|---|---|---|
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: "DEADLINER" | | | S/S |
|---|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING B5-147 | |
| ISSUED BY: M. Cotero | DATE: 11/02/07 | APPROVED BY: | |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 11/03/07 | TIME: 0845 | |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | | RECORDED BY: |
|---|---|---|
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: | | | S/S |
|---|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING B5-147 | |
| ISSUED BY: M. Cotero | DATE: 11/06/07 | APPROVED BY: | |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 11/07/07 | TIME: 0845 | |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | | RECORDED BY: |
|---|---|---|
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: "DEADLINER" | | | S/S |
|---|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING B5-147 | |
| ISSUED BY: M. Cotero | DATE: 11/16/07 | APPROVED BY: | |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 11/17/07 | TIME: 0845 | |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | | RECORDED BY: |
|---|---|---|
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: "DEADLINER" | | | S/S |
|---|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING B5-147 | |
| ISSUED BY: M. Cotero | DATE: 11/16/07 | APPROVED BY: | |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 11/18/07 | TIME: 0845 | |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | | RECORDED BY: |
|---|---|---|
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a
**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: "DEADLINER" | | | S/S |
|---|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING B5-147 | |
| ISSUED BY: M. Cotero | DATE: 11/19/07 | APPROVED BY: | |
| PASS TO: A SATELLITE LAW LIBRARY | DATE: 11/20/07 | TIME: 0845 | |

REASON: LEGAL RESEARCH

| ARRIVAL TIME: | | RECORDED BY: |
|---|---|---|
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
**INMATE PASS**   **GENERAL**   CENTINELA
JOB INFO: "DEADLINER"   S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE: 11/27/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 11/29/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
**INMATE PASS**   **GENERAL**   CENTINELA
JOB INFO: "DEADLINER"   S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE: 11/30/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 12/02/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
**INMATE PASS**   **GENERAL**   CENTINELA
JOB INFO: "DEADLINER"   S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: L. CONAWAY   DATE: 12/4/07   APPROVED BY:
PASS TO: "A" LAW LIBRARY   DATE: 12/5/07   TIME: 8:30
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
**INMATE PASS**   **GENERAL**   CENTINELA
JOB INFO: "DEADLINER"   S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE: 12/07/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 12/08/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
**INMATE PASS**   **GENERAL**   CENTINELA
JOB INFO: "DEADLINER"   S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE: 12/07/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 12/09/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
**INMATE PASS**   **GENERAL**   CENTINELA
JOB INFO: "DEADLINER"   S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE: 12/14/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 12/15/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
**INMATE PASS**   **GENERAL**   CENTINELA
JOB INFO: "DEADLINER"   S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE: 12/14/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 12/16/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
**INMATE PASS**   **GENERAL**   CENTINELA
JOB INFO:   S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE: 12/21/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 12/22/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
**INMATE PASS**   **GENERAL**   CENTINELA
JOB INFO:   S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE: 12/21/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 12/23/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
**INMATE PASS**   **GENERAL**   CENTINELA
JOB INFO: "DEADLINER"   S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE: 12/24/07   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE: 12/27/07   TIME: 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:   RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

23

| STATE OF CALIFORNIA | DEPT OF CORRECTIONS | CDC 129-a |
|---|---|---|
| INMATE PASS | **GENERAL** | CENTINELA |

JOB INFO: S/S

NAME: DANIELS  CDC# T23705  HOUSING: B5-147
ISSUED BY: A. HUTCHESON  DATE 12/26/07  APPROVED BY:
PASS TO: "A" LAW LIBRARY  DATE 12/29/07  TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:  RECORDED BY:
DEPART TO:  TIME:  RECORDED BY:

| STATE OF CALIFORNIA | DEPT OF CORRECTIONS | CDC 129-a |
|---|---|---|
| INMATE PASS | **GENERAL** | CENTINELA |

JOB INFO: S/S

NAME: DANIELS  CDC# T23705  HOUSING: B5-147
ISSUED BY: M. COTERO  DATE 12/31/07  APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY  DATE 01/03/08  TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:  RECORDED BY:
DEPART TO:  TIME:  RECORDED BY:

| STATE OF CALIFORNIA | DEPT OF CORRECTIONS | CDC 129-a |
|---|---|---|
| INMATE PASS | **GENERAL** | CENTINELA |

JOB INFO: S/S

NAME: DANIELS  CDC# T23705  HOUSING B5-147
ISSUED BY: M. COTERO  DATE 01/04/08  APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY  DATE 01/05/08  TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:  RECORDED BY:
DEPART TO:  TIME:  RECORDED BY:

| STATE OF CALIFORNIA | DEPT OF CORRECTIONS | CDC 129-a |
|---|---|---|
| INMATE PASS | **GENERAL** | CENTINELA |

JOB INFO: S/S

NAME: DANIELS  CDC# T23705  HOUSING B5-147
ISSUED BY: M. COTERO  DATE 01/04/08  APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY  DATE 01/06/08  TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:  RECORDED BY:
DEPART TO:  TIME:  RECORDED BY:

| STATE OF CALIFORNIA | DEPT OF CORRECTIONS | CDC 129-a |
|---|---|---|
| INMATE PASS | **GENERAL** | CENTINELA |

JOB INFO: S/S

NAME: DANIELS  CDC# T23705  HOUSING: B5-147
ISSUED BY: M. COTERO  DATE 01/08/08  APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY  DATE 01/09/08  TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:  RECORDED BY:
DEPART TO:  TIME:  RECORDED BY:

| STATE OF CALIFORNIA | DEPT OF CORRECTIONS | CDC 129-a |
|---|---|---|
| INMATE PASS | **GENERAL** | CENTINELA |

JOB INFO: S/S

NAME: DANIELS  CDC# T23705  HOUSING: B5-147
ISSUED BY: M. COTERO  DATE 01/11/08  APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY  DATE 01/12/08  TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:  RECORDED BY:
DEPART TO:  TIME:  RECORDED BY:

| STATE OF CALIFORNIA | DEPT OF CORRECTIONS | CDC 129-a |
|---|---|---|
| INMATE PASS | **GENERAL** | CENTINELA |

JOB INFO: S/S

NAME: DANIELS  CDC# T23705  HOUSING: B5-147
ISSUED BY: M. COTERO  DATE 01/11/08  APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY  DATE 01/13/08  TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:  RECORDED BY:
DEPART TO:  TIME:  RECORDED BY:

| STATE OF CALIFORNIA | DEPT OF CORRECTIONS | CDC 129-a |
|---|---|---|
| INMATE PASS | **GENERAL** | CENTINELA |

JOB INFO: S/S

NAME: DANIELS  CDC# T23705  HOUSING: B5-147
ISSUED BY: M. COTERO  DATE 01/18/08  APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY  DATE 01/19/08  TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:  RECORDED BY:
DEPART TO:  TIME:  RECORDED BY:

| STATE OF CALIFORNIA | DEPT OF CORRECTIONS | CDC 129-a |
|---|---|---|
| INMATE PASS | **GENERAL** | CENTINELA |

JOB INFO: S/S

NAME: DANIELS  CDC# T23705  HOUSING B5-147
ISSUED BY: M. COTERO  DATE 01/18/08  TIME
PASS TO: A SATELLITE LAW LIBRARY  DATE 01/20/08  TIME 0845
REASON: LEGAL RESEARCH
DEPART TO:

| STATE OF CALIFORNIA | DEPT OF CORRECTIONS | CDC 129-a |
|---|---|---|
| INMATE PASS | **GENERAL** | CENTINELA |

JOB INFO: S/S

NAME: DANIELS  CDC# T23705  HOUSING B5-147
ISSUED BY: M. COTERO  DATE 01/25/08  APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY  DATE 01/26/08  TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:  RECORDED BY:
DEPART TO:  TIME:  RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                          S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE 01/25/08   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE 01/27/08   TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:            RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                          S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE 01/31/08   APPROVED BY: Bishop
PASS TO: A SATELLITE LAW LIBRARY   DATE 02/02/08   TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:            RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                          S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE 02/08/08   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE 02/09/08   TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:            RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                          S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE 02/08/08   APPROVED BY: L. Parrish
PASS TO: A SATELLITE LAW LIBRARY   DATE 02/10/08   TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:            RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                          S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE 02/15/08   APPROVED BY: Bishop
PASS TO: A SATELLITE LAW LIBRARY   DATE 02/16/08   TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:            RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                          S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE 03/06/08   APPROVED BY: L. Parrish
PASS TO: A SATELLITE LAW LIBRARY   DATE 03/08/08   TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:            RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                          S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE 03/06/08   APPROVED BY: L. Parrish
PASS TO: A SATELLITE LAW LIBRARY   DATE 03/09/08   TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:            RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                          S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE 03/14/08   APPROVED BY: L. Parrish
PASS TO: A SATELLITE LAW LIBRARY   DATE 03/16/08   TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:            RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                          S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE 03/21/08   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE 03/22/08   TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:            RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

STATE OF CALIFORNIA   DEPT OF CORRECTIONS   CDC 129-a
INMATE PASS   **GENERAL**   CENTINELA
JOB INFO:                                          S/S
NAME: DANIELS   CDC# T23705   HOUSING B5-147
ISSUED BY: M. COTERO   DATE 03/21/08   APPROVED BY:
PASS TO: A SATELLITE LAW LIBRARY   DATE 03/23/08   TIME 0845
REASON: LEGAL RESEARCH
ARRIVAL TIME:            RECORDED BY:
DEPART TO:   TIME:   RECORDED BY:

85

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a

**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: | | S/S |
|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE 03/28/08 | APPROVED BY: G. Parrish |
| PASS TO: A SATELLITE LAW LIBRARY | DATE 03/30/08 | TIME 0845 |
| REASON: LEGAL RESEARCH | | |
| ARRIVAL TIME: | RECORDED BY: | |
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a

**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: | | S/S |
|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE 03/28/08 | APPROVED BY: G. Parrish |
| PASS TO: A SATELLITE LAW LIBRARY | DATE 03/29/08 | TIME 0845 |
| REASON: LEGAL RESEARCH | | |
| ARRIVAL TIME: | RECORDED BY: | |
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a

**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: | | S/S |
|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE 04/01/08 | APPROVED BY: Bishop |
| PASS TO: A SATELLITE LAW LIBRARY | DATE 04/02/08 | TIME 0845 |
| REASON: LEGAL RESEARCH | | |
| ARRIVAL TIME: | RECORDED BY: | |
| DEPART TO: | TIME: | RECORDED BY: |

STATE OF CALIFORNIA    DEPT OF CORRECTIONS    CDC 129-a

**INMATE PASS**    **GENERAL**    CENTINELA

| JOB INFO: "DEADLINER" | | S/S |
|---|---|---|
| NAME: DANIELS | CDC# T23705 | HOUSING: B5-147 |
| ISSUED BY: M. COTERO | DATE 05/05/08 | APPROVED BY: |
| PASS TO: A SATELLITE LAW LIBRARY | DATE 05/06/08 | TIME 0845 |
| REASON: LEGAL RESEARCH | | |
| ARRIVAL TIME: | RECORDED BY: | |
| DEPART TO: | TIME: | RECORDED BY: |

26

EXHIBIT





1          COURT OF APPEAL OF THE STATE OF CALIFORNIA

2                  FOURTH APPELLATE DISTRICT

3                        DIVISION ONE

4

5    _____)
                                )
6    THE PEOPLE OF THE STATE OF  )
     CALIFORNIA,                 )
7                                )        FROM SAN DIEGO COUNTY
              Plaintiff and      )        HON. GALE E. KANESHIRO,
8                  Respondent,   )             JUDGE
                                )
9         vs.                    )        COURT OF APPEAL
                                )        No. DO 38444
10   TED DARNELL DANIELS,        )
                                )        Case No. SCD149951
11            Defendant and      )
                  Appellant.     )        FINDING RE: PRIORS;
12   _____)        MOTION FOR NEW TRIAL; PH&S

13

14            REPORTER'S TRANSCRIPT ON APPEAL

15                 San Diego, California

16                    July 27, 2001

17                   (Volume No. 16)

18                  Pages 905 - 947

19

20

21   APPEARANCES:

22        FOR THE PLAINTIFF AND        BILL LOCKYER
             RESPONDENT:               Attorney General
23                                     State of California
                                       110 West A Street, Suite 600
24                                     San Diego, California  92101

25        FOR THE DEFENDANT AND        IN PROPRIA PERSONA
             APPELLANT:

26

27        REPORTED BY:                 David J. Gonzalez
                                       CSR No. 4155, RMR, CRR
28                                     Official Court Reporter
     **CERTIFIED COPY**                San Diego Superior Court

PEOPLE VS. DANIELS

1        SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

2                   CENTRAL DIVISION

3  DEPARTMENT NO. 19        BEFORE HON. GALE E. KANESHIRO, JUDGE

4

5     ————————————————————————————

6  THE PEOPLE OF THE STATE OF    )
    CALIFORNIA,               )

7                      )   FINDING RE: PRIORS;

8            Plaintiff,   )   MOTION FOR NEW TRIAL; PH&S
                      )

9      vs.               )   SCD149951
                      )

10  TED DARNELL DANIELS,      )   AAC781
                      )

11           Defendant.   )   DAY 9
     ————————————————————————————)

12

13

14                REPORTER'S TRANSCRIPT

15            San Diego, California

16              July 27, 2001

17

18

APPEARANCES:

19

20     FOR THE PEOPLE:          PAUL J. PFINGST
                       District Attorney

21                       BY:  KEVIN VIENNA
                       Deputy District Attorney

22                       330 West Broadway
                       San Diego, California 92101

23

24     FOR THE DEFENDANT:      STEVEN J. CARROLL
                       Dept. of the Public Defender

25                       BY:  CYNTHIA BOLDEN
                       Deputy Public Defender

26                       233 A Street
                       San Diego, California 92101

27     REPORTED BY:            David J. Gonzalez
                       CSR No. 4155, RMR, CRR

28                       Official Court Reporter
                       San Diego Superior Court

PEOPLE VS. DANIELS

1
2

**I N D E X**
- P R O C E E D I N G S -

3                                                                            PAGE

4    FINDING RE:  PRIORS ----------------------------- 906

5    MOTION FOR NEW TRIAL ---------------------------- 917

6    SENTENCING -------------------------------------- 944

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PEOPLE VS. DANIELS

1

2

3                        P R O C E E D I N G S

4

5        THE BAILIFF:  Remain seated and come to order.  This court

6   is again in session.

7        THE COURT:  Good afternoon, Mr. Daniels.

8        THE BAILIFF:  Page 1, item 100, Ted Daniels.

9        MR. VIENNA:  Good afternoon, your Honor.  Kevin Vienna,

10  Deputy District Attorney, appearing for the People.

11       MS. BOLDEN:  Good afternoon, your Honor.  Cynthia Bolden,

12  Deputy Public Defender, on behalf of Mr. Daniels, present, in

13  custody.

14            We've received a timely copy of the probation report,

15  read and reviewed the same.  Waive arraignment for sentencing,

16  and no legal cause why judgment shouldn't be imposed at this

17  time.

18       THE COURT:  Well, there is a legal reason at this point.

19  This is case SCD149951, and that's because, Counsel, we have not

20  yet completed the hearing with respect to the priors.  The jury

21  has made some determinations that the priors suffered by

22  Mr. Daniels were true.  It was proven by proof beyond a

23  reasonable doubt.  But the Court had not gone the step further to

24  determine the nature of those priors.

25       MS. BOLDEN:  Okay.  Yes, your Honor.

26       THE COURT:  Mr. Vienna, argument on that issue?

27       MR. VIENNA:  Submitted, your Honor.

28       THE COURT:  Ms. Bolden?

PEOPLE VS. DANIELS

1    MS. BOLDEN:  Submitted, your Honor.

2    THE COURT:  The Court having reviewed the evidence in this

3    case and the evidence taken at trial does find the following to

4    be true:

5        The Court finds that the People have proven beyond a

6    reasonable doubt and finds that the conviction for the violation

7    for Penal Code section 496, receiving stolen property, suffered

8    in the San Luis Obispo court on or about January 7th, 1977, was,

9    in fact, a valid prison prior as alleged in the information,

10   pursuant to Penal Code section 667.5(b).  Furthermore, the true

11   finding made by the jury as to the violation of Penal Code

12   section 459, burglary, out of Orange County, California on or

13   about July 25th, 1979, was, in fact, a valid prison prior, within

14   the meaning of Penal Code section 667.5(b).

15       The jury made two true findings, both as to the Penal

16   Code violations of 211, that is robbery, first instance and

17   second instance, out of the Los Angeles Superior Court,

18   Los Angeles County, State of California, which conviction

19   occurred on or about May 25th, 1984.  The Court finds that by

20   proof beyond a reasonable doubt, based upon the evidence before

21   it, that these two convictions are, in fact, valid prison priors

22   within the meaning of Penal Code section 667.5(b), but these two

23   were not suffered separately.  They are violations and

24   convictions which occurred out of one case.

25       The Court further finds that as to these two

26   violations, they are, in fact, serious felonies as alleged in the

27   information, within the meaning of Penal Code section 667(a)(1),

28   and 1192.7(c).  Furthermore, these two robbery convictions are

1    also strikes -- separate strikes, within the meaning of Penal

2    Code sections 667(b) through (i) and 1170.12, as alleged in the

3    information.

4         The Court further finds that the true finding by the

5    jurors, based upon proof beyond a reasonable doubt, of the

6    violation of Health & Safety Code section 11352 out of Riverside

7    County, California, on or about April 24th, 1990, is, in fact, a

8    valid prison prior, as alleged in the information, within the

9    meaning of Penal Code section 667.5(b).

10        As to the last two convictions, the jury found them

11   both to be true by proof beyond a reasonable doubt.  They were

12   convictions for Penal Code section 459 and Vehicle Code section

13   2800.2, arising out of the same case, case number KA020797, in

14   the Los Angeles County, State of California, which convictions

15   were suffered on or about March 21st, 1994.  The Court does find

16   that to be a valid prison prior as alleged in the information,

17   Penal Code section 667.5(b).

18        Then at this time, Counsel, I have an inclination as

19   to what I would like to do in this case, but I don't know whether

20   I can do it, or if so, how to do it.

21        I have had a chance to read and consider in this

22   matter the probation officer's report with today's date, which

23   report was filed on July 23rd, 2001.  I have had a chance to read

24   the statement in mitigation filed by Ms. Bolden on behalf of

25   Mr. Daniels yesterday, July 26, 2001.  I've also had a chance to

26   read the statement in aggravation filed by Mr. Vienna today, July

27   27th, 2001.

28        Counsel, I begin with a premise at this time that

PEOPLE VS. DANIELS

1    there were two separate offenses not arising from a single act

2    and not arising from the same set of operative facts, and the

3    Court starts with a premise that the burglary of Fry's

4    Electronics was completed before the 2800.2 violations and the

5    ADW violations began.

6         I've had a chance in this respect to read the case

7    of -- I believe it was <u>People versus Lawrence</u>, a 2000 case, found

8    at 24 Cal.4th 219.  I'm also starting with a premise at this time

9    that these are valid strike priors, and I found them to be so as

10   proven beyond a reasonable doubt.

11        And at this point I am willing to listen to further

12   arguments in this matter, and I'm also willing to entertain any

13   further evidence or statements from Mr. Daniels.

14        Ms. Bolden?

15   MS. BOLDEN:  Thank you, your Honor.

16        Under the case of <u>People versus Williams</u>, the Court

17   has the capacity to determine whether to dismiss strikes based

18   upon the nature and the seriousness of the prior offenses, the

19   current offenses, his nature and character, and just the overall,

20   if I were to say, totality of the circumstances, so to speak, to

21   balance his past with his present.

22        I think that, as I stated in my statement in

23   mitigation, the Court has the capacity to strike a strike prior,

24   and should indeed strike a strike prior in view of the fact that

25   there's a marked difference in this case, and that is that

26   Mr. Daniels has remained crime-free for a period of years, has

27   established himself, established a business, established a new

28   family, and was well on the road to becoming a law-abiding

1    citizen.  Now, I know that the People will argue, "Well, let's

2    just say he didn't get caught."  Well, the fact of the matter is

3    that between the time he was discharged on his parole date and

4    today's date -- well, the date of this offense, he had not

5    committed a new offense.

6        Additionally, it appeared from the evidence that was

7    in the case that there were other parties that were involved in

8    this, that those other parties were equally as culpable as

9    Mr. Daniels, that, yes, Mr. Daniels' van was involved, but there

10    may have been other vehicles, that clearly there had to be

11    someone who was on the inside of this offense, because

12    Mr. Daniels did not appear on the videotape for that day, the day

13    prior, or any dates that the Fry's guy -- I think his name was

14    Morin -- checked.  Morin or Morgan.  Something close like that.

15        Additionally, when you look at Mr. Daniels' background

16    in terms of his prior, in his past he started out with the

17    receiving and the commercial burglary.  He clearly escalated in

18    1984 when he incurred the two strike priors.

19        Subsequent to that, his criminal activity tailored off

20    until the instant offense.  But for the flight, the effort at the

21    escape in this case, we would be looking at another 459, 2800.2.

22    And, of course, the argument would then be made, "Well, Cynthia,

23    that's equally reprehensible because that's the last crime before

24    he committed this crime."  But, again, there is a lapse in

25    criminality, because he did begin to turn his life around.

26        Additionally, he's 44.  He seems to have matured.  He

27    seems to have, despite the way that he colored his background.

28    It is clear to me that Mr. Daniels did come from a troublesome

PEOPLE VS. DANIELS

1    background.  He says that his mother was a good woman who raised

2    he and his four siblings alone.  But the fact of the matter is

3    that Mr. Daniels had a substance problem, his sister had a

4    substance problem, I think there was an elder brother who had a

5    substance problem.  There's criminality on both sides.  And

6    prostitution.  Mr. Daniels said he only dabbled with marijuana,

7    and I think he said he tried cocaine base once.

8           But when you look at this criminal history, it belies

9    that, unless one is to find that Mr. Daniels is truly suffering

10    from an antisocial personality disorder or, as we -- I think it

11    used to be called sociopathy or psychopathy, so he cannot be

12    redeemed.  But I don't believe his history shows that.

13           We have a man who's had several careers.  He's learned

14    welding, I think was one of them.  He started his upholstery

15    business.  He's been involved in cooking.  I think at one point

16    he learned how to be -- what was it?  I've lost it.  Something in

17    the construction industry.  He's been -- oh.  Pipefitter, truck

18    driver, a delivery driver, a carpenter, a forklift operator.  And

19    these are not easy, easy professions.  These require muscle.

20    These require some self-application.

21           Additionally, he has a home.  He has two children from

22    his new marriage.  He has a wife.  I could see it if his business

23    was a farce.  But he did produce a receipt, and that wasn't a

24    receipt that was brought from the outside.  It was a receipt that

25    he had on him that was in his property, showing that he was

26    indeed involved in the upholstering business.

27           There's the further fact that he did not inflict any

28    serious injury.  Although I'm sure he scared the heck out of the

PEOPLE VS. DANIELS

1    officers, he didn't inflict any injury.  The injury to the squad

2    cars is minimal.  And when you look at the weight and the size of

3    that van, your Honor, he could have killed all of them.

4         And I recognize the law, but I take issue with these

5    being viewed as separate offenses.  As I stated in my statement

6    in mitigation, part and parcel of the theft is being able to get

7    away with what you've stolen, and the escape or the flight or

8    just leaving after the theft is within the purview of that.  The

9    prospect of being apprehended is within the purview of that.

10        I don't know that one would necessarily, as I

11   indicated, contemplate that 245s would occur under those

12   circumstances.  But it's certainly within the realm of

13   probability when you're driving on the streets.  I think the

14   factor that probably hurts him the most in terms of the Court

15   striking a strike and running the time concurrent is the fact

16   that there were a couple of officers that said it seemed to them

17   that he was looking them dead in the eye at the point that he was

18   making the U-turn and headed in their direction.

19        But I also ask the Court to recall the testimony of

20   one of the sergeants, who indicated that he would have done

21   whatever it was to -- that he could have to stop Mr. Daniels.

22   And his vehicle was there.  He had opportunity to move and he

23   chose not to move.  And I know that the Court is saying, "Well,

24   he's to protect the public.  Why should he let a criminal

25   intimidate him?"  But I'm saying in the scheme of things, there

26   was nothing that would have precluded him from doing so.

27        Now, there were the other officers in the back that

28   had held back whatever traffic might have begun to come up the

1  freeway at that point in time.  Yes, the driving over the city

2  streets was dangerous.  But despite the fact that he was going

3  fast, despite the fact that that van was heavy, he did not hit

4  any pedestrians -- he did not -- and he carefully maneuvered so

5  that he would not.

6  　　　　Finally, I would state that Mr. Daniels, to my

7  surprise, apparently gathered his own character letters, and one

8  of those is from his parole officer.  And his parole agent

9  indicates that he performed well over his expectations since his

10  release into the community.  He's committed no violations of his

11  parole this last time, which is different from before.  And that

12  prison packet of materials that we had, he was revoked,

13  recommitted.  But this time, nothing of that nature.

14  　　　　It says that he was to submit to drug testing.  He

15  didn't produce any positive samples.  So, again, that shows that

16  Mr. Daniels was very much entrenched before, but now he's clean,

17  and this -- the commission of this offense was probably more

18  impulse than anything else.

19  　　　　Which brings me to my final, final argument, which the

20  Court may consider conjecture.  But I did -- our office did, at

21  considerable expense, retain the services of Dr. Samuel Benson,

22  who is a well-known psychiatrist who works mostly in the realm of

23  death penalty and he specializes in treating inmates in the

24  incarcerated population.  He also has a contract here at the

25  Donovan facility.  So he treats inmates in prison from San Diego

26  straight through to the San Francisco area, including those that

27  are on death row.

28  　　　　I suspected mid-trial that based on his behavior, his

1    lack of cooperation, but his high degree of intelligence and the

2    impulsivity that was evidenced in the testimony of the witnesses

3    at this trial, that Mr. Daniels was bipolar.  And when Dr. Benson

4    looked at the materials that we had, he reached the same

5    conclusion.  But, of course, he cannot ethically and professional

6    reach that conclusion conclusively because Mr. Daniels didn't

7    submit to the testing.

8         And that would explain a lot of the criminal activity

9    that we see from 1977, when he was in his early twenties, to his

10   current status, your Honor.  Based upon experience, these

11   individuals have had attention deficit or some other conduct

12   disorder when they were younger, and they don't go into

13   full-blown diagnosis of bipolar until they reach their late

14   thirties or early forties.  Until then they are seen as paranoid

15   personality disorder, depressive disorder.  And I know that I'm,

16   like, way beyond the kin in terms of the legal profession as

17   opposed to the medical.

18        But I'm just stating that there are some redeeming

19   qualities in this man for him to have turned his life around in

20   his forties, and to have a family, I think, is significant.  Most

21   of the time when we see our clients that come back after a period

22   of years, they have not made a commitment to turn their lives

23   around.  They have not established a business or a family or

24   anything that would be considered a normal life.  And Mr. Daniels

25   did indeed do that, for what it was worth.  And, again, I submit

26   that despite his efforts to paint a rosy -- struggling, but rosy

27   family life, there is more to it than met the eye, and because he

28   wouldn't open up, we couldn't get to the bottom of it.  But I

1    believe there's more than adequate basis to strike that strike.

2            And at the risk of incurring Mr. Adam's ire -- not

3    Mr. Adams -- Mr. Vienna's ire.  One and the same today.  But

4    okay.  If you recall, when we initially began to discuss this

5    case when I was first assigned to it, we were talking about

6    whether this case could be settled, and without going into great

7    detail, one of the arguments that was made, both by myself and by

8    Mr. Vienna, was that there was room for the Court to do just

9    that, to strike the strike; that it was within the realm of

10   probability based upon some of the factors that I have suggested

11   to the Court today and in my statement in mitigation.

12           And I don't know that there's anything that would have

13   changed that, because we already knew what the facts were in

14   terms of the crimes and what the trial was going to produce at

15   the time that we had those discussions prior to the commencement

16   of the trial, although we didn't go anywhere with them.  And I'd

17   like the Court to take that into consideration in determining

18   whether to strike the strike and to run the time concurrent,

19   because he's never done this amount of time before.  Nothing near

20   what he's exposed to now.  And despite the fact that he's been

21   aggravating, frustrating, stubborn, I don't think that those

22   factors should preclude the Court from doing the just and the

23   fair thing within the realm of what has been done in these kinds

24   of cases in this jurisdiction.

25           Thank you.

26       THE COURT:  I saw Officer Adams here previously.  But,

27   Officer Adams, having been the victim of at least Count 2 in this

28   matter, do you wish to address the Court prior to sentencing?

PEOPLE VS. DANIELS

1        OFFICER ADAMS:  Not at this time, your Honor.

2        THE COURT:  All right.  Mr. Daniels, sir, before I sentence

3    you on this case, do you wish to say anything at all?

4        THE DEFENDANT:  Yes, your Honor.  May I be heard?

5        THE COURT:  Certainly, sir.

6        THE DEFENDANT:  Bear with me, your Honor.  This is very

7    tense.  My heart is beating very fast here.

8            But I hope -- I just like to say I hope the Court has

9    tooken into consideration of determining the two '83 strikes, did

10   they look into the situation to actually determine are they

11   really strikes at this -- because as I been reading, it's new

12   guidelines to determine if is all the elements there to make it a

13   strike.  Was the defendant or the person actually the perpetrator

14   in that crime -- the actual perpetrator?  Is statements from the

15   two co-defenders [sic] of that incident acknowledging that I was

16   just the driver in that incident at that time.

17            And People versus Cortez --

18       THE COURT:  Citation, sir?

19       THE DEFENDANT:  -- sets the standard.

20       THE COURT:  Citation for People versus Cortez?

21       THE DEFENDANT:  73 Cal.4th, page 76 -- 276.

22       THE COURT:  Cal.4th doesn't go up that -- maybe it does.

23       MS. BOLDEN:  Is it Cal.App.?

24       THE COURT:  Cal.4th does not go up to -- 73.  It might be 73

25   Cal.App.4th.

26       THE DEFENDANT:  73 Cal.App.4th.  That's what it is.  276.

27            And with that, your Honor --

28       THE COURT:  Excuse me.  What does People versus Cortez

1  represent?

2  THE DEFENDANT:  It covers the elements -- is all the

3  elements there to pertain that it's a strike -- it's an actual

4  strike.  And what information that the Court used to come to that

5  determine -- determine -- determine that.  Did they use

6  preliminary transcripts in the matter or -- because there was a

7  trial set -- it was a trial in that case.

8  And People versus Reed, 1996, 13 Cal.4th, that it

9  was -- it was not a conviction of plea.  It was by jury.

10  And with that, your Honor, on the -- on the -- on the

11  current case -- San Diego case, the burglary, in determining that

12  the same set of operational facts, I -- this case -- this

13  incident will call for the -- will warrant the escape -- the

14  escape rule in this matter, your Honor.  Officer Adams -- Officer

15  Adams testified that from the -- from the incidence of the

16  burglary on the lot of the -- from the Fry's that he got in

17  pursuit of the vehicle, and he was behind the vehicle at all

18  times until the following pursuit.  So, your Honor, it never was

19  a time for calm relief -- to reflect calm relief in the

20  incidence.  So it was -- it was a chase from -- from A to B, all

21  the way through.  And it never -- it never was a time for

22  temporary -- the defendant never reached a temporary point of

23  safety to rerecollect from that.

24  And I'd just like to add with that -- your Honor, I'd

25  like to read something quoted from the late Judge Mosk.  Judge

26  Mosk.  The escape rule is also related that providing that a

27  robbery or a similar theft-related offense continue for the

28  purposes of accomplished liability and the felony murder rule,

1    while the robbery or theft [sic] is fleeing and until he or she

2    reaches a place of temporary safety -- and that would go under

3    see <u>People versus Cooper</u>, 1991, 53 Cal.3d edition, page 1158,

4    1166 and 1170 -- for accomplished liability, but not felony

5    murder, carrying away the loot is also required and should be

6    reviewed in the context of the escape rule.

7         And with that, your Honor, at this time, I would like

8    to summons the Court for order for new trial based on ineffective

9    assistance of counsel, and -- and, I'd like to add, prejudice

10   from the Court, department 19.

11        With that, your Honor, I would rest.

12   THE COURT:  Would you like to articulate anything further

13.  about the grounds for this new trial?  Facts?  These are

14   conclusions that you've offered to the Court.

15   THE DEFENDANT:  Well, yes.  Well, I guess I have to go with

16   something my attorney quoted.  She -- she told me here that

17   it's -- when I first met her on a one-to-one basis, that

18   San Diego -- she tried to inform me that San Diego is a very

19   prejudiced town.  I might as well be back south -- in the deep

20   south, going to court here.  I disagree with that, your Honor.  I

21   think I could have had a fair trial here in San Diego with

22   another judge and another -- better representation.  I don't -- I

23   don't think that --

24   THE COURT:  Okay.  Mr. Daniels, I do know that you raised

25   that issue earlier, and my recollection is that in the <u>Marsden</u>

26   hearing Ms. Bolden had indicated to you that she informed you

27   that when you have one defendant with an extensive criminal

28   felony record, whose statement might possibly be opposite to the

PEOPLE VS. DANIELS

1    statements of law enforcement officers -- and I think she may
2    have mentioned the number 17; 17 pops into mind -- that when the
3    jury of 12 must consider the evidence, there's a higher and very
4    good probability that they will believe the testimony of those 17
5    law enforcement officers over your statement, that of a
6    multiconvicted felony defendant.  And I believe that was what was
7    raised by Ms. Bolden in the <u>Marsden</u> motion.  I did, in fact, deny
8    the <u>Marsden</u> motion on that ground and on other grounds.
9         Anything further?  Are there any other facts you'd
10   like to present?
11        THE DEFENDANT:  Yes.  I had, well, just some more issues
12   about -- I guess between me and my attorney, because that's going
13   to be one of my issues on appeal.
14        THE COURT:  I have no doubt.
15        THE DEFENDANT:  Yes.
16        One, she -- when we first met, I tried to give her all
17   the material.  She refused to take the discovery from me that I
18   had.  She insisted on getting all that she needed from the
19   District Attorney, which was a lot of information left out it --
20   at the trial at that time.  The expert witness' diagrams and all
21   this information -- his diagrams of the breakdown of the police
22   reports and their testimonies.  She didn't have none of that.  I
23   had it all.  And then the Court had ordered a recess for me to
24   provide it for her to get it, but I never -- the Court -- the
25   Sheriff Department couldn't get me back to the jail -- it was
26   right across the street -- and back with it.  They didn't -- they
27   didn't do that.
28        She was very overbearing through the whole case, your

1    Honor. We -- we couldn't see eye to eye on nothing, and it's --

2    I don't think it was my -- it was my fault. I'm -- I'm saying it

3    was all hers on the cooperation part. I tried to cooperate with

4    her. I never talked -- disrespect her or said anything out of

5    line to her, but I can't say that for her towards me.

6            She embarrassed me in the courtroom in front of my

7    expert witnesses, in front of the whole court, in front of the

8    DA. At the time I asked her to bifurcate my priors, we was

9    discussing that, me and her, here, and Mr. Vienna is sitting

10   there at the table. She said it in a loud voice, "Daniels, you

11   either admit your priors or the jury is going to get them," and

12   everybody heard it. And on the <u>Marsden</u> hearing, I -- I rose -- I

13   brought that issue up to you, your Honor -- to the Court, and you

14   took it as if I was accusing her of -- of teaming up with the

15   District Attorney. But I didn't mean it like that. I was just

16   saying she just was talking loud in front of him.

17           I had -- I had tried to -- after I seen -- felt that

18   after I had -- I did the -- the Writ of Mandate, and after the

19   appellate court denied that, and at that time I seen that, well,

20   I may -- looks like I'm going to have to work with this lady. I

21   wrote her a letter asking to take -- to -- to take over where I

22   had left off at. The investigator I had was in process of --

23   Pete Baranco was in process of taking other pictures of the van,

24   and I informed her there was going to be a big issue in the case

25   about the window.

26           I wrote her the letter -- I have a copy of it here,

27   and her return copy -- about the window was going to be a big

28   issue. She told -- she wrote me back in the letter, saying I

1    shouldn't -- I shouldn't try to make decisions in that area, but

2    at this time she would.  She's -- she gave the information to her

3    investigator to take the pictures and to interview my last

4    witness, which was Mr. Larry cheek.  In the letter, she says she

5    was going to do that, and then she didn't.  She never did.

6            And then after -- at the course of the trial, at the

7    end of the trial, after -- after the case was over, she told me,

8    "Mr. Daniels, I probably should have had -- brought the window

9    from your truck to court," that she should have did.

10           And I just looked at her and told her, "If we'd have

11   just took the pictures, maybe that would have been good enough."

12       THE COURT:  Which window are you talking about, Mr. Daniels?

13       THE DEFENDANT:  It was the driver's side window of the

14   truck, your Honor.

15       THE COURT:  Okay.

16       THE DEFENDANT:  It was a big issue in the case.

17       THE COURT:  And why was that a big issue in the case, sir?

18       THE DEFENDANT:  Because it was a lot of officers was saying

19   that they visualized me driving the truck, and they saying the

20   window was down at the time.  It wasn't.

21       THE COURT:  Okay.  Anything else, sir?

22       THE DEFENDANT:  Yes.

23           I had two exhibits.  I had Exhibit A and Exhibit B

24   from the preliminary hearing of this -- of this trial, your

25   Honor.  And I had presented them to Ms. Bolden in the time of

26   some of the officers was testifying.  And the officers was the

27   ones who had drew the exhibits.  She chose not to use them,

28   but -- you -- she chose not to use them, your Honor, and I figure

PEOPLE VS. DANIELS

1   they was very important in the case, too.

2       THE COURT:  Okay.  Is that it, sir?

3       THE DEFENDANT:  It's so many, your Honor.  It's a lot more,

4   but at this time, I'm -- I'm going to end.

5       THE COURT:  Anything further at all, Ms. Bolden, at this

6   time?  I know we've discussed a number of these matters in a

7   Marsden hearing.

8       MS. BOLDEN:  Your Honor, I won't go into those.

9           I would simply indicate to the Court that in addition

10  to the parole officer, the probation officer, Margaret Gilchrist,

11  who I believe is a very seasoned officer, suggested to the Court

12  that 30 years to life would be an appropriate sentence in this

13  case, so that I don't believe my request is way out there.

14          Thank you, your Honor.

15      THE COURT:  Mr. Vienna, would you like to, first of all,

16  address the issue of a new trial, arguments raised by counsel, to

17  the extent that you are able to respond?

18      MR. VIENNA:  Well, your Honor, I think it's raised

19  improperly for two reasons:  Number one, he's still represented

20  by counsel; and number two, it's not a noticed filed motion.

21  That makes it somewhat difficult to respond.

22          But I would say, in general, that nothing Mr. Daniels

23  said suggested a basis for a new trial.  On the factual issues --

24  well, the evidence in the case against Mr. Daniels was

25  overwhelming.  It was a marvelous performance by his defense

26  counsel to be able to present his arguments with a straight

27  face.  He lied from the beginning.  He lied to the end.  He lies

28  now.  He must think everyone else is incredibly stupid.  It's

1    time now to show him that that's not true; that other people

2    think and pay attention.  So, quite frankly, his -- what -- the

3    points he makes are frivolous.

4            But just by way of example, the window.  Several

5    police officers said the driver's side window was down.

6    Photographs were presented of the windows in his van.  You could

7    see clearly through the rear windows to the front seats and out

8    the front window.  Officer Adams saw the defendant first through

9    the windshield, and then through the driver's side window and

10   made a positive identification of this defendant.

11           No picture, no presence of any window would have or

12   could have made any difference in the outcome of this trial.

13   That's all I care to say now about that, your Honor.

14           THE COURT:  Certainly.  Thank you.

15           With respect to sentencing?

16       MR. VIENNA:  Your Honor, with respect to sentencing.  Well,

17   let me begin by saying that Ms. Bolden has not raised my ire,

18   either with her performance in this trial or with her argument.

19   In fact, I admire the work that she did.  She obviously worked

20   very hard and did her best to make a silk purse out of a

21   difficult case.  With regard to just a few points in her

22   argument, I'd like to respond.

23           The Court does have the power to strike strikes.  This

24   is an inappropriate case, and I've outlined that briefly in my

25   points and authorities.  But this is a case for which the "three

26   strikes" law was made.  Mr. Daniels is and has been a career

27   criminal whose behavior has been often dangerous to law

28   enforcement officers and others.  He continues to present a

PEOPLE VS. DANIELS

1   significant danger to the public and he should be removed from

2   civil society.

3           Ms. Bolden says that the defendant has a business.

4   Actually, there is darn little evidence about the fact of his

5   business.  He has some cards and he had a placard for the side of

6   his van.  But there is no evidence that his business was

7   functioning or ever made any money.

8           And I would refer the Court to the Court's own

9   record.  Several months ago there was a bail review hearing.

10  Several months ago there was a bail review hearing after the

11  information was amended alleging a second strike, and bail was

12  increased to $100,000.  That bail review hearing began before

13  Judge Harutunian, because the People had sought a Penal Code

14  section 1275 order along with the increase of bail.  There was

15  some preliminary discussion of the defendant's business.

16          Before that hearing had gone very far, I asked for

17  some scintilla of indication that proceeds from any legitimate

18  business could be used as a source of bail funds.  Almost

19  instantaneously, the matter went off calendar.  It was withdrawn

20  by the defense and taken off calendar.  There is, quite simply,

21  no evidence that the defendant ever operated a legitimate,

22  profitable business.

23          There is, on the other hand, evidence in the record

24  and from this trial that the defendant is a sophisticated,

25  remorseless, predatory criminal.  Ms. Bolden has referred to an

26  examination by Dr. Benson.  I can't respond to that because I

27  haven't seen it.  But what I would say, your Honor, is -- and

28  actually, at this time I would return to the Court the certified

PEOPLE VS. DANIELS

1  prison records that were subpenaed by Ms. Bolden.  And, actually,

2  I'd ask that these be marked as an exhibit and admitted, because

3  there are extraordinarily important matters there.  I called --

4  as soon as I received them, I called the probation officer and

5  asked for the Probation Department to review them.  But there are

6  matters of astonishing relevance to this case that are in those

7  records, and I'll refer to them.

8      THE COURT:  Excuse me one moment.

9          Ms. Bolden, any objection to the Court receiving the

10  documents received from the Department of Corrections pursuant to

11  the subpena duces tecum?

12      MS. BOLDEN:  None, your Honor.

13      THE COURT:  Okay.  The record does reflect and will reflect

14  that the other day -- I can't recall which day -- both counsel

15  appeared in court and, by stipulation, these documents were

16  released to counsel.

17      THE CLERK:  That date was July 20th, 2001.

18      MS. BOLDEN:  19th or 20th.

19      THE COURT:  Okay.  It was July 20th.  The Court will receive

20  these documents.

21          And for identification, we should mark these, then, as

22  a Court exhibit.

23          Ms. McCurley, do you know what number that might be?

24      THE CLERK:  I can find out.

25      THE COURT:  You may proceed.

26      MR. VIENNA:  Thank you, your Honor.

27          Your Honor, with regard to the defendant's statements,

28  he indicates that he was just the driver in the 1983 case that

PEOPLE VS. DANIELS

1    resulted in two robbery convictions.  That appears to be

2    precisely what he argued in 1983.  And the probation report from

3    that conviction is one of the first documents that is presented

4    in the Court's exhibit that was just admitted.  Your Honor, he

5    was not just the driver.  In fact, he was the defendant who

6    knocked to the ground a 67-year-old woman as he took her purse

7    and ran.  He was present in the getaway car when it was stopped,

8    when it was searched, and in which was found a sawed-off

9    shotgun.  The statements from his co-defendants are worthless and

10   entitled to no weight.

11          The defendant's statements that this Court is

12   prejudiced and that he could not receive a fair trial in this

13   court are ludicrous.  The defendant has been the beneficiary of

14   incredible patience over the last year and a half, and the wheels

15   of justice have turned slowly, but they have turned, and they

16   should be on their last revolution this afternoon.

17          With regard to the crime, your Honor, there was a very

18   high level of sophistication.  The defendant took racks so he

19   could rapidly load laptop computers and make a quick getaway from

20   Fry's.  In his van were found pry tools and gloves.  It's clear

21   that the defendant and his associates had with them bolt cutters

22   when they went to Fry's.  It is inferential that they did have

23   special inside knowledge, because they were there the only

24   morning of the year when there's no one present and when the

25   surveillance system did not operate.

26          It is a matter of good police work and luck that he

27   was caught.  And when he was caught, when he was seen leaving by

28   Officer Adams, his behavior was frighteningly dangerous.  He

1    engaged in high-speed travel from the very beginning.  He crashed
2    through barriers.  He ran red lights.  He ran stop signs.  He
3    nearly collided with a civilian driver in a small truck on
4    El Cajon Boulevard.
5          He continued to drive at very high speeds.  He swerved
6    violently and dangerously at Officer Fields in a crime that is
7    whisker close to attempted murder.  He continued to drive at high
8    speeds.  He turned and went the wrong direction on a very busy
9    interstate, Interstate 8, and for a period of nearly an hour he
10   put in danger the lives of not only several police officers, but
11   several completely innocent drivers and their passengers on
12   Christmas Day in 1999.
13         At the trial -- or as we proceeded towards trial, the
14   defendant engaged in actions that reflect clearly on his
15   character, and that's an important factor in deciding whether to
16   strike any strike.  And he showed us much about his character.
17   He just plain lied to the Court when he asked to have counsel
18   reinstated, saying that he was -- that he'd suffered from
19   schizophrenia.  There just is no indication that he has suffered
20   from schizophrenia.  And, in fact, there is a significant medical
21   history in the court -- in the recently received Court's exhibit
22   that show some relation to bipolarness -- bipolar disorder, some
23   relation to PCP ingestion and paranoia, but not psychosis.
24         He lied throughout the trial, shamelessly lied
25   throughout the trial, and he was contemptuous of the Court's
26   order to answer questions, and contemptuous, quite frankly, of
27   his counsel's imploring to answer questions.
28         From the probation officer's report, "The defendant

PEOPLE VS. DANIELS

1   continues to deny any responsibility in any of the crimes for

2   which he stands convicted."  In his statement to the probation

3   officer, somehow he thinks that because two of his buddies got

4   away with it he shouldn't be punished.  That's silly.

5          We know he has not just a number of criminal

6   convictions, but one conviction for escape.  In his 1994

7   conviction, his behavior was similar and similarly dangerous to

8   the behavior for which he's before this Court.  There was a

9   burglary.  There was flight.  There was theft of a laptop

10  computer.  He had in his possession bolt cutters.  There was a

11  long and dangerous flight from police officers.

12         He denies now any psychological problems.  The

13  probation officer says there's not even a 654 issue with regard

14  to these crimes, and the issue with regard to consecutive

15  punishment, when there are prior strikes involved, is much

16  narrower than a 654 analysis.  The defendant has eight felony

17  priors and has been to prison six times.  He wasn't quite still

18  on parole when this crime was committed.  He was released from

19  prison in November 1995.  Now, it appears that maybe he served an

20  abbreviated period of parole, but under normal circumstances he

21  would have been on parole until November 1999.  This crime

22  occurred in December 1999.  So there is no real indication of an

23  interruption in his criminal career.

24         The letters in support of his character are either or

25  all of the following:  uninformed, naive, or misleading.  And

26  they provide no assistance to the Court.

27         In the recently received Court's exhibit regarding his

28  most recent prison commitment, the probation report indicates

PEOPLE VS. DANIELS

1    that he drove at speeds in excess of 85 miles an hour on city

2    streets and on highways, that he nearly collided with a police

3    cruiser, that he showed no remorse.

4              They opined that he is deeply entwined in the criminal

5    element.  In a 1993 parole report, it indicates that the

6    defendant has absconded from parole.  There it indicates that he

7    nearly hit Officer Lee on one occasion, driving during that --

8    during the chase for his last conviction, and that he forced

9    several officers to the shoulder of the road.

10             The 1983 probation report, also included in that

11   exhibit, indicates that the defendant was positively identified

12   shortly after the crime by the victims and witnesses.  In that

13   report, it indicates that as early as 1975, his criminal activity

14   included the association with possession of deadly weapons.  And

15   in that report, with great prescience, the probation officer

16   noted that the defendant is seen as a danger to society and

17   should be removed from society for the longest possible time.

18             In the probation report from 1990, associated with his

19   transportation of narcotics conviction, it notes that not only

20   did he have narcotics, but he had in his possession a .45 caliber

21   pistol, that that offense involved 76.88 grams of rock cocaine,

22   that in the car were burglary tools and nearly $2,000 in cash.

23   And the defendant stated it was all his.

24             In the plea transcript -- the change of plea

25   transcript from his 1994 last prison commitment, which is present

26   in that Court's exhibit, the judge took great effort to explain

27   to this defendant that the People of the State of California had

28   recently enacted a "three strikes" law and that he had strikes,

1  and that it was likely if he committed any crimes in the future

2  that he would spend the rest of his life in prison.

3          We urge the Court strongly not to strike any strikes.

4  I disagree -- though I recognize that I have less expertise than

5  the Court in this area, I disagree with the Court's initial

6  statement that there are only two separate criminal acts.  I

7  think there are five separate criminal acts.  But, you know, so

8  long as he spends a very long period of determinate -- of

9  proscribed time, not less than 55 years, and is eligible to

10 be denied probation and spend the rest of his life in prison,

11 then I think justice will be served.  I ask the Court to

12 contribute to justice and to make sure that this man is removed

13 from society for a very long period of time.

14         Thank you.

15     THE COURT:  I think I did misspeak, and as I looked at the

16 crimes and the facts related to these crimes, I did see that

17 there were four counts that could have run consecutively to each

18 other.  Okay.

19         Counsel, I'm going to take a brief recess.  What I'd

20 like to do is just review these documents that have just been

21 handed to me.

22     MS. BOLDEN:  Yes, your Honor.

23     THE COURT:  They've now been marked as Court's exhibit

24 number 4.

25     MS. BOLDEN:  Thank you, your Honor.

26         (Court's Exhibit number 4 was marked for

27 identification.)

28     THE BAILIFF:  Remain seated and come to order.  This court

PEOPLE VS. DANIELS

1    is again in session.

2    THE COURT:  We're back on the record now in the case of

3    People versus Ted Daniels, case number SCD149951.

4    The Court has had a chance to read, review, and

5    consider the Court's exhibit number 4, the documents from the

6    Department of Corrections.

7    First of all, in this case, the Court must address

8    Mr. Daniels' motion for a new trial, brought personally by

9    Mr. Daniels, on the basis of ineffective assistance of counsel

10   and prejudice by the Court.  In this matter, the Court has had a

11   chance to preside over several Marsden motions.  I read the

12   transcript of the Marsden motion held before Judge Kintner as it

13   related to Mr. Gulley.  I heard an extension of that Marsden

14   motion at the time I reappointed the Public Defender's office to

15   represent Mr. Daniels the second day of trial in this case --

16   that is, the original trial, and I believe Mr. Daniels raised

17   three more Marsden motions with respect to Ms. Bolden.

18   In this matter, there is no doubt in my mind that

19   Ms. Bolden is a very strong woman.  A very strong person.  I do

20   note that in one of the Marsden motions, Mr. Daniels accused

21   Ms. Bolden of sharing confidential discussions with Mr. Vienna,

22   and that is when Ms. Bolden informed the Court that she has a

23   very loud voice.  And I agreed with that --

24   MS. BOLDEN:  I do.

25   THE COURT:  -- and the situation is that Ms. Bolden happened

26   to be speaking to Mr. Daniels in court in the presence of

27   Mr. Vienna and in the presence of court staff.  But the

28   information that was shared by Mr. Daniels and Ms. Bolden did not

1     reflect any abuse of a confidential privilege.

2            Additionally, in this matter, Mr. Daniels, make no

3     mistake about it:  I'm the one who made the decision on the

4     bifurcation.  Ms. Bolden had nothing to do with that decision.

5     It was preliminarily made during the course of the first trial

6     back in March, and that was before Ms. Bolden even came onto this

7     case as reappointed counsel.  So I made the decision as to

8     bifurcation in this matter.  It was to be a conditional

9     bifurcation unless you took the stand.  When you took the stand,

10    it was this Court's determination that I would not bifurcate the

11    priors trial from the underlying charges.

12           Additionally, Mr. Daniels, I told you in the <u>Marsden</u>

13    motion that you were not guaranteed a personal relationship with

14    your attorney.  You were only guaranteed competent counsel.

15    Based upon what I have seen of Ms. Bolden's performance in this

16    matter, she has performed admirably, extremely competently --

17         MS. BOLDEN:  Thank you.

18         THE COURT:  -- and very effectively.  In fact, Mr. Daniels,

19    this is one of those cases that had I not heard the evidence

20    through testimony of the witnesses who took the stand over a

21    number of days, I might have been persuaded by Ms. Bolden to

22    strike some of the strikes.  She made a very compelling

23    argument.  She argued with conviction before the jury.

24           Unfortunately for you, sir, she was arguing the facts

25    as you presented them on the stand, which facts I did not

26    believe, which facts the jury did not believe.  However, had I

27    not heard those facts personally from the mouths of the

28    witnesses, this might be a different story and I might have,

PEOPLE VS. DANIELS

1   then, perhaps considered striking the strike.  All I can say in

2   this matter is that based upon what I have seen, Ms. Bolden has

3   performed admirably as a defense counsel.  She has been extremely

4   effective.  There has been no showing of incompetence in this

5   matter.

6           Furthermore, based upon what I've seen in the <u>Marsden</u>

7   motions, based upon what I saw here in court, it is this Court's

8   belief that Ms. Bolden is a woman of strong moral character.

9       MS. BOLDEN:  Thank you.

10      THE COURT:  She takes it very personally that she is under

11  an oath, an ethical obligation, in this matter and that she has

12  abided by those ethical obligations, including the obligation of

13  counsel not to participate in acts of perjury here in the

14  courtroom.  And I say that because of the strength of the

15  People's case.  This was an extremely strong case from a factual

16  position.

17          Additionally, Mr. Daniels, as Ms. Bolden indicated to

18  you, you were the only witness who took the stand with one set of

19  facts.  All of the other witnesses corroborated each other and

20  identified you as the perpetrator.

21          Additionally, I do not know what the expert had to

22  offer in this case, except that he had been retained by you prior

23  to Ms. Bolden coming onto this case.

24          With respect to prejudice by the Court, I may not have

25  liked you as a person, sir, but my legal determinations are not

26  based on whether I like someone or not.  I don't know many of the

27  people or most of the people who appear before me because I've

28  never met them before.  However, that did not cause me to rule on

PEOPLE VS. DANIELS

933

1    this matter any differently than I would have on any other case.

2    You tried my patience.   I tried to be patient in this case, but

3    that does not mean that I was prejudiced against you in this

4    case.   My decisions, I believe, were based upon the law as I

5    interpret them, not, perhaps, as you might have interpreted them

6    from your lay standard and your lay bases.

7              In this case, then, the Court will deny Mr. Daniels'

8    personal motion for a new trial.

9              Additionally, then, at this time the Court perhaps

10   should have noted that as I viewed the facts in this matter, it.

11   did appear to arise out of two separate sets of operative facts.

12   There is no doubt that Mr. Daniels was convicted beyond a

13   reasonable doubt of five separate counts, and that that was

14   proven beyond a reasonable doubt.   That is unquestioned.

15             It is this Court's belief that the burglary occurred

16   out of one set of operative facts; that the evading the peace

17   officer with wanton and reckless disregard for the safety of

18   persons and property and the three assaults could be argued to

19   have occurred out of another set of separate operative facts.   I

20   could run Counts 1, 3, 4, and 5 consecutively to each other, but

21   I will not do that.

22             Ms. Bolden has requested that I strike the strikes as

23   to all or some of the counts in this matter.   I've had a chance

24   to review, read or consider a number of cases in this matter, but

25   more specifically I did read and re-read the cases of People

26   versus Superior Court, that is the Romero decision, 1996, found

27   at 13 Cal.4th 497, and the Williams case.   And I don't have that

28   citation.

1      The Court, in ruling on strike offenses, does not have

2  unfettered discretion.  I have what the court's call guided

3  discretion subject to appellate review.  Perhaps if I had

4  unfettered discretion I might rule otherwise.  I don't know.  I'm

5  not even going to go into that, because I'm guided by guided

6  discretion, factors set down by the court in various court

7  cases.  I have reviewed those factors and I'd like to just

8  discuss those for the record at this time.  And these apply to

9  all counts, because it is not the Court's intention to strike the

10  strikes as to any count in this case.

11      The Court has looked into this matter to see whether

12  due process would require the Court to strike a strike for any of

13  these counts.  The Court does not find that due process of law

14  factors into this decision, and there is no basis for due process

15  of law striking of a strike.

16      The Court has also looked at equal protection of the

17  law.  The Court does not find this to be applicable, and

18  therefore I cannot strike any of the strikes under equal

19  protection of the law.

20      The Court has looked at the punishment in this case

21  under the "three strikes" law, the Court having come to the

22  conclusion that there are at least two sets of separate operative

23  facts, and whether the sentence would be cruel and unusual

24  punishment.  The Court cannot say at this time that it would be

25  cruel and unusual punishment, and I will not be striking any of

26  the strikes as a result of that factor.

27      The Court has looked at the factor as to whether a

28  sentence under the "three strikes" law would be unjust.  I cannot

1    say, based upon defendant's prior history or the facts of this

2    case, that a sentence imposed under the "three strikes" law would

3    be unjust, and therefore I will not be striking any of the

4    strikes.

5            The Court has looked to the factor of interest of

6    society and the fair prosecution of cases.  In this instant case,

7    the Court does note that there were three separate violent

8    acts -- at least serious felonies -- as a result of the assaults

9    with a deadly weapon, that being a car.  These are, in fact,

10   serious crimes, but they are violent in nature.  Therefore, that

11   is not a factor the Court will be considering in this matter.

12           The Court has also looked at defendant's background

13   and his character.  I have made some individualized

14   considerations.  I have looked at defendant's age.  Mr. Daniels

15   is now 44 years old.  However, it does appear that he has had an

16   unabated criminal record, starting at the age of 19.  And that is

17   a factor that would cause this Court not to strike the strikes.

18           These individualized considerations are being taken as

19   a whole in considering defendant's background and character, but

20   I did want to let counsel know what factors I had considered.

21           I have considered Mr. Daniels' family status.

22   Mr. Daniels is married at this time and he has two young

23   children.  However, Mr. Daniels was married in 1989, according to

24   his probation report, to his current wife, Renee Daniels.  The

25   Court notes that even if married and while married, Mr. Daniels

26   nevertheless committed the crimes in 1994 and in 1990, so the

27   fact that Mr. Daniels is married had no impact on his criminal

28   behavior.  That would be a factor that would lead the Court to

1  believe that that is not a relevant consideration for striking a
2  strike.
3        The Court does note defendant's employment history.
4  Mr. Daniels does indicate that he's owned his own business since
5  release from prison in 1996, but that has only been about five
6  years, and we really don't know the nature of that business.
7  Mr. Vienna has indicated he had requested some information about
8  that business, whether it was, perhaps, a bona fide business, an
9  ongoing business, something that is profitable.  No evidence has
10  been tendered thus far.  That is not a consideration the Court
11  can use to strike the strikes in this matter.  Someone saying
12  that they work and own a business is not enough for this Court.
13  And even if I had that information, it might not play a
14  significant part in the Court's decision.
15        The Court has looked at defendant's education.
16  Mr. Daniels has completed 12th grade and has attended two
17  vocational schools, but that is neither here nor there.  That is
18  not a factor that compels the Court to act in a certain way.
19        The Court has also considered the fact that
20  Mr. Daniels does have three dependents:  his wife, and two minor
21  daughters, ages seven and ten years old.  However, in this
22  matter, notwithstanding the fact that Mr. Daniels has minor
23  children, he has continued to reoffend, and had at least the
24  ten-year-old at the time he committed the 1994 crimes.  So that
25  is not a factor the Court is inclined to consider as a mitigating
26  circumstance.
27        Mental faculties.  Defendant denies the psychiatric
28  history.  While Ms. Bolden guesses or has guessed that perhaps

1  Mr. Daniels suffers from bipolar disorder, that has not been

2  confirmed.  That is only, perhaps, an educated guess.

3  Mr. Daniels informed the Court on March 13th, when he

4  asked for reappointment of counsel, that he suffered from

5  long-standing schizophrenia and he had been diagnosed with

6  schizophrenia.  I found no evidence of that in any of the

7  Department of Corrections records.

8  Additionally, the Court does note that he has on

9  occasion taken psychopharmacological medications, such as I

10  believe it was Sinequan, which I believe at the time it was

11  raised on March 13th of this year, the Court took out and

12  reviewed the PDR description of Sinequan which indicates it's

13  generally administered for depression.  So this factor is neither

14  here nor there.  It is not something the Court is giving any

15  heavy weight to.

16  The Court has considered medical problems, but it is

17  Mr. Daniels who has complained of high blood pressure and lower

18  back problems.  So do a lot of other people, and that is not a

19  significant factor.

20  Substance abuse.  Mr. Daniels told the probation

21  officer he last used marijuana and that he used it on an

22  on-and-off basis until 1992.  I do note that on one of the

23  probation reports in Court's Exhibit number 4, Mr. Daniels did

24  indicate he was ingesting marijuana on a daily basis.  But we

25  have no knowledge about his more recent substance abuse.  I do

26  note, also, that there was another psychological evaluation

27  somewhere here in the packet, and I don't have it marked, but the

28  diagnosis indicated a substance abuse rather than other types of

1   emotional disorders or personality disorders.  No evidence of any

2   matters.

3         The Court also notes that Mr. Daniels indicates to the

4   probation officer that he last used cocaine in 1985.  Therefore,

5   by his own admission he does not have a substance abuse problem

6   that perhaps might have exacerbated his thought processes in

7   becoming involved in this crime.

8         The Court has considered gang affiliations, and

9   Mr. Daniels has denied gang affiliations.

10         The Court has also considered the factor as to a

11   law-abiding future.  The Court does note, in reviewing the

12   probation officer's report, as well as Court's Exhibit number 4,

13   that Mr. Daniels has been involved in crimes for over 25 years,

14   and this is notwithstanding the strike priors which occurred back

15   in 1984.  It has been an unabated criminal record.

16         This Court sees Mr. Daniels as an opportunist in the

17   best light, and someone with an antisocial personality disorder

18   at the very worst, and I don't know what it is because we don't

19   have a psychological evaluation.  I have only a layman's

20   understanding of psychiatry and psychology.  But much of what

21   I've seen exhibited by Mr. Daniels, including the manipulation,

22   the conning, the lack of truthfulness, the lack of empathy, all

23   indicate to me that perhaps these might be antisocial features of

24   a personality disorder, if not antisocial personality disorder.

25   I don't know and I'm not going to guess.  That has not played a

26   part in my mind.

27         The only thing I know, however, is that because of

28   defendant's involvement in criminal activity for the last 25

1  years, based upon this activity, based upon the fact that in 1994

2  the judge at the time of defendant's plea did give him the

3  warning that this was a "three strikes" matter, and did warn him

4  that he was looking at life imprisonment on any new case, leads

5  the Court to believe that Mr. Daniels cannot live a law-abiding

6  life if he's released.  So that is one of the factors that I have

7  considered in this matter.

8       I considered the factor of treatment and

9  rehabilitation.  None is indicated at this time.

10      Those were among the factors that I considered in

11  exploring the defendant's background and character, and all these

12  factors lead the Court to believe that this is not a case that

13  would lead the Court to strike any of the strikes as to any other

14  counts.

15      The Court has also explored the nature of the current

16  offense.  This includes the nature and seriousness of these

17  offenses.  The Court does find that the 2800.2 was egregious.

18  The Court does find that there were three separate acts of

19  assault with a deadly weapon on officers, and that the assault on

20  Officer Fields was aggravated.  In fact, that was the most

21  aggravated assault on any of the three officers.

22      As to the victims of vulnerability, the Court does

23  note that Fry's Electronics was closed on Christmas Day and there

24  were no security measures.  It is very well and very possible

25  that this was an inside job.  But that does not excuse

26  Mr. Daniels' participation in this crime and it does not make the

27  victim any less vulnerable.

28      The Court also notes that with respect to 2800.2,

PEOPLE VS. DANIELS

1    respect to 2800.2 and the ADWs, he was the sole actor, and that
2    is a fact the Court has considered in determining the current
3    nature of the offense.
4        Was this an unusual circumstance unlikely to occur in
5    the future?  The Court finds that this is an aggravating
6    circumstance.  There was nothing unusual about this matter that
7    indicates to the Court it would not happen again.  In fact, this
8    appears to be a replay of Mr. Daniels' 1994 crime of burglary and
9    felony evasion.  This now has happened twice.  I see it happening
10   again if Mr. Daniels is released.
11       Was this a sophisticated and professional crime?  The
12   Court does note, as I mentioned earlier, the timing of the
13   burglary, Christmas morning, when there was no security, and the
14   fact that racks were brought to the victim's premises does show
15   criminal sophistication and professionalism.
16       Whether there was a position of trust that was
17   violated, that is not applicable.
18       The Court does note, then, that these are factors the
19   Court has considered in the nature of the current offense.  All
20   of these factors the Court has considered gravitate toward
21   aggravation and reasons why the Court should not be striking
22   these offenses.
23       The Court has also considered the nature of the prior
24   offenses.  I think that is laid out in the probation officer's
25   report.  I will not articulate that for the record.  That is set
26   forth on pages 4 and 5 of the probation officer's report.  The
27   nature of the prior offenses is a factor that leads the Court to
28   determine that this is not an appropriate case for the Court

1    striking the strikes.

2          The next fact is whether the prior crimes involved

3    acts of violence.   There is no doubt that this is a "three

4    strikes" case because of the prior acts of violence.   There were

5    two separate counts of robbery against two different victims,

6    although arising out of the same occasion.   The Court does note

7    that Mr. Daniels was sentenced to concurrent sentences.   PC 654

8    did not apply in that case.   And I think as, perhaps, Mr. Vienna

9    either argued or alluded to, Mr. Daniels is, perhaps, a poster

10   boy as to why we need the "three strikes" law.

11         The Court has looked at the age of the prior

12   convictions.   And, yes, while the last conviction was in 1994 for

13   similar charges, and Mr. Daniels was released in 1996, the Court

14   does note that this record, however, goes back in excess of

15   25 years.   This is a factor that leads the Court to believe it

16   should not strike the strikes.

17         There is another factor, the factor of whether there

18   was a close factual legal relationship between one or more prior

19   convictions.   In this matter, with respect to the two prior

20   robberies, even though there was a close factual and legal

21   relationship, the Court finds that defendant's convictions for

22   two separate counts of robbery are distinguished from the Benson

23   case.   And that factual basis is set forth in People versus

24   Benson, 1998, found at 18 Cal.4th 24.   This was a case that

25   talked about multiple convictions arising from a single act and

26   the imposition of Penal Code section 654 sentences.   The Court

27   finds that defendant's two prior robberies did not come within

28   the discussion of the Benson case.

1         The Court also considered whether the defendant's
2    prior convictions reflect a single period of aberrant behavior.
3    Clearly not.
4         And, Counsel, then, these are some of the factors that
5    I have considered in determining whether or not I should strike
6    the strikes for any or all of the counts, and these factors have
7    all led the Court to believe that although I perhaps may have
8    wished to do so, I cannot do so legally, and that is what I meant
9    earlier; that I had an inclination as to what I wanted to do and
10   I didn't know if I could do it.  I don't think I can do it
11   legally.  I could do it illegally, but I'm not going to do that
12   because I would easily be overturned on appeal.  And that's why I
13   went through these:  Is there some legal basis for me to strike
14   the strikes?  And guided by the cases which have come down on
15   "three strikes," I just can't do it.  There is no legal basis for
16   it.
17        Therefore, the defendant's motion to strike both
18   strikes as to one or more counts is denied at this time.
19        The Court in this case has indicated that it does
20   appear to this Court that the offenses occurred out of two
21   separate sets of operative facts; that the burglary occurred out
22   of one set of operative facts, and that Counts 2, 3, 4, and 5
23   occurred out of the second set and separate set of operative
24   facts.
25        Mr. Daniels, burglary is quite different from
26   robbery.  In robbery, one of the elements is the asportation of
27   property, and that is why the courts have ruled that until a
28   defendant has reached safe haven and is asportating that

PEOPLE VS. DANIELS

1    property, there is one continuing course of conduct.  The robbery

2    in this case was completed with the entry into Fry's Electronics.

3         The robbery was completed as you and the others left

4    the premises in the van.  While temporally Counts 2, 3, 4, and 5

5    occurred within a short period of time of Count 1, the Court, in

6    analyzing the situation, determines that they all arose out of a

7    second set of operative facts.

8         And, Mr. Daniels is now 45 years old.  It does appear

9    to this Court that the minimum sentence the Court can impose

10   under these circumstances is going to be 55 years, and I decided

11   it was no use running the other terms consecutively.

12        So what I will do at this time as to Count 1, I will

13   impose a life term, a minimum of 25 years.  As to Count 2, I will

14   impose a term of life, minimum of 25 years, but I will stay that

15   pursuant to Penal Code section 654, because I am imposing a life

16   term on Count 5, a minimum of 25 years, to run consecutively to

17   Count 1, and it must run full-strength consecutive.

18        I will impose life terms on Counts 3 and 4, minimum of

19   25 years as to Counts 3 and 4, but I will run those terms

20   concurrently with Count 5.

21        I am required by law to add an additional five years

22   for the serious felony prior, within the meaning of Penal Code

23   section 667(a).

24        I will, using the Court's discretion, strike the

25   prison priors 1, 2, 4, and 5, realizing that I am imposing a life

26   commitment on this case.  Adding those determinate sentences

27   would have no useful effect.  It would not in any way reduce his

28   sentence.  It might only aggravate him.  But he's going to be

1    serving 55 actual years, with no conduct credits.

2    Additionally, then, the Court is not imposing a prison

3    term for the third alleged prison prior for the convictions of

4    Penal Code section 211, because I am imposing the serious felony

5    prior.  So 654 would apply in that case.

6    At this time, then, Mr. Daniels, you will now be

7    committed to Department of Corrections State Prison for Men for

8    the term of life, a minimum of 55 years, custody credits of --

9    PROBATION OFFICER GARCIA:  Your Honor, there is a correction

10   in the custody credits.

11   THE COURT:  Yes.  Madam Probation Officer, could you please

12   identify yourself for the record.

13   PROBATION OFFICER GARCIA:  Allison Garcia for Probation.

14   On the report, it's listed that they're 2933.1

15   credits, and according to the records it should be 4019 credits.

16   So it should be a total of 501 actual credits, 250 PC 4019

17   credits, for a total of 751.

18   THE COURT:  My information is that Mr. Daniels at this time

19   is not entitled to any conduct credits on this commitment.

20   Ms. Bolden or Mr. Vienna, can you elucidate on that

21   matter?  Do you know?

22   MR. VIENNA:  I agree with the Court.

23   MS. BOLDEN:  I would have to submit.

24   THE COURT:  If I'm wrong, Department of Corrections will

25   notify me and I can give Mr. Daniels those credits back, and I

26   will do so on an ex parte basis.  But I do not believe he is

27   entitled to any conduct credits at this time.

28   Therefore, then, total custody credits of 501 actual

PEOPLE VS. DANIELS

1    days.

2         I am required, Mr. Daniels, in this case to impose two

3    separate restitution fines.  They are pursuant to Penal Code

4    sections 1202.4 and 1202.45.  Each fine in this case shall be in

5    the amount of $10,000.  The first is due and payable forthwith or

6    as provided under Penal Code section 2085.5, through prison wages

7    and income.  The second fine will be suspended and will remain so

8    unless your parole in this case is ever revoked.

9         Mr. Daniels, it is my duty to advise you of your

10   appeal rights.  You have the absolute right to appeal from the

11   judgment of this Court in imposing sentence on you today.  That

12   means if you wish to appeal, you must file written notice of your

13   intention to appeal within 60 days from today.  An appeal not

14   filed within 60 days shall be void and of no effect.  The notice

15   must be in writing, signed by you or your attorney or both of

16   you.  It must specify what you are appealing from, whether it is

17   the whole judgment or just part of the judgment.

18        If you appeal and you do not have the financial

19   ability to retain the services of an attorney to represent you on

20   appeal, the appellate authorities will appoint counsel to

21   represent you.  In that regard, it is your obligation to keep the

22   appellate authorities advised at all times of your current

23   residing address so that they can be in touch with you to advise

24   you of your appointed counsel.

25        Anything further for the record?

26   MR. VIENNA:  Nothing from the People.

27   MS. BOLDEN:  No, your Honor.  Thank you.

28   THE COURT:  Thank you very much.

1    THE DEFENDANT:  Your Honor, I'd like to file my appeal now

2  with the court.

3    THE COURT:  You may.

4    THE DEFENDANT:  I have an original copy here and a copy for

5  myself, your Honor.  Get that stamped.

6         (The proceedings concluded.)

7                    * * *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   STATE OF CALIFORNIA)

2                       :

3   COUNTY OF SAN DIEGO)

4

5           THE PEOPLE OF THE STATE OF CALIFORNIA

6                       VS.

7               TED DARNELL DANIELS

8               Case No. SCD149951

9

10          I, David J. Gonzalez, an official reporter for the

11  Superior Court of the State of California, in and for the County

12  of San Diego, do hereby certify:

13

            That as such reporter, I reported stenographically the

    proceedings had in the above-entitled cause, and that the

16  foregoing transcript, consisting of pages numbered from 905 to

17  947, inclusive, is a full, true, and correct transcription of my

18  shorthand notes taken during the proceedings had on July 27,

19  2001.

20

21          Dated at San Diego, California, this 30th day of July,

22  2001.

23

24

25          _____

26          David J. Gonzalez

27          Official Court Reporter

28

PEOPLE VS. DANIELS

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Ted Darnell Daniels**

FILING FEE PAID
Yes ☐  No ☐
IFP MOTION FILED
Yes ☐
COPIES SENT TO
Court ☐

**Almager, et al**

**FILED**
MAY 2 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED   Imperial
PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Ted Darnell Daniels
PO Box 911
Imperial, CA 92251
T-23705**

**ATTORNEYS (IF KNOWN)**

**'08 CV 0961 IEG NLS**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)                    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE    Docket Number

DATE    5/29/2008    SIGNATURE OF ATTORNEY OF RECORD
R. Muller